WILLARD K. TOM
General Counsel

EMILY COPE BURTON
eburton@ftc.gov
SHAMEKA L. GAINEY
sgainey@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
202-326-2728 (Burton)
202-326-2570 (Gainey)
202-326-3395 (Fax)

BLAINE T. WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Civil Action No._____ |
| Plaintiff, | ) |
| v. | ) [PROPOSED] |
| IVY CAPITAL, INC., a Nevada Corporation; | ) *EX PARTE* TEMPORARY RESTRAINING ORDER |
| Defendants, and | ) |
| CHERRYTREE HOLDINGS, LLC, a Nevada Limited Liability Corporation; | ) |
| Relief Defendants. | ) |
| | ) [FILED UNDER SEAL] |

1

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b and applied for a temporary restraining order with asset freeze and for an order to show cause why a preliminary injunction should not issue pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65(b), and the Court having considered the Complaint, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction of all parties hereto and that venue in this district is proper;

2. There is good cause to believe that Defendants Ivy Capital, Inc.; Fortune Learning System, LLC; Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC; Business Development Division, LLC; Nevada Corporate Division, Inc.; Corporate Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC; Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3 Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial; ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt Holdings, LLC; Revsynergy, LLC; Sell It Vizions, LLC; Kyle G. Kirschbaum; John H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J. Sonnenberg; James G. Hanchett; and Joshua F. Wickman have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, and that the FTC is therefore likely to

prevail on the merits of this action;

3. There is good cause to believe that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5 of the FTC Act and the TSR unless Defendants are restrained and enjoined by Order of this Court;

4. There is good cause to believe that Defendants transferred substantial amounts of money they obtained from consumers to Relief Defendants Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins and Relief Defendants have no legitimate claim to those funds;

5. There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers, including monetary restitution, rescission or refunds, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or records if Defendants are provided with advance notice of this Order, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. There is thus good cause for relieving the FTC of the duty to provide Defendants with prior notice of the FTC's application;

6. Good cause exists for (a) the appointment of a Temporary Receiver over Corporate Defendants; (b) the freezing of Defendants' and Relief Defendants' assets; and (c) the ancillary relief ordered below;

7. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a Temporary Receiver, and other equitable relief is in the public interest. The FTC is an independent agency of the United States of America and no security is required of

1  any agency of the United States for the issuance of a temporary restraining order.

2  Fed. R. Civ. P. 65(c).

3  **DEFINITIONS**

4  For the purpose of this Temporary Restraining Order ("Order"), the following definitions

5  shall apply:

6  1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real,

7  personal, or intellectual property including, but not limited to, chattel, goods,

8  instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts,

9  mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts,

10  credits, receivables (as those terms are defined in the Uniform Commercial Code),

11  cash, trusts, including but not limited to asset protection trusts, and reserve funds or

12  other accounts associated with any payments processed on behalf of any Defendant,

13  including, but not limited to, such reserve funds held by a payment processor, credit

14  card processor, or bank.

15  2. **"Assisting others"** includes knowingly providing any of the following goods or

16  services to another entity: (1) performing customer service functions, including, but

17  not limited to, charging consumers for products or services, or receiving or

18  responding to consumer complaints; (2) formulating or providing, or arranging for the

19  formulation or provision of, any promotional material; (3) providing names of, or

20  assisting in the generation of, potential customers; or (4) performing promotional or

21  marketing services of any kind, including but not limited to, creating, hosting, or

22  maintaining websites, or recruiting affiliates; or (5) processing credit and debit card

23  payments.

24  3. **"Corporate Defendants"** means Ivy Capital, Inc.; Fortune Learning System, LLC;

25  Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC; Business

4

Development Division, LLC; Nevada Corporate Division, Inc.; Corporate Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC; Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3 Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial; ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt Holdings, LLC; Revsynergy, LLC; Sell It Vizions, LLC; and their successors, assigns, affiliates or subsidiaries.

4. **"Corporate Relief Defendants"** means Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; and their successors, assigns, affiliates or subsidiaries.

5. **"Defendants"** means (a) each Corporate Defendant; (b) each Individual Defendant; and (c) each Relief Defendant. Furthermore, any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of any Corporate Defendant, any Individual Defendant, or any Relief Defendant, and any person or entity in active concert or participation with any of the foregoing who receives actual notice of this Order by personal service or otherwise, is bound to comply with this Order, *see* Fed.R.Civ.P. 65(d), whether these persons or entities are acting directly or through a trust, corporation, subsidiary, division, or other device.

6. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten

notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. **"Individual Defendants"** means Kyle G. Kirschbaum; John H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J. Sonnenberg; James G. Hanchett; and Joshua F. Wickman.

8. "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

9. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

10. "**Plaintiff**" or **"Commission"** or **"FTC"** means the Federal Trade Commission.

11. **"Receiver"** means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

12. **"Receivership Defendants"** means the Corporate Defendants.

13. **"Relief Defendants"** means Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins.

14. **"Representatives"** means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

15. "**Telemarketing**" means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, Corporate Defendants, Individual Defendants, and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby temporarily restrained and enjoined from**:

    **A.** Making, or assisting others in making, any false or misleading statement or representation of material fact, including, but not limited to:

        **1.** Representing, directly or indirectly, expressly or by implication that:

            **a.** consumers who purchase and use Defendants' business coaching program are likely to earn substantial income from their Internet business endeavors; and

            **b.** purchasers' Internet businesses will generate income equal to or greater than the amount they paid to purchase the program within six months;

        **2.** Representing, directly or indirectly, expressly or by implication, that:

            **a.** Defendants will provide the services necessary for consumers to establish successful Internet businesses, including coaching sessions, online resources, and website design and development, for six months, or until purchasers recoup their initial investment; and

      **b.** Defendants will provide numerous other products and services relating to the business coaching program;

**B.** Failing to disclose, or disclose adequately, to consumers material aspects of Defendants' refund policy, including that:

      **1.** consumers must request a refund within three days; and

      **2.** consumers must sign a "non-disparagement" agreement in order to receive a refund; and

      **3.** representing, directly or indirectly, expressly or by implication, that Defendants will provide a refund to consumers who request one within three days.

## II.

## PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Corporate Defendants, Individual Defendants, and their Representatives **are hereby temporarily restrained and enjoined from** engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

**A.** Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature or essential characteristics of their products and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), such as:

      **1.** consumers who purchase and use Defendants' business coaching program are likely to earn substantial income from their Internet business endeavors;

      **2.** purchasers' Internet businesses will generate income equal to or greater than the amount they paid to purchase the program within six months;

8

3. Defendants will provide the services necessary for consumers to establish successful Internet businesses, including coaching sessions, online resources, and website design and development, for six months, or until purchasers recoup their initial investment; and

4. Defendants will provide numerous other products and services relating to the business coaching program;

B. Failing to disclose, or disclose adequately, in a clear and conspicuous manner, all material terms and conditions of Defendants' refund policy, in violation of Section 310.3(a)(1)(iii) of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that:

1. consumers must request a refund within three days after purchase; and

2. consumers must sign a "non-disparagement" agreement in order to receive a refund;

C. Misrepresenting, directly or by implication, in the sale of their business coaching program and related upsell products and services, material aspects of the nature and terms of Defendants' refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), including that they will provide a refund to consumer who request one within three days;

D. Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry ("DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

1. the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

2. the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of Defendants; and

**E.** Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby temporarily restrained and enjoined** from:

**A.** Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, but wherever located, including outside the United States, that are:

1. owned or controlled, in whole or in part by any Defendant;

2. held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

3. in the actual or constructive possession of any Defendant;

4. held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants;

5. owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection

10

trust, or other entity that is directly or indirectly owned, managed, controlled

by any of the Defendants, or of which any Defendant is an officer, director,

member, or manager. This includes, but is not limited to, any assets held by,

for, or subject to access by, any of the Defendants at any bank or savings and

loan institution, or with any broker-dealer, escrow agent, title company,

commodity trading company, precious metal dealer, or other financial

institution or depository of any kind; or

      **6.** held in any account for which any Defendant is an authorized signer.

      **B.** Opening or causing to be opened, unless accompanied by counsel for the Commission, any safe deposit boxes titled in the name of any Defendant, either individually or jointly, or subject to access by any Defendant;

      **C.** Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

      **D.** Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

      **E.** Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant, Corporate Relief Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes, but is not limited to, any corporate bank or credit card account for which any Defendant is an authorized signor.

      **IT IS FURTHER ORDERED** that the assets affected by this Section shall include assets (a) existing as of the date this Order was entered, or (b) acquired by any Defendant

following entry of this Order, if such assets are derived from the conduct alleged in the
Commission's Complaint.

## IV.

## DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card
processing company, payment processor, merchant bank, acquiring bank, business entity, or
person who receives actual notice of this Order (by personal service or otherwise) that (a) holds,
controls, or maintains custody of any account or asset of any Defendant, (b) holds, controls, or
maintains custody of any asset associated with credit or debit card charges made on behalf of any
Defendant, including but not limited to, reserve funds held by payment processors, or (c) has
held, controlled, or maintained custody of any such account or asset at any time since the date of
entry of this Order shall:

**A.** Hold and retain within its control and prohibit the withdrawal, removal, assignment,
transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, sale, or
other disposal of any such asset except by further order of this Court;

**B.** Deny any person, except the Receiver acting pursuant to Section XII of this Order
access to any safe deposit box that is:

**1.** titled in the name of any Defendant, either individually or jointly; or

**2.** otherwise subject to access by any Defendant;

**C.** Provide the FTC's counsel, within three (3) business days of receiving a copy of this
Order, a sworn statement setting forth:

**1.** the identification number of each account or asset:

**a)** titled in the name, individually or jointly, of any of the Defendants;

**b)** held on behalf of, or for the benefit of, any of the Defendants; or

c) associated with credit or debit card charges made on behalf of any of the Defendants;

2. the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

**D.** Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Defendant, within two (2) days of service of this Order upon them, shall prepare and deliver to counsel for the Commission and to the Receiver completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee.

13

The financial statements shall be accurate as of the date of entry of this Order. Each Defendant shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or (c) under the direct or indirect control of such Defendant.

## VI.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within ten (10) days following the service of this Order, each Defendant shall:

**A.** Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity for the benefit of any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

**B.** Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries which are: (1) titled in the name individually or jointly of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under the direct or indirect control of any Defendant, whether jointly or singly; and

**C.** Provide the Commission access to all records of accounts or assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

## VII.

## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby

14

temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VI of this Order, including, but not limited to:

**A.** Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VI of this Order; or

**B.** Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section VI of this Order.

## VIII.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant to the counsel for the Commission.

## IX.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

**A.** destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing
of, in any manner, directly or indirectly, documents that relate to the business, business practices,
assets, or business or personal finances of any Defendant; and

**B.** failing to create and maintain documents that, in reasonable detail, accurately, fairly, and
completely reflect Defendants' incomes, disbursements, transactions, and use of money.

## X.
## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION
## OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting
directly or through any entity, corporation, subsidiary, division, director, manager, member,
affiliate, independent contractor, accountant, financial advisor, or other device, are hereby
temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise
disclosing the name, address, telephone number, credit card number, bank account number, e-
mail address, or other identifying information of any person who paid money to the Defendants
for products or services, or who were contacted or are on a list to be contacted by the
Defendants; provided that the Defendants may disclose such identifying information to a law
enforcement agency or as required by any law, regulation, or court order.

## XI.

## APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Rob Evans & Associates          is appointed
temporary receiver for the Receivership Defendants. The Receiver shall be the agent of this
Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver
shall be accountable directly to this Court.

16

## XII.

## RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

**A.** Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

**B.** Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

**C.** Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and

17

1    compensation of each such employee or agent; (4) photographing and video taping any or all

2    portions of the location; (5) securing the location by changing the locks and disconnecting any

3    computer modems or other means of access to the computer or other records maintained at that

4    location; and (6) requiring any persons present on the premises at the time this Order is served to

5    leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the

6    satisfaction of the Receiver that such persons are not removing from the premises documents or

7    assets of the Receivership Defendants. Law enforcement personnel, including, but not limited

8    to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep

9    the peace and maintain security. If requested by the Receiver, the United States Marshal will

10    provide appropriate and necessary assistance to the Receiver to implement this Order and is

11    authorized to use any necessary and reasonable force to do so;

12    **D.**    Conserve, hold, and manage all assets of the Receivership Defendants, and

13    perform all acts necessary or advisable to preserve the value of those assets in order to prevent

14    any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants,

15    including, but not limited to, obtaining an accounting of the assets and preventing the

16    unauthorized transfer, withdrawal, or misapplication of assets;

17    **E.**    Enter into and cancel contracts, and purchase insurance as advisable or necessary;

18    **F.**    Prevent the inequitable distribution of assets and determine, adjust, and protect

19    the interests of consumers and creditors who have transacted business with the Receivership

20    Defendants;

21    **G.**    Manage and administer the business of the Receivership Defendants until further

22    order of this Court by performing all incidental acts that the Receiver deems to be advisable or

23    necessary, which includes but is not limited to retaining, hiring, or dismissing any employees,

24    independent contractors, or agents;

25

**H.** Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Defendants;

**I.** Take all steps necessary to ensure that any of Defendants' web pages or websites relating to business coaching and related upsell products and services cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

**J.** Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

**K.** Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

**L.** Suspend business operations of the Receivership Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

**M.** Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

**N.** Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve

1    the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to

2    carry out the Receiver's mandate under this Order;

3         **O.**    Issue subpoenas to obtain documents and records pertaining to the Receivership,

4    and conduct discovery in this action on behalf of the Receivership estate;

5         **P.**    Open one or more bank accounts as designated depositories for funds of the

6    Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in

7    such a designated account and shall make all payments and disbursements from the Receivership

8    estate from such an account. The Receiver shall serve copies of monthly account statements on

9    all parties;

10        **Q.**    Maintain accurate records of all receipts and expenditures incurred as Receiver;

11   and

12        **R.**    Cooperate with reasonable requests for information or assistance from any state or

13   federal law enforcement agency.

14                                              **XIII.**

15           **TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

16        **IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person,

17   with possession, custody or control of property of or records relating to the Receivership

18   Defendants shall upon notice of this Order by personal service or otherwise immediately notify

19   the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver

20   to the Receiver possession, custody, and control of, the following:

21        **A.** All assets of the Receivership Defendants;

22        **B.** All documents of the Receivership Defendants, including, but not limited to, books

23   and records of accounts, all financial and accounting records, balance sheets, income statements,

24   bank records (including monthly statements, canceled checks, records of wire transfers, and

25   check registers), client lists, title documents and other papers;

1         **C.** All computers and data in whatever form used to conduct the business of the

2 Receivership Defendants;

3         **D.** All assets belonging to other persons or entities whose interests are now under the

4 direction, possession, custody, or control of, the Receivership Defendants; and

5         **E.** All keys, codes, and passwords necessary to gain or to secure access to any assets or

6 documents of the Receivership Defendants, including, but not limited to, access to their business

7 premises, means of communication, accounts, computer systems, or other property.

8     In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to

9 comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-

10 Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without

11 additional process or demand, Writs of Possession or Sequestration or other equitable writs

12 requested by the Receiver. The writs shall authorize and direct the United States Marshal or any

13 sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to

14 seize the asset, document, or other item covered by this Section and to deliver it to the Receiver.

15 **XIV.**

16 **PROVISION OF INFORMATION TO RECEIVER**

17     **IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, immediately

18 upon request, the following:

19         **A.**     A list of all assets and property, including accounts, of the Receivership

20 Defendants that are held in any name other than the name of a Receivership Defendant, or by any

21 person or entity other than a Receivership Defendant; and

22         **B.**     A list of all agents, employees, officers, servants or those persons in active

23 concert and participation with the Individual Defendants and Receivership Defendants, who have

24 been associated or done business with the Receivership Defendants.

25

21

## XV.

## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets of the Receivership Defendants. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all common carriers, third-party billing agents, including but not limited to, payment processors, and other telecommunications companies, that have transacted business with the Receivership Defendants.

## XVI.

## INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives, corporations, subsidiaries, divisions, or affiliates, are hereby restrained and enjoined from directly or indirectly:

    **A.** Interfering with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this Receivership;

    **B.** Transacting any of the business of the Receivership Defendants;

22

**C.** Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver; and

**D.** Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.

### STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the Receivership ordered herein, Defendants, their Representatives, corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants, including, but not limited to:

**A.** Petitioning, or assisting in the filing of a petition, that would cause any Receivership Defendant to be placed in bankruptcy;

**B.** Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

**C.** Filing or enforcing any lien on any asset of the Receivership Defendants, taking or attempting to take possession, custody, or control of any asset of the Receivership Defendants; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership

23

1  Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or

2  otherwise; or

3       **D.** Initiating any other process or proceeding that would interfere with the Receiver

4  managing or taking custody, control, or possession of, the assets or documents subject to this

5  receivership.

6  *Provided that*, this Order does not stay: (i) the commencement or continuation of a criminal

7  action or proceeding; (ii) the commencement or continuation of an action or proceeding by a

8  governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the

9  enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by

10  a governmental unit to enforce such governmental unit's police or regulatory power.

11  **XVIII.**

12  **COMPENSATION OF RECEIVER**

13       **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

14  as herein authorized, including counsel to the Receiver and accountants, are entitled to

15  reasonable compensation for the performance of duties pursuant to this Order and for the cost of

16  actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession

17  or control of, or which may be received by, the Receivership Defendants. The Receiver shall file

18  with the Court and serve on the parties periodic requests for the payment of such reasonable

19  compensation, with the first such request filed no more than sixty (60) days after the date of

20  entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such

21  fee applications without prior approval of the Court.

22  **XIX.**

23  **RECEIVER'S BOND**

24       **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

25  bond in the sum of $10,000.00      with sureties to be approved by the Court, conditioned that the

24

1   Receiver will well and truly perform the duties of the office and abide by and perform all acts the

2   Court directs.  28 U.S.C. § 754.

3                                            XX.

4               ACCESS TO BUSINESS OFFICES AND RECORDS

5       **IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver

6   to preserve assets and evidence relevant to this action, and to expedite discovery, Plaintiff and

7   Receiver, and their representatives, agents, and assistants, shall have immediate access to the

8   business premises of the Receivership Defendants.  Such locations include, but are not limited to:

9   3027 East Sunset Road, Suites 106, 201, 202, 203, 204, and 205, Las Vegas, Nevada; 826 East

10  State Road, Suite 210, American Fork, Utah; 1875 South State Street, Suites T300 and T400,

11  Orem, Utah; and 3130 South Harbor Boulevard, Suites 150 and 170, Santa Ana, California.  The

12  Commission and the Receiver, and their representatives, agents, and assistants, are authorized to

13  employ the assistance of the U.S. Marshal's office and other law enforcement officers as they

14  deem necessary to effect service and to implement peacefully the provisions of this Order.  The

15  Commission and the Receiver, and their representatives, agents, and assistants, are authorized to

16  remove documents from the Receivership Defendants' premises in order that they may be

17  inspected, inventoried, and copied for the purpose of preserving discoverable material in

18  connection with this action, following which they will be returned to the premises from which

19  they were removed.

20      Furthermore, the Receiver shall allow the Defendants reasonable access to the premises

21  and business records of the Receivership Defendants within his possession for the purpose of

22  inspecting and copying materials relevant to this action.  The Receiver shall have the discretion

23  to determine the time, manner, and reasonable conditions of such access.

24

25

## XXI.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, in anticipation of the preliminary injunction hearing in this matter, the Commission and the Receiver are authorized to conduct expedited discovery concerning Defendants' assets and the location of business records in accordance with the following provisions:

**A.** The Commission and the Receiver may take the depositions of parties and non-parties. Forty-eight (48) hours notice shall be sufficient notice for such depositions;

**B.** The Commission and the Receiver may serve upon parties requests for production of documents or inspection that require production or inspection within five (5) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service;

**C.** The Commission and the Receiver may serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and depositions may be taken by telephone, Skype, or other remote electronic means; and

**D.** Any Discovery taken pursuant to this Order is in addition to, and is not subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.

## XXII.

## NONINTERFERENCE WITH CONSUMER WITNESSES

**IT IS FURTHER ORDERED** that:

**A.** Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the intimidation and

26

noncooperation of consumer witnesses, or in the hindrance of the expedited discovery required by Section XXI of this Order, including, but not limited to:

      **i.** Requiring consumers seeking a refund to sign an agreement preventing them from providing information about Corporate Defendants or sharing their experiences with Corporate Defendants.

      **ii.** Enforcing such agreements; and

      **iii.** Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in the intimidation or noncooperation of consumers or potential witnesses;

**B.** Consumers may cooperate with the FTC and the Receiver without regard to any existing agreement preventing consumers from communicating with outside parties about Corporate Defendants.

## XXIII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client company, servant, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIV.
### SERVICE ON FINANCIAL INSTITUTIONS, ENTITIES OR PERSONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXV.
### GENERAL SERVICE OF ORDER

**IT IS FURTHER ORDERED** that pursuant to Rule 4 (c)(2), Fed. R. Civ. P., this Order and the initial papers filed in this matter may be served on Defendants, upon the business premises of Defendants, and upon any financial institution or other entity or person that may have possession, custody or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order, by employees of the FTC, by employees of any other law enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by Plaintiff.

## XXVI.
### CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Emily Cope Burton
Shameka L. Gainey
Federal Trade Commission
600 Pennsylvania Avenue NW, Maildrop 286
Washington, DC 20580
FAX: 202-326-3395
Email: eburton@ftc.gov, sgainey@ftc.gov

## XXVII.

## PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court on the 4th day of March, 2011, at the hour of 9:30 am , to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Commission's Complaint, continuing the freeze of their assets, continuing the Receivership, and imposing such additional relief as may be appropriate.

## XXVIII.

## DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that except as ordered by this Court, this Temporary Restraining Order shall expire within forteen (14) days from the date of entry noted below, as computed by Rule 6, Fed. R. Civ. P., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) days or unless it is further extended pursuant to Federal Rule of Civil Procedure 65 or by stipulation of counsel.

## XXIX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED:**

_____

The Honorable  JAMES C. MAHAN __

UNITED STATES DISTRICT JUDGE

DATED: February 22, 2011 at 3:00 p.m.

OPPOSITION is due by February 28, 2011.

REPLY is due by March 2, 2011.

Emily Cope Burton
Shameka L. Gainey
Federal Trade Commission
600 Pennsylvania Avenue NW, Maildrop 286
Washington, DC 20580
FAX: 202-326-3395
Email: eburton@ftc.gov, sgainey@ftc.gov

## XXVII.

## PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court on ___ day of _____, 2011, at _____ o'clock ___.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Commission's Complaint, continuing the freeze of their assets, continuing the Receivership, and imposing such additional relief as may be appropriate.

## XXVIII.

## DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that except as ordered by this Court, this Temporary Restraining Order shall expire within fourteen (14) days from the date of entry noted below, as computed by Rule 6, Fed. R. Civ. P., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) days or unless it is further extended pursuant to Federal Rule of Civil Procedure 65 or by stipulation of counsel.

## XXIX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**:

_____

The Honorable _____

UNITED STATES DISTRICT JUDGE

DATED: _____

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment A**

### BACKGROUND INFORMATION

<u>Item 1.</u>      **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address _____ Rent or Own? _____ From/Until _____

Address _____ Rent or Own? _____ From/Until _____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used _____

<u>Item 2.</u>      **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own? _____ Telephone No. _____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

<u>Item 3.</u>      **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

<u>Item 4.</u>      **Contact Information**

Page 2                                                      Initials _____

**Attachment A**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.**      **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**      **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.**      **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

**Item 7. continued**

         **Attachment A**          Initials _____

Income Received:  This year-to-date:  $_____          _____:  $_____

                    20____:  $_____          _____:  $_____

                   _____:  $_____          _____:  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____:  $_____

                    20____:  $_____          _____:  $_____

                   _____:  $_____          _____:  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____:  $_____

                    20____:  $_____          _____:  $_____

                   _____:  $_____          _____:  $_____

## Item 8.    Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 9.    Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.  (List

**Attachment A**    Initials _____

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

### Item 10.          Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

### Item 11.          Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

**Attachment A**

## FINANCIAL INFORMATION:  ASSETS AND LIABILITIES

**REMINDER:  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

<u>**Item 12.**</u>          **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____          Cash Held For Your Benefit  $_____

| <u>Name on Account</u> | <u>Name & Address of Financial Institution</u> | <u>Account No.</u> | <u>Current Balance</u> |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>**Item 13.**</u>          **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| <u>Name on Account</u> | <u>Type of Obligation</u> | <u>Security Amount</u> | <u>Maturity Date</u> |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>**Item 14.**</u>      **Publicly Traded Securities and Loans Secured by Them**

Initials _____

**Attachment A**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▶Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▶Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

### Item 15.      Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▶Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▶Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

### Item 16.      Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▶Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▶Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

### Item 17.      Other Amounts Owed to You, Your Spouse, or Your Dependents

Page 7                              **Attachment A**                    Initials _____

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

### Item 18.        Life Insurance Policies

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

### Item 19.        Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans. 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

### Item 20.        Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

**Attachment A**                      Initials _____

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 21.    Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 21.  Continued

▸Vehicle Type _____ Make _____ Model _____ Year _____

Page 9                                    Initials _____

**Attachment A**

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.**     **Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**     **Credit Cards**

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

         **Attachment A**          Initials _____

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 24.     Taxes Payable

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

## Item 25.     Judgments or Settlements Owed

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address _____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Page 11

**Attachment A**

Initials _____

<u>**Item 26.**</u>     **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

▸Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

<u>**Item 27.**</u>     **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| <u>Tax Year</u> | <u>Name(s) on Return</u> | <u>Refund Expected</u> |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |

<u>**Item 28.**</u>     **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| <u>Name(s) on Application</u> | <u>Name & Address of Lender</u> |
|---|---|
| | |
| | |
| | |

<u>**Item 29.**</u>     **Trusts and Escrows**

Page 12

**Attachment A**

Initials _____

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.**     **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Page 13

Initials _____

**Attachment A**

## SUMMARY FINANCIAL SCHEDULES

<u>**Item 31.**</u>     **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $ _____ | Credit Cards (Item 23) | $ _____ |
| Cash in Financial Institutions (Item 12) | $ _____ | Motor Vehicles - Liens (Item 21) | $ _____ |
| U.S. Government Securities (Item 13) | $ _____ | Real Property - Encumbrances (Item 22) | $ _____ |
| Publicly Traded Securities (Item 14) | $ _____ | Loans Against Publicly Traded Securities (Item 14) | $ _____ |
| Other Business Interests (Item 15) | $ _____ | Taxes Payable (Item 24) | $ _____ |
| Judgments or Settlements Owed to You (Item 16) | $ _____ | Judgments or Settlements Owed (Item 25) | $ _____ |
| Other Amounts Owed to You (Item 17) | $ _____ | Other Loans and Liabilities (Item 26) | $ _____ |
| Surrender Value of Life Insurance (Item 18) | $ _____ | | |
| Deferred Income Arrangements (Item 19) | $ _____ | Other Liabilities (Itemize) | |
| Personal Property (Item 20) | $ _____ | _____ | $ _____ |
| Motor Vehicles (Item 21) | $ _____ | _____ | $ _____ |
| Real Property (Item 22) | $ _____ | _____ | $ _____ |
| | | _____ | $ _____ |
| Other Assets (Itemize) | | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| Total Assets | $ _____ | Total Liabilities | $ _____ |

Initials _____

**Attachment A**

<u>Item 32.</u>     **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| <u>INCOME</u> | | <u>EXPENSES</u> | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | <u>Other Expenses</u> (Itemize) | |
| <u>Other Income</u> (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Page 15                                                                Initials _____

**Attachment A**

# ATTACHMENTS

## Item 33.  Documents Attached to this Financial Statement

List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |

 

 

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                          Signature

Initials _____

**Attachment A**

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.    Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.    In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.    When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.    Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

5.    Type or print legibly.

6.    An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment B**

# BACKGROUND INFORMATION

**Item 1.**      **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**      **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**      **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Page  2

Initials _____

**Attachment B**

<u>Item 4.</u>        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<u>Name & Address</u>                                                              <u>% Owned</u>

_____        _____

_____        _____

_____        _____

_____        _____


<u>Item 5.</u>        **Board Members**

List all members of the corporation's Board of Directors.

<u>Name & Address</u>                                      <u>% Owned</u>   <u>Term (From/Until)</u>

_____        _____   _____

_____        _____   _____

_____        _____   _____

_____        _____   _____

_____        _____   _____


<u>Item 6.</u>        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                                              <u>% Owned</u>

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Page 3                                                          Initials _____

**Attachment B**

**Item 7.**  **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**  **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**  **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Initials _____

**Attachment B**

## Item 10.    Outside Accountants

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

## Item 11.    Corporation's Recordkeeping

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

## Item 12.    Attorneys

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Page 5

Initials _____

**Attachment B**

<u>Item 13.</u>    **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Page 6                                                        Initials _____

**Attachment B**

<u>Item 14.</u>          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Attachment B**

### Item 15.      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

### Item 16.          **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

### Item 17.      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

### Item 18.      **Financial Statements**

Initials _____

**Attachment B**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

### Item 19.     Financial Summary

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

|                      | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|----------------------|----------------------|------------|-------------|-------------|
| Gross Revenue        | $                    | $          | $           | $           |
| Expenses             | $                    | $          | $           | $           |
| Net Profit After Taxes | $                  | $          | $           | $           |
| Payables             | $                    |            |             |             |
| Receivables          | $                    |            |             |             |

### Item 20.     Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____    Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |

### Item 21.     Government Obligations and Publicly Traded Securities

Initials _____

**Attachment B**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

## Item 22.     Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 23.     Other Assets

**Attachment B**     Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |

## Item 24.  Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |
| | | $_____ |

## Item 25.  Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Page 11

Initials _____

**Attachment B**

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____


**Item 26.**    **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

**Item 27.**    **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Page 12                                                  Initials _____

**Attachment B**

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.     Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

## Item 29.     Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
| --- | --- | --- | --- | --- |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

## Item 30.     Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Initials _____

**Attachment B**

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**      **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 32.**      **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document Relates To      Description of Document

Initials _____

**Attachment B**

_____
_____
_____
_____
_____
_____
_____
_____
_____

    I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____      _____
(Date)                Signature

                _____
                Corporate Position

    Initials _____

**Attachment B**

## ATTACHMENT C
## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, do hereby direct any bank, savings and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls or maintains custody of assets, wherever located that are owned or controlled by me or at which I have an account of any kind, or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of *Federal Trade Commission v. Ivy Capital, Inc.; Fortune Learning System, LLC; Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC; Business Development Division, LLC; Nevada Corporate Division, Inc.; Corporate Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC; Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3 Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial; ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt Holdings, LLC; Revsynergy, LLC; Sell It Vizions, LLC; Kyle G. Kirschbaum; John H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J. Sonnenberg; James G. Hanchett; Joshua F. Wickman; Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins*, Civ. No._____, now pending in the United States District Court for

**Attachment C**

the District of Nevada, and this shall be irrevocable authority for so doing.

      This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated: _____       _____

                                       [Signature]

                                     _____

                                     [Print Name]

**Attachment C**