1  EMILY COPE BURTON
2  eburton@ftc.gov
   SHAMEKA L. GAINEY
3  sgainey@ftc.gov
   ROBERT G. SCHOSHINSKI
4  rschoshinski@ftc.gov
   Federal Trade Commission
5  600 Pennsylvania Avenue, NW, H-286
   Washington, DC 20580
6  202-326-2728 (Burton)
   202-326-2570 (Gainey)
7  202-326-3219 (Schoshinski)
   202-326-3395 (Fax)
8

9  BLAINE T.WELSH
   blaine.welsh@usdoj.gov
10 Assistant United States Attorney
   Nevada Bar No. 4790
11 333 Las Vegas Blvd. South, Suite 5000
   Las Vegas, NV 89101
12 702-388-6336
   702-388-6787 (Fax)
13

14 Attorneys for Plaintiff Federal Trade Commission

15                    **UNITED STATES DISTRICT COURT**
16                        **DISTRICT OF NEVADA**

17  FEDERAL TRADE COMMISSION,          )  Case No. 2:11-cv-00283-JCM-
                                       )  GWF
18          Plaintiff,                 )
                                       )
19  v.                                 )
                                       )
20  IVY CAPITAL, INC., a Nevada Corporation;  )  **PRELIMINARY INJUNCTION**
                                       )
21          Defendants, and            )
                                       )
22                                     )
    CHERRYTREE HOLDINGS, LLC, a Nevada )
23  Limited Liability Corporation;     )
                                       )
24          Relief Defendants.         )
                                       )
25                                     )

1

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b and applied for an *ex parte* temporary restraining order with asset freeze and receiver and for an order to show cause why a preliminary injunction should not issue pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65(b).  This Court having considered the Complaint, declarations, exhibits, and memoranda, entered a Temporary Restraining Order, including an asset freeze and receiver, on February 22, 2011.  The Court, having conducted a hearing to show cause why a preliminary injunction should not issue and having considered the Complaint, declarations, exhibits, memoranda, and oral argument presented by the parties, makes the following findings of fact and conclusions of law:

**FINDINGS**

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction of all parties hereto and that venue in this district is proper;

2. There is good cause to believe that Defendants Ivy Capital, Inc.; Fortune Learning System, LLC; Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC; Business Development Division, LLC; Nevada Corporate Division, Inc.; Corporate Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC; Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3 Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial; ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt Holdings, LLC; Revsynergy, LLC; Sell It Vizions, LLC; Kyle G. Kirschbaum; John H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J.

Sonnenberg; James G. Hanchett; and Joshua F. Wickman have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action;

3. There is good cause to believe that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5 of the FTC Act and the TSR unless Defendants are preliminarily enjoined by Order of this Court;

4. There is good cause to believe that Defendants transferred substantial amounts of money they obtained from consumers to Relief Defendants Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins and Relief Defendants have no legitimate claim to those funds;

5. Good cause exists for (a) the continued appointment of a Receiver over Corporate Defendants; (b) the freezing of Defendants' and Relief Defendants' assets; and (c) the ancillary relief ordered below;

6. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, the appointment of a Receiver, and other equitable relief is in the public interest.  The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for the issuance of a preliminary injunction.  Fed. R. Civ. P.  65(c).

## **DEFINITIONS**

For the purpose of this Preliminary Injunction ("Order"), the following definitions shall apply:

1.  "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

2.  "**Assisting others**" includes knowingly providing any of the following goods or services to another entity:  (1) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing promotional or marketing services of any kind, including but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (5) processing credit and debit card payments.

3.   "**Corporate Defendants**" means Ivy Capital, Inc.; Fortune Learning System, LLC; Fortune Learning, LLC; Vianet, Inc.; Enrich Wealth Group, LLC; Business Development Division, LLC; Nevada Corporate Division, Inc.; Corporate Credit Division, LLC; Credit Repair Division, LLC; Tax Planning Division, LLC; Zyzac Commerce Solutions, Inc.; The Shipper, LLC d/b/a Wholesalematch.com; 3 Day MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; Dream Financial; ICI Development, Inc.; Ivy Capital, LLC; Logic Solutions, LLC; Oxford Debt Holdings,

LLC; Revsynergy, LLC; Sell It Vizions, LLC; and their successors, assigns, affiliates or subsidiaries.

4. "**Corporate Relief Defendants**" means Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; and their successors, assigns, affiliates or subsidiaries.

5. "**Defendants**" means (a) each Corporate Defendant; (b) each Individual Defendant; and (c) each Relief Defendant.  Furthermore, any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of any Corporate Defendant, any Individual Defendant, or any Relief Defendant, and any person or entity in active concert or participation with any of the foregoing who receives actual notice of this Order by personal service or otherwise, is bound to comply with this Order, *see* Fed.R.Civ.P. 65(d), whether these persons or entities are acting directly or through a trust, corporation, subsidiary, division, or other device.

6. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7.  **"Individual Defendants"** means Kyle G. Kirschbaum; John H. Harrison; Steven E. Lyman; Benjamin E. Hoskins; Christopher M. Zelig; Steven J. Sonnenberg; James G. Hanchett; and Joshua F. Wickman.

8.  "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

9.  "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

10. "**Plaintiff**" or **"Commission"** or **"FTC"** means the Federal Trade Commission.

11. "**Receiver**" means the receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the receiver.

12. "**Receivership Defendants**" means the Corporate Defendants.

13. "**Relief Defendants**" means Cherrytree Holdings, LLC; Oxford Financial, LLC; S&T Time, LLC; Virtucon, LLC; Curva, LLC; Mowab, Inc.; Kierston Kirschbaum; Melyna Harrison; Tracy Lyman; and Leanne Hoskins.

14. "**Representatives**" means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

15. "**Telemarketing**" means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

**ORDER**

**I.**

**PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, Corporate Defendants, Individual Defendants, and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member,  affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby preliminarily restrained and enjoined from**:

    **A.**  Making, or assisting others in making, any false or misleading statement or representation of material fact, including, but not limited to:

        **1.**  Representing, directly or indirectly, expressly or by implication that:

            **a.**  consumers who purchase and use Defendants' business coaching program are likely to earn substantial income from their Internet business endeavors; and

            **b.**  purchasers' Internet businesses will generate income equal to or greater than the amount they paid to purchase the program within six months;

        **2.**  Representing, directly or indirectly, expressly or by implication, that:

            **a.**  Defendants will provide the services necessary for consumers to establish successful Internet businesses, including coaching sessions, online resources, and website design and development, for six months, or until purchasers recoup their initial investment; and

            **b.**  Defendants will provide numerous other products and services relating to the business coaching program; and

**3.**   Representing, directly or indirectly, expressly or by implication, that Defendants will provide a refund to consumers who request one within three days;

**B.**   Failing to disclose, or disclose adequately, to consumers material aspects of Defendants' refund policy, including that:

**1.**   consumers must request a refund within three days; and

**2.**   consumers must sign a "non-disparagement" agreement in order to receive a refund.

**II.**

**PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES**

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Corporate Defendants, Individual Defendants, and their Representatives **are hereby preliminarily restrained and enjoined from** engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

**A.**   Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature or essential characteristics of their products and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), such as:

**1.**   consumers who purchase and use Defendants' business coaching program are likely to earn substantial income from their Internet business endeavors;

**2.**   purchasers' Internet businesses will generate income equal to or greater than the amount they paid to purchase the program within six months;

**3.** Defendants will provide the services necessary for consumers to establish successful Internet businesses, including coaching sessions, online resources, and website design and development, for six months, or until purchasers recoup their initial investment; and

**4.** Defendants will provide numerous other products and services relating to the business coaching program;

**B.** Failing to disclose, or disclose adequately, in a clear and conspicuous manner, all material terms and conditions of Defendants' refund policy, in violation of Section 310.3(a)(1)(iii) of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that:

**1.** consumers must request a refund within three days after purchase; and

**2.** consumers must sign a "non-disparagement" agreement in order to receive a refund;

**C.** Misrepresenting, directly or by implication, in the sale of their business coaching program and related upsell products and services, material aspects of the nature and terms of Defendants' refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), including that they will provide a refund to consumers who request one within three days;

**D.** Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry ("DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

**1.** the seller has obtained the express agreement, in writing, of such person to place calls to that person.  Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

**2.** the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of Defendants; and

**E.** Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

**III.**

**ASSET FREEZE**

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby preliminarily restrained and enjoined** from:

**A.** Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, but wherever located, including outside the United States, that are:

**1.** owned or controlled, in whole or in part by any Defendant;

**2.** held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

**3.** in the actual or constructive possession of any Defendant;

**4.** held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants;

**5.** owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection

10

trust, or other entity that is directly or indirectly owned, managed, controlled by any of the Defendants, or of which any Defendant is an officer, director, member, or manager.  This includes, but is not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind; or

**6.**  held in any account for which any Defendant is an authorized signer.

**B.**  Opening or causing to be opened, unless accompanied by counsel for the Commission, any safe deposit boxes titled in the name of any Defendant, either individually or jointly, or subject to access by any Defendant;

**C.**  Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

**D.**  Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

**E.**  Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant, Corporate Relief Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes, but is not limited to, any corporate bank or credit card account for which any Defendant is an authorized signor.

**IT IS FURTHER ORDERED** that the assets affected by this Section shall include assets (a) existing as of the date this Order was entered, or (b) acquired by any Defendant

following entry of this Order, if such assets are derived from the conduct alleged in the Commission's Complaint.

## IV.

## DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processing company, payment processor, merchant bank, acquiring bank, business entity, or person who receives actual notice of this Order (by personal service or otherwise) that (a) holds, controls, or maintains custody of any account or asset of any Defendant, (b) holds, controls, or maintains custody of any asset associated with credit or debit card charges made on behalf of any Defendant, including but not limited to, reserve funds held by payment processors, or (c) has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order shall:

    **A.** Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, sale, or other disposal of any such asset except by further order of this Court;

    **B.** Deny any person, except the Receiver acting pursuant to Section XII of this Order access to any safe deposit box that is:

        **1.** titled in the name of any Defendant, either individually or jointly; or

        **2.** otherwise subject to access by any Defendant;

    **C.** Provide the FTC's counsel, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

        **1.** the identification number of each account or asset:

            **a)** titled in the name, individually or jointly, of any of the Defendants;

            **b)** held on behalf of, or for the benefit of, any of the Defendants; or

       **c)**   associated with credit or debit card charges made on behalf of any of the Defendants;

   **2.**   the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

   **3.**   the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

   **D.**  Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.

## FINANCIAL STATEMENTS

   **IT IS FURTHER ORDERED** that each Defendant, within two (2) days of service of this Order upon them, shall prepare and deliver to counsel for the Commission and to the Receiver completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee.

The financial statements shall be accurate as of the date of entry of this Order.  Each Defendant shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are:  (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or (c) under the direct or indirect control of such Defendant.

*Provided* that a Defendant does not have to provide any such information identified by this Section V if (1) the Defendant has already provided such information pursuant to Section V of the Temporary Restraining Order; and (2) the information provided has not changed.

## VI.

### REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within three (3) days following the service of this Order, each Defendant shall:

**A.**  Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity for the benefit of any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

**B.**  Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries which are:  (1) titled in the name individually or jointly of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under the direct or indirect control of any Defendant, whether jointly or singly; and

**C.**  Provide the Commission access to all records of accounts or assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

*Provided* that a Defendant does not have to provide information, documents, or release identified by this Section VI if (1) the Defendant has already provided such information, documents, or release pursuant to Section VI of the Temporary Restraining Order; and (2) the information provided or contained in the document or release has not changed.

## VII.

### NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VI of this Order, including, but not limited to:

**A.** Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VI of this Order; or

**B.** Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section VI of this Order.

## VIII.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant to the counsel for the Commission.

## IX.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from:

**A.** destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, documents that relate to the business, business practices, assets, or business or personal finances of any Defendant; and

**B.** failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of money.

## X.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-

mail address, or other identifying information of any person who paid money to the Defendants for products or services, or who were contacted or are on a list to be contacted by the Defendants; provided that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XI.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Robb Evans & Associates, previously appointed as temporary receiver for the Receivership Defendants, shall continue as Receiver for the Receivership Defendants during the pendency of this action. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.

## XII.

## RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

**A.**     Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

**B.**     Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants.  The Receiver shall assume control over the income and profits

therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

**C.** Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

**D.** Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants,

including, but not limited to, obtaining an accounting of the assets and preventing the unauthorized transfer, withdrawal, or misapplication of assets;

      **E.**      Enter into and cancel contracts, and purchase insurance as advisable or necessary;

      **F.**      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

      **G.**      Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents;

      **H.**      Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Defendants;

      **I.**      Take all steps necessary to ensure that any of Defendants' web pages or websites relating to business coaching and related upsell products and services cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

      **J.**      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

      **K.**      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

**L.**   Suspend business operations of the Receivership Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

**M.**   Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

**N.**   Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

**O.**   Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

**P.**   Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

**Q.**   Maintain accurate records of all receipts and expenditures incurred as Receiver; and

**R.**   Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## XIII.

## TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person, with possession, custody or control of property of or records relating to the Receivership Defendants shall upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

**A.** All assets of the Receivership Defendants;

**B.** All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

**C.** All computers and data in whatever form used to conduct the business of the Receivership Defendants;

**D.** All assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants; and

**E.** All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any

sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to

seize the asset, document, or other item covered by this Section and to deliver it to the Receiver.

## XIV.

### PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, immediately

upon request, the following:

    **A.**    A list of all assets and property, including accounts, of the Receivership

Defendants that are held in any name other than the name of a Receivership Defendant, or by any

person or entity other than a Receivership Defendant; and

    **B.**    A list of all agents, employees, officers, servants or those persons in active

concert and participation with the Individual Defendants and Receivership Defendants, who have

been associated or done business with the Receivership Defendants.

## XV.

### COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other

person served with a copy of this Order shall fully cooperate with and assist the Receiver in

taking and maintaining possession, custody, or control of the assets of the Receivership

Defendants.  This cooperation and assistance shall include, but not be limited to: providing

information to the Receiver that the Receiver deems necessary in order to exercise the authority

and discharge the responsibilities of the Receiver under this Order; providing any password

required to access any computer, electronic file, or telephonic data in any medium; advising all

persons who owe money to the Receivership Defendants that all debts should be paid directly to

the Receiver; and transferring funds at the Receiver's direction and producing records related to

the assets and sales of the Receivership Defendants.  The entities obligated to cooperate with the

Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and

loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all common carriers, third-party billing agents, including but not limited to, payment processors, and other telecommunications companies, that have transacted business with the Receivership Defendants.

## XVI.

## INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives, corporations, subsidiaries, divisions, or affiliates, are hereby restrained and enjoined from directly or indirectly:

**A.**  Interfering with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this Receivership;

**B.**  Transacting any of the business of the Receivership Defendants;

**C.**  Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver; and

**D.**  Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.

## STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the Receivership ordered herein, Defendants, their Representatives, corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from

taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants, including, but not limited to:

  **A.** Petitioning, or assisting in the filing of a petition, that would cause any Receivership Defendant to be placed in bankruptcy;

  **B.** Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

  **C.** Filing or enforcing any lien on any asset of the Receivership Defendants, taking or attempting to take possession, custody, or control of any asset of the Receivership Defendants; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

  **D.** Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the assets or documents subject to this receivership.

*Provided that*, this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**XVIII.**

**COMPENSATION OF RECEIVER**

  **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to

24

reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.

## RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XX.

## ACCESS TO BUSINESS OFFICES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver to preserve assets and evidence relevant to this action, and to expedite discovery, Plaintiff and Receiver, and their representatives, agents, and assistants, shall continue to have access to the business premises of the Receivership Defendants.  Such locations include, but are not limited to: 3027 East Sunset Road, Suites 106, 201, 202, 203, 204, and 205, Las Vegas, Nevada; 3015 East Sunset Road, Las Vegas, Nevada; 826 East State Road, Suite 210, American Fork, Utah; 1875 South State Street, Suites T300 and T400, Orem, Utah; 251 River Park Drive, Suite 325, Provo, Utah; and 3130 South Harbor Boulevard, Suites 150 and 170, Santa Ana, California.  The Commission and the Receiver, and their representatives, agents, and assistants, are authorized to remove documents from the Receivership Defendants' premises in order that they may be

inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action, following which they will be returned to the premises from which they were removed.

Furthermore, the Receiver shall allow the Defendants reasonable access to the premises and business records of the Receivership Defendants within his possession for the purpose of inspecting and copying materials relevant to this action.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XXI.

## NONINTERFERENCE WITH CONSUMER WITNESSES

**IT IS FURTHER ORDERED** that:

**A.** Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, that may result in the intimidation and noncooperation of consumer witnesses, including, but not limited to:

> **i.** Requiring consumers seeking a refund to sign an agreement preventing them from providing information about Corporate Defendants or sharing their experiences with Corporate Defendants.
>
> **ii.** Enforcing such agreements; and
>
> **iii.** Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in the intimidation or noncooperation of consumers or potential witnesses;

**B.** Consumers may cooperate with the FTC and the Receiver without regard to any existing agreement preventing consumers from communicating with outside parties about Corporate Defendants.

## XXII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client company, servant, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII.
## SERVICE ON FINANCIAL INSTITUTIONS, ENTITIES OR PERSONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.

## GENERAL SERVICE OF ORDER

**IT IS FURTHER ORDERED** that pursuant to Rule 4 (c)(2), Fed. R. Civ. P., this Order and the initial papers filed in this matter may be served on Defendants, upon the business

premises of Defendants, and upon any financial institution or other entity or person that may

have possession, custody or control of any documents or assets of any Defendant, or that may be

subject to any provision of this Order, by employees of the FTC, by employees of any other law

enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by

Plaintiff.

## XXV.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed to:

> Emily Cope Burton
> Shameka L. Gainey
> Robert G. Schoshinski
> Federal Trade Commission
> 600 Pennsylvania Avenue NW, Maildrop 286
> Washington, DC 20580
> FAX: 202-326-3395
> Email: eburton@ftc.gov, sgainey@ftc.gov, rschoshinski@ftc.gov

## XXVI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**IT IS SO ORDERED**:

_James C. Mahan_

The Honorable James C. Mahan

UNITED STATES DISTRICT JUDGE

DATED: _March 25, 2011_