WILLARD K. TOM
General Counsel

EMILY COPE BURTON
eburton@ftc.gov
SHAMEKA L. GAINEY
sgainey@ftc.gov
ROBERT G. SCHOSHINSKI
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
202-326-2728 (Burton)
202-326-2570 (Gainey)
202-326-3219 (Schoshinski)
202-326-3395 (Fax)

BLAINE T. WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:11-cv-00283-JCM -GWF |
| Plaintiff, | |
| v. | **ORDER REGARDING RELEASE OF FROZEN FUNDS FOR LIVING EXPENSES** |
| IVY CAPITAL, INC., *et al.*, | |
| Defendants, and | |
| CHERRYTREE HOLDINGS, LLC, *et al.*, | |
| Relief Defendants. | |

Upon consideration of the receiver's recommendations regarding living expenses and related matters (Doc. #163) ("receiver's recommendations") and plaintiff's opposition to receiver's recommendations regarding the release of frozen funds for living expenses (Doc. #169), and for good cause shown,

**IT IS HEREBY ORDERED**, that the April 21, 2011 order affirming the receiver's recommendations in its entirety is hereby AMENDED as set forth below;

**IT IS FURTHER ORDERED**, that section III (asset freeze) of the preliminary injunction (Doc. #91) entered on March 25, 2011 in this matter is hereby amended to permit the limited release of certain personal living expenses, as set forth below, to six individual defendants – Kyle G. Kirschbaum, John H. Harrison, Steven E. Lyman, Christopher M. Zelig, Steven R. Sonnenberg and James G. Hanchett – and three individual relief defendants – Kierston Kirschbaum, Tracy Lyman and Melyna Harrison:

(1) No individual defendant or relief defendant shall be permitted to access receivership defendants' funds to pay for their personal living expenses.  Any receivership defendants' funds already released to defendants shall be returned to the receiver promptly.  All personal living expenses to be released pursuant to this order shall be paid from the particular defendant's and/or relief defendant's frozen personal accounts, including, if necessary, any retirement, IRA, 401(k) or other personal accounts.  The amounts set forth in paragraph 3 below shall be reduced by the amount of any funds already received from personal accounts pursuant to the April 21, 2011 order.

(2) The release of such living expenses shall be for a period of four months, beginning April 21, 2011, with the final release of funds on or about July 21, 2011 to cover expenses through August 21, 2011.

(3) The court has reviewed the proposed monthly budgets, submitted with the receiver's recommendations, for the Kirschbaum, Harrison, Lyman, Sonnenberg, Hanchett and Zelig households.  Personal funds for these individuals shall be unfrozen in the

amounts necessary to cover reasonable monthly living expenses not to exceed the following amounts:

a. Kyle and Kierston Kirschbaum:
  i. Housing (including insurance and utilities): not to exceed $3,892
  ii. Children (diapers, formula, clothing and education): not to exceed $310
  iii. Vehicles: costs associated with gas, maintenance and insurance for one vehicle not to exceed $581
  iv. Food: not to exceed $1,000
  v. Insurance/Health Expenses: not to exceed $1,543
  TOTAL MONTHLY EXPENSES not to exceed $7,326.00

b. John and Melyna Harrison:
  i. Housing (including insurance and utilities): not to exceed $2,230
  ii. Children (diapers, formula, clothing and education): not to exceed $280
  iii. Vehicles: costs associated with gas, maintenance and insurance for one vehicle not to exceed $425
  iv. Food: not to exceed $1,000
  v. Insurance/Health Expenses: not to exceed $1,593
  TOTAL MONTHLY EXPENSES not to exceed $5,528.00

c. Steven and Tracy Lyman:
  i. Housing (including insurance and utilities): not to exceed $4,375.55
  ii. Children (diapers, formula, clothing and education): not to exceed $285
  iii. Vehicles: costs associated with gas, maintenance and insurance for one vehicle not to exceed $490
  iv. Food: not to exceed $1,000

      v. Insurance/Health Expenses: not to exceed $1,949.37

    TOTAL MONTHLY EXPENSES not to exceed $8,099.92

d. Christopher Zelig:

      i. Housing (including insurance and utilities): not to exceed $3,230

      ii. Vehicles: costs associated with payment, gas, maintenance and insurance for one vehicle not to exceed $1,260

      iii. Food: not to exceed $500

      iv. Insurance/Health Expenses: not to exceed $250

    TOTAL MONTHLY EXPENSES not to exceed $5,240.00

e. James Hanchett:

      i. Housing (including insurance and utilities): not to exceed $3,000

      ii. Children (diapers, formula, clothing and education): not to exceed $1,100

      iii. Vehicles: costs associated with gas, maintenance and insurance for one vehicle not to exceed $325

      iv. Food: not to exceed $800

      v. Insurance/Health Expenses: not to exceed $650

    TOTAL MONTHLY EXPENSES not to exceed $5,875

f. Steven Sonnenberg

      i. Housing (including insurance and utilities): not to exceed $3,067

      ii. Children (diapers, formula, clothing and education): not to exceed $950

      iii. Vehicles: costs associated with payment, gas, maintenance and insurance for one vehicle not to exceed $1,140.50

      iv. Food: not to exceed $934

      v. Insurance/Health Expenses: not to exceed $670

    TOTAL MONTHLY EXPENSES not to exceed $6,761.50

(4) The receiver shall provide to the Federal Trade Commission an accounting of any funds already released pursuant to the April 21, 2011 order.

**IT IS SO ORDERED:**

*/s/ James C. Mahan*
The Honorable James C. Mahan
United States District Judge

Dated: May 12, 2011

**Certificate of Service**

I hereby certify that on May 4, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ Emily Cope Burton
Emily Cope Burton