**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

IVY CAPITAL, INC., et al.,

    Defendants.

2:11-CV-283 JCM (GWF)

**ORDER**

Presently before the court is defendants Enrich Wealth Group, LLC's and Joshua Wickman's motion to dismiss. (Docs. #37, 38). Plaintiff FTC has responded (doc. #150), but to date, the defendants have not replied.

Also before the court is defendants Benjamin Hoskins', Leanne Hoskins', and Oxford Financial, LLC's motion to dismiss. (Docs. #83, 84). Plaintiff FTC has responded (doc. #154), and the defendants have replied (doc. #164).

Finally before the court is defendants 3 Day MBA, LLC's, Cherrytree Holdings, LLC's, Dream Financial's, Fortune Learning System, LLC's, Global Finance Group, LLC's, John H. Harrison's, Melyna Harrison's, ICI Development, Inc.'s, Ivy Capital, Inc.'s, Ivy Capital, LLC's, Kierston Kirschbaum's, Kyle G. Kirschbaum's, Logic Solutions, LLC's, Steven E. Lyman's, Tracy Lyman's, Mowab, Inc.'s, Oxford Debt Holdings, LLC's, Revsynergy, LLC's, S&T Time, LLC's, Sell It Vizions, LLC's, Vianet, Inc.'s, Virtual Profit, LLC's, and Virtucon, LLC's (hereinafter "Ivy Capital defendants") motion to dismiss. (Doc. #86). Plaintiff FTC has responded (doc. #155), and the defendants have replied (doc. #167).

The FTC filed the instant complaint on February 22, 2011, alleging that the defendants: (1) engaged a common enterprise to commit violations of Section 5(a) of the Federal Trade Commission Act ("FTCA'), which prohibits unfair or deceptive acts or practices in or affecting commerce; and (2) committed violations of the telemarketing sales rule. (Doc. #1). The same day, the court imposed a temporary restraining order (doc. #12) and subsequently granted plaintiff's motion for preliminary injunction. (Doc. #91).

The defendants now bring the instant motions to dismiss the complaint. The first (doc. #37) alleges that the FTC has not satisfied either the heightened pleading standard of Rule 9(b) nor the general pleading standard under Rule 8(a). The second (doc. #84) alleges that (1) the complaint does not adequately plead claims against the relief defendants, (2) the complaint should be dismissed as to the individual defendants because the FTC is unable to prove they had knowledge of the relevant conduct, and (3) the complaint fails to meet Rule 9(b). The third (doc. #86) alleges that (1) the complaint fails to satisfy Rule 9(b), (2) the FTC has failed to allege that the individual defendants had knowledge of the activity, and (3) the FTC is not entitled to disgorgement from the relief defendants. Whereas the arguments presented in each motion overlap, the court has chosen to address the motions by grouping their arguments, rather than addressing each motion individually.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

**I.      Pleading Standard**

Every complaint must set forth enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court evaluates the pleading according

**James C. Mahan**
**U.S. District Judge**

- 2 -

to Federal Rule of Civil Procedure 8, which requires a short and plain statement showing that the pleader is entitled to the relief sought. To comply with Rule 8, a complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996).

      (A)    <u>Applicability of the Heightened Pleading Standard for Fraud Under Federal Rule of Civil Procedure 9(b)</u>

A heightened pleading standard applies to claims of fraud. Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." At issue here is whether the heightened pleading standard for fraud claims applies to actions under Section 5(a) of the FTCA, which prohibits unfair or deceptive acts or practices in or affecting commerce. The Ninth Circuit has not yet decided this question. However, each of the three motions to dismiss urges the court to apply the heightened pleading standard, and at least one lower court has concluded that Rule 9(b) does in fact apply to claims for violations of the FTC, which "sound in fraud." *FTC v. Lights of Am., Inc.*, 2010 WL 5564048, *3 (C.D. Cal. Dec. 17, 2010).

In *Lights of America*, the Cental District of California held that "Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct . . . and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'" 2010 WL 5564048 at *3 (*quoting Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089–90 (C.D. Cal. 2009)). A claim will "sound in fraud" if plaintiff "alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim." *Id.* Omission of the magic word, fraud, from the complaint does not necessarily detract from the fraudulent nature of an allegation. *Id.* Applying these standards, the court in *Lights of America* then held that the FTC's Section 5 claim sounded in fraud and Rule 9(b) applied.

In reaching this conclusion, the Central District of California found the similarity between negligent misrepresentation and violations of the FTCA persuasive. Although the elements for

1  the two claims are not identical, they are analogous, and "[i]t is well-established in the Ninth
2  Circuit that . . . claims for . . . negligent misrepresentation must meet Rule 9(b)'s particularity
3  requirement." *Id.* at *4 (*quoting Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141
4  (C.D. Cal. 2003)). Thus, the court concluded that "Rule 9(b) applies to claims for violation of the
5  FTC Act, just as 9(b) applies to claims for negligent misrepresentation." *Id.*

6  As further support for its position, the court also noted that "a claim does not need to
7  include all of the elements of a claim for fraud or negligent misrepresentation in order for it to
8  trigger the heightened pleading standard of Rule 9(b)." *Id.* at *4. For example, the Ninth Circuit
9  has held that 9(b) applies to claims for violations of California's Consumers Legal Remedies Act
10 and Unfair Competition Law, even though fraud is not necessarily an element of those claims. *Id.*
11 Accordingly, the heightened standard should also apply to claims under Section 5 of the FTCA.

12 The FTC disputes the holding in *Lights of America*, noting it is not binding precedent,
13 and also both the elements and purpose of an FTC enforcement action distinguish it from a fraud
14 claim: "[U]nlike the elements of common law fraud, the FTC need not prove scienter, reliance,
15 or injury. . . ." *FTC v. Freecom Communs. Inc.*, 401 F.3d 1192, 1204 n. 7 (10th Cir. 2005). Thus,
16 a violation of Section 5 of the FTCA "is not a claim of fraud as that term is commonly
17 understood or as contemplated by Rule 9(b)." *Id.* Such FTC actions are "not . . . designed to
18 remedy a singular harm, but [are] a government action brought to deter deceptive acts and
19 practices aimed at the public and to obtain redress on behalf of a large class of third-party
20 consumers who purchased defendants' products and services over an extended period of time."
21 *Id.* The FTC also cites holding from other courts, which have chosen to apply the Tenth Circuit's
22 reasoning. *See e.g., FTC v. Innovative Marketing, Inc.*, 654 F. Supp. 2d 378, 388 (D. Md. 2009)
23 (holding that a heightened pleading standard does not apply to claims under Section 5(a) of the
24 FTCA); *Fed. Trade Comm'n v. Skybiz.com, Inc.*, 2001 WL 1673649, *4 (N.D. Okla. 2001)
25 (same); *FTC v. Communidyne, Inc.*, 1993 WL 558754, *2 (N.D. Ill. 1993) (same).

26 Although the FTC is correct in stating that *Lights of America* is not binding precedent on
27 this court, neither party has cited any binding precedent on this issue. Accordingly, evaluating the
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

arguments on both sides, the court finds the *Lights of America* holding persuasive. The instant action "sounds in fraud," in that the FTC has alleged that the defendants collectively engaged in a unified course of fraudulent conduct, which forms the entire basis of the claims alleged. The FTC's arguments to the contrary are unpersuasive: "As Rule 9(b) particularity is not focused on intent, it would be anomalous to suggest that a section 5 claim is free from Rule 9(b)'s heightened pleading requirement because the FTC need not prove scienter. . . ." *FTC v. Wellness Support Network, Inc.*, 2011 WL 1303419, *9 (N.D. Cal. 2011) (*quoting FTC v. Swish Marketing*, 2010 WL 653486 (N.D. Cal. Feb. 22, 2010)). Accordingly, the court applies the heightened pleading standard of Rule 9(b) in evaluating the instant motions to dismiss.

    (B)    <u>Application of Rule 9(b)</u>

A heightened pleading standard applies to claims of fraud. Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule requires that claims of fraud be accompanied by the "who, what, when, where, and how" of the conduct charged, *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (*quoting Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)), so that the complaint may not simply "lump multiple defendants together[,]" *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). This requirement ensures that the defendants are on "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106.

The court finds that the FTC has met the heightened pleading requirement in this case. The thirty-page complaint (doc. #1) goes to great lengths to categorize defendants based on their function in the alleged scheme (*id.* at 6:8–13:22), and the FTC also describes the nature of the scheme in detail (*id.* at 14:22–27:9). Finally, the court agrees with the FTC that the court may relax Rule 9(b)'s particularity requirements in circumstances where it may be difficult for the plaintiff to identify the specific actions that a corporate officer took in causing the harm to the plaintiff. *Cf. Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989) (holding that a complaint need only include the roles of individual defendants in corporate fraud cases where

possible because such situations make it difficult to attribute particular conduct to each defendant). Accordingly, the motions to dismiss are denied on this basis.[1]

## II. **Relief Defendants**

The FTC has stated that only one claim applies to the parties categorized as "relief defendants" (doc. #155 at 12:9): Count X alleges that "Relief Defendants Cherrytree, Oxford Financial, S&T Time, Virtucon, Curva, Mowab, Kierston Kirschbaum, Melyna Harrison, Tracy Lyman, and Leanne Hoskins have received, directly or indirectly, funds, or other assets, or both, from Defendants that are traceable to funds obtained from Defendants' customers through the unlawful acts or practices described herein." (Doc. #1 at ¶ 109). Because these defendants were not bona fide purchasers of the funds, the complaint alleges that the relief defendants will be unjustly enriched unless the court orders disgorgement. (*Id.* at ¶ 110). Accordingly, the FTC requests that the court hold the relief defendants' assets and funds in constructive trust for the benefit of the defendants' consumer. (*Id.* at ¶ 111).

The FTC has stated: "A relief defendant's liability does not depend on the relief defendant having engaged in wrongdoing or controlled the company engaged in wrongdoing." (Doc. #154 at 4:19–20). Accordingly, the relief defendants are essentially nominal defendants, against whom the FTC has alleged no wrongful conduct but from whom the FTC seeks to recover ill-gotten gains. *See S.E.C. v. Cross Fin. Serv., Inc.*, 908 F. Supp. 718, 730 (C.D. Cal. 1995) (describing nominal defendants as those against whom there is no claim but from whom the plaintiff seeks disgorgement).

The relief defendants argue that the complaint is insufficiently pled because it does not allege that they participated in or controlled any of the wrongdoing, or that they had knowledge of any of the allegedly fraudulent conduct. (Docs. #84, 86). This is inapposite. Disgorgement from a nominal defendant is available if (1) the defendant has received ill-gotten gains, and (2) the defendant does not have a legitimate claim to those assets. *S.E.C. v. Colello*, 139 F.3d 674,

---

[1] Whereas the court has found that the claims meet the heightened pleading standard under Rule 9(b), they necessarily meet the general pleading standard under Rule 8(a).

**James C. Mahan**
**U.S. District Judge**

- 6 -

677 (9th Cir. 1998). The complaint alleges that all named relief defendants have received funds that can be directly traced to the Ivy Capital enterprise's unlawful acts and that no relief defendant has a claim to those funds. (Doc. #1 at ¶¶36–45).

Accordingly, the FTC has adequately plead the tenth claim for relief against the relief defendants, and the court denies the motions to dismiss on this ground. The court also notes that the instant motions are motions to dismiss based on pleading standards rather than the sufficiency of the evidence, and have accordingly been treated as such. Defendants' arguments as to the sufficiency of the evidence on this point are inappropriate at this juncture.

### III.     Individual Defendants

To determine whether an individual defendant is liable for a corporation's violations of the FTCA, there are two distinct standards. First, to obtain permanent injunctive relief, the FTC must allege that the individual participated directly in the acts or practices or had the authority to control the company involved in the unlawful practices. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997). Second, to obtain monetary damages, the FTC must allege that the individual also had knowledge of the acts or practices. *Id.* at 1171. Each of the motions to dismiss argues that the FTC has failed to allege that the individual defendants participated in, controlled, or had any knowledge of any of the wrongdoing.

The motions to dismiss are denied on this ground, as the complaint alleges that each of the individual defendants formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in the complaint. (*See* doc. #1 at ¶¶ 28–35). The complaint also outlines each individual defendant's involvement in either Ivy Capital, Inc., or its associated entities (*id.*), and the court finds that these allegations are sufficient to state a claim for both injunctive and monetary relief. The court again notes that the instant motions are motions to dismiss based on pleading standards rather than the sufficiency of the evidence, and have accordingly been treated as such. Thus, defendants' arguments as to the sufficiency of the evidence on this point are inappropriate at this juncture.

James C. Mahan
U.S. District Judge

- 7 -

### IV. Do Not Call Rule Violations

Defendants Harrison, Kirschbaum, and Lyman (doc. #86) and defendant Wickman (doc. #38) argue that the FTC has not properly pled counts XIII and IX, which allege that defendants violated the telemarketing sales rule ("TSR") by calling numbers on the do not call registry ("DNC") and failing to pay the fee for the DNC, because the complaint alleges that only the "primary" and "upsell" defendants made these calls.

Both motions to dismiss are denied on this ground. To establish individual liability for injunctive relief, the FTC must allege that the individual participated in the acts or practices or had the authority to control the company involved in the unlawful practices. *Publ'g Clearing House, Inc.*, 104 F.3d at 1170. The FTC has met this burden.

First, the complaint alleges that defendant Wickman is the owner and registered agent of defendant Enrich Wealth Group ("EWG") (doc. #1 at ¶ 35), one of the "primary defendants" (*id.* at ¶ 10). The FTC alleges that Wickman had "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in the complaint." (*Id.*). Second, the complaint alleges that defendants Harrison (*id.* at ¶ 29), Kirschbaum (*id.* at ¶ 28), and Lyman (*id.* at ¶ 30) are each officers and/or directors of Ivy Capital, Inc., a "primary defendant" (*id.* at ¶ 6) and that each formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in the complaint.

Applying the standard for individual liability to the facts alleged in the complaint, the court finds that the FTC has adequately stated a claim for violations of the TSR against defendants Harrison, Kirschbaum, Lyman, and Wickman by alleging that each either participated in or had the authority to control a company involved in the unlawful practices. The motions to dismiss are denied on this ground.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Enrich Wealth Group, LLC's and Joshua Wickman's motion to dismiss (docs. #37, 38) is DENIED;

**James C. Mahan**
**U.S. District Judge**

- 8 -


1   IT IS FURTHER ORDERED that defendants Benjamin Hoskins', Leanne Hoskins', and
2 Oxford Financial, LLC's motion to dismiss (docs. #83, 84) is DENIED;
3   IT IS FURTHER ORDERED that the Ivy Capital defendants' motion to dismiss (doc.
4 #86) is DENIED.
5   DATED May 25, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**