1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7
8
9
10
11
12

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IVY CAPITAL, INC., et al.,<br><br>Defendants. | 2:11-CV-283 JCM (GWF) |

13

## ORDER

14        Presently before the court is the receiver's recommendation regarding living expenses as to

15    Benjamin Hoskins, Leanne Hoskins, and Joshua Wickman. (Doc. #196), to which the FTC has filed

16    an objection (doc. #199). Defendants have filed a brief in response to the FTC's objection (doc.

17    #207) and a supplement in support of that brief (doc. #222).

18        Also before the court are the receiver's comments regarding legal expense budgets (doc.

19    #200), to which the FTC has responded (doc. #205), and defendants Curva, LLC, Christopher M.

20    Zelig, and Zyzac Commerce Solutions, Inc., have joined in that response (doc. #214). Defendants

21    3 Day MBA, LLC, Cherrytree Holdings, LLC, Fortune Learning System, LLC, Global Finance

22    Group, LLC, John H. Harrison, Melyna Harrison, ICI Development, Inc., Ivy Capital, Inc., Ivy

23    Capital, LLC, Kierston Kirschbaum, Kyle G. Kirschbaum, Logic Solutions, LLC, Steven E. Lyman,

24    Tracy Lyman, Mowab, Inc., Oxford Debt Holdings, LLC, Revsynergy, LLC, S&T Time, LLC, Sell

25    It Vizions, LLC, Vianet, Inc., Virtual Profit, LLC, and  Virtucon, LLC have responded to the FTC's

26    objection (doc. #210). Defendants Fortune Learning, LLC, James Hanchett, Steven Sonnenberg, and

27    The Shipper, LLC, have joined in that response (doc. #216), as have defendants Benjamin and

28

**James C. Mahan**
**U.S. District Judge**

1  Leanne Hoskins (doc. #217).

2  **I.       Recommendations Regarding Benjamin and Leanne Hoskins and Joshua Wickman**

3            In the original receiver's recommendation regarding living expenses (doc. #163), no

4  recommendations were made with respect to Benjamin and Leanne Hoskins or Joshua Wickman

5  because the receiver had not yet been provided with necessary information regarding their proposed

6  budgets. Generally, the receiver now recommends that the individual and relief defendants not be

7  permitted to access receivership defendants' funds to pay living expenses and that the release should

8  cover a period of four months, from April 21, 2011, to August 21, 2011.

9            (A)      Hoskins

10           As to the Hoskins, the receiver has recommended a total release amount of $76,674 for the

11 four months of the release period. Consistent with this court's amended order (doc. #186), the

12 receiver has limited transportation to one automobile and recommended a one-third reduction in food

13 expenses.

14           The FTC has objected to the receiver's recommendations, arguing that the lifestyles of the

15 defendants that the release will support are lavish. Defendants are free to pursue other employment

16 to earn legitimate income; the court should not allow them to maintain their lifestyles without

17 working. The FTC continues to more generally oppose the release of frozen funds, arguing instead

18 that the assets should be preserved to provide restitution to customers defrauded by the Ivy Capital

19 enterprise. This is especially true here, where the amount of consumer injury greatly exceeds the total

20 amount of frozen assets. If the court is inclined to release funds, the FTC proposes that the Hoskins

21 be limited to the request approved by the Lymans: $8,099.92 per month. At its current rate, the

22 Hoskins would receive more than twice the amount received by the Lymans.

23           The Hoskins have responded to the FTC's comments, arguing that the court's approval of

24 "ordinary" living expenses should be determined on an individual basis, according to what is

25 "ordinary" for that particular defendant. Furthermore, no request has been made for loan payments

26 on multiple homes and cars, but rather on a single residence. Denying the release of the requested

27 funds to the Hoskins would be tantamount to requiring the Hoskins to walk away from their home

28

**James C. Mahan**
**U.S. District Judge**                                      - 2 -

1   and their children to switch schools based on unproven allegations.

2          Although the court is sympathetic to defendants' arguments, it is also cognizant of the public

3   interest to be vindicated in this case and the exorbitant amount of consumer loss. Accordingly, the

4   court declines to approve of the Hoskins' approximately $22,000 per month excessive budget.

5   Rather, the court finds half of that amount, $11,000 per month, reasonable.

6          As to the defendants' supplement, requesting $6,960 for their child's surgery, the court is not

7   inclined to release those funds absent documentation from a medical provider confirming the

8   amounts. The court finds Leanne Hoskins' declaration, which purports to outline the projected costs,

9   insufficient for purposes of the release. Accordingly, the receiver's recommendation with regard to

10  the Hoskins is hereby overruled, and the Hoskins may receive $11,000 per month absent justification

11  for additional expenditures.

12          (B)     Wickman

13          The court approves Wickman's living expenses, noting nothing extravagant in his monthly

14  budget, save a car payment, which is being partially paid by his roommate. Accordingly, the

15  receiver's report with regard to defendant Wickman is hereby approved in its entirety.

16  **II.     Release of Legal Expenses and Attorneys' Fees**

17          The receiver has recommended that the court deny the defendants' requests for the release

18  of funds to pay for legal expenses and attorneys' fees because each, save the budget of Green &

19  Associates, is incomplete. However, even as to Green & Associates, the receiver has recommended

20  denying the release because the budgets seemingly overestimate the costs needed to defend the case.

21  The FTC has agreed, and the receiver has recommended that the court hold a hearing to determine:

22  (1) the timing of any payments, (2) how to verify the actual fees submitted, and (3) the source of the

23  payments.

24          The court agrees that the above-mentioned logistical issues regarding the allocation of legal

25  expense funds need to be resolved before the court begins to release such funds. Accordingly, the

26  court requests a proposal from the receiver detailing the receiver's recommendations regarding the

27  timing of the payments, a procedure for verifying the fees submitted, and the source of such

28

**James C. Mahan**
**U.S. District Judge**                                          - 3 -

1  payments. The court also requests more detailed budgets from the law firms before any funds shall

2  be released.

3          Accordingly,

4          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the receiver's

5  recommendation (doc. #196) be, and the same hereby is, DENIED with regard to the Hoskins and

6  GRANTED with regard to Wickman;

7          IT IS FURTHER ORDERED that the receiver's recommendation (doc. #200) regarding legal

8  budgets be, and the same hereby is, AFFIRMED;

9          IT IS FURTHER ORDERED that the receiver shall submit an additional recommendation

10 regarding the issues cited in section II of this order.

11         DATED August 12, 2011.

12

13                                    _____
                                      UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                              - 4 -