# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
|     Plaintiff, | Case No.  2:11-cv-00283-JCM-GWF |
| vs. | **PROTECTIVE ORDER** |
| IVY CAPITAL, INC., *et al.*, | |
|     Defendants, and | |
| CHERRYTREE HOLDINGS, LLC, *et al.*, | |
|     Relief Defendants. | |

The Court, having considered the Motion for Protective Order as to Sensitive Personally Identifiable Information (#268), and for good cause shown, finds that the Motion should be granted as follows:

    A.    The Protective Order governs the handling of confidential personally identifiable information contained in documents, statements, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter whenever created, which is served or produced by or obtained from any party or any non-party who agrees to be bound by the Protective Order, during the proceedings in the captioned case.

    B.    The following definitions shall apply to this Protective Order:

    1.    "Parties" shall mean and refer to Plaintiff Federal Trade Commission, and each defendant in the above-captioned case.

    2.    "Personally Identifiable Information" shall mean Social Security numbers, dates of birth, bank or financial account numbers, driver's license numbers or other state identification numbers or foreign country equivalent, credit or debit card numbers, military identification numbers,

passports numbers, sensitive health-related data, biometric identifiers or other sensitive material relating to an individual which would be entitled to confidential status under applicable law or by order of this Court. Records containing Personally Identifiable Information include, but are not limited to, bank account records, financial statements, e-mail records, internet sales records and receipts, and shipping records.

      C.      Defendants and their attorneys are prohibited, without limitation, from directly or indirectly providing access to or otherwise disclosing Personally Identifiable Information to anyone who is not covered by the defendants' attorney-client privilege or is not otherwise assisting a defendant in the defense of this above-captioned case. Defendant and person who are (1) covered by the defendants' attorney-client privilege or are (2) otherwise assisting a defendant in the defense of the above-captioned actions ("Qualified Persons") are further prohibited from making any use of such material in any manner or for any purpose not directly related to the defense of this action.

      D.      Defendant and their attorneys are required to give a copy of this Protective Order to all Qualified Persons.

      E.      This Protective Order applies to discovery materials in any form which contain Personally Identifiable Information, regardless of when the materials are produced. This Protective Order does not pertain to documents, records and reports that do not contain Personally Identifiable Information.

      F.      Parties shall designate production of documents or other discovery materials that contain Personally Identifiable Information. All parties, counsel and Qualified Persons who receive materials containing Personally Identifiable Information in this case shall treat such materials, including any electronic materials, as confidential and store them in a secure manner.

      G.      When disclosing records that contain Personally Identifiable Information to the Court or in the context of a deposition, the parties shall first redact all Personally Identifiable Information, as well as, where applicable, all address information except name, city, and state or seek to submit such records under seal. When submitting documents containing Personally Identifiable Information in the form of financial account numbers, including bank account numbers and credit or debit card numbers, redacting all but the last four digits of the account number shall be sufficient.

H.   Within 90 days of the conclusion of this case, including all related appeals, all materials containing Personally Identifiable Information and copies thereof (other than exhibits in the possession of the Court) shall be returned to the Federal Trade Commission.  Alternatively, defendants or their counsel may inform the Federal Trade Commission that all such copies have been destroyed.

I.   The provisions of this order governing disclosure and use of the documents by the defendant shall not terminate at the conclusion of this case.  The obligation in this order to protect materials containing Personally Identifiable Information shall continuously bind all defendants and Qualified Persons.

J.   If the Federal Trade Commission produces documents on a hard drive encryption device as referenced in the proposed protective order (#268-1), the Parties shall meet and confer regarding the terms of production and return of the hard drive encryption device or any payment to be made for retaining the hard drive encryption device.  If the Parties are unable to agree, the Parties may request a status conference with the Court on this issue.

**IT IS SO ORDERED.**

DATED this 11th day of May, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge