1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   FEDERAL TRADE COMMISSION,            )
8                            Plaintiff,           )      Case No.  2:11-cv-00283-JCM-GWF
                                        )
9   vs.                                 )      **ORDER**
                                        )
10  IVY CAPITAL, INC., *et al.*,         )
                                        )
11                         Defendants, and        )      **Motion to Compel Answers to**
                                        )      **Interrogatories and Document**
12  CHERRYTREE HOLDINGS, LLC, *et al.*,  )      **Requests - #271**
                                        )
13                    Relief Defendants.         )
    _____ )

14

15          This matter is before the Court on Defendants Joshua Wickman's and Enrich Wealth

16  Group's Motion to Compel Answers to Interrogatories and Document Requests (#271), filed on

17  March 30, 2012; Plaintiff's Opposition to Motion to Compel (#276), filed on April 16, 2012; and

18  Defendants' Reply in Support of Motion to Compel (#277), filed on April 24, 2012.  The Court

19  conducted a hearing in this matter on May 10, 2012.

20                                   **BACKGROUND**

21          This case involves a Complaint for Permanent Injunction and Other Equitable Relief (#1)

22  filed by Plaintiff Federal Trade Commission ("FTC") on February 22, 2011.  The complaint alleges

23  that Defendant Ivy Capital, Inc. and other "Primary and Upsell Defendants," including Enrich

24  Wealth Group, LLC, operated as a common enterprise while engaging in deceptive trade practices.

25  The complaint also names several individual Defendants, including Joshua Wickman, who is

26  identified as the owner and registered agent of Enrich Wealth Group, LLC.

27          **1.      Factual Allegations in the Complaint.**  The FTC alleges that beginning no later

28  than 2007, the Primary Defendants used telephones to market a program that purportedly helps

consumers create, develop, market and run their own successful Internet businesses from home. The program was sold by calling consumers who had provided their telephone numbers in response to unrelated e-mails or advertisements about work-at-home or Internet business opportunities. *Complaint (#1)*, ¶¶ 48, 50-51.  The complaint alleges that "[d]uring the sales calls, which could last for more than an hour, the Primary Defendants' sales representatives made a variety of representations, often using high pressure sales tactics, to sell their business coaching program." *Id.*¶ 52.  These representations included statements that (a) the consumers had to act quickly because there were hundreds of people waiting to purchase the program and a limited number of resources; (b) descriptions of individuals who purportedly made millions of dollars through the program; (c) that the purpose of the call was to identify "qualified" applicants and choose participants for a highly-selective "team;" and (d) asked the consumers to describe what they would do with the promised proceeds from their Internet businesses.  ¶53.

The sales representatives allegedly assured prospective purchasers that they would be able to recover their initial investments in a short period of time or by stating that purchasers typically earn from $3,000 to $10,000 per month.  ¶54.  The sales representatives assured consumers that if they were willing to spend five to ten hours per week and were committed to following the program they would be successful.  These assurances were allegedly given even though the sales representatives did not tell the consumers what type of Internet business they would be starting and what they were expected to do in connection with the business.  ¶55.  The FTC alleges that these promises were false because the vast majority of purchasers were not successful in establishing Internet businesses.  ¶56.

The FTC also alleges that the Primary Defendants represented that they would provide all services necessary for the consumers to establish successful Internet businesses, including individual coaching sessions, online resources, and website design and development.  The Primary Defendants also allegedly promised to provide all necessary services for six months or until the purchasers recouped their initial investments.  ¶57.  The FTC alleges that these promises were also false because the Defendants failed to provide all the services necessary for consumers to establish successful Internet businesses for the promised length of time and failed to provide the promised

2

1    related products and services.  ¶80.

2        During the sales calls, the consumers were allegedly asked to disclose personal financial

3    information, including their debts and credit card limits.  The consumers were encouraged to

4    purchase the program with their credit cards and that they would soon be able to pay the charges

5    from the proceeds of their Internet businesses.  ¶58.  The Primary Defendants allegedly charged

6    $2,000 to $20,000 for the business coaching program depending on the amount of credit that the

7    consumers had available on their credit cards.  ¶60.  In numerous instances, after consumers

8    authorized the Primary Defendants to charge their credit cards, sales representatives allegedly sent

9    e-mails containing a link to an electronic contract.  In some instances, sales representatives

10   pressured customers into signing the electronic contracts during the sales call, often without giving

11   the consumers time to read the entire contract.  ¶61.

12       The FTC alleges that within days, weeks or months of purchasing the program, consumers

13   discovered that it was nearly impossible to establish a profitable Internet business, even if they

14   worked substantially more than five to ten hours a week and followed all the steps of the program.

15   The coaches provided little or no substantive guidance and many of the videos included in the

16   program package contained merely commonsense advice or inspirational stories.  Consumers were

17   not provided with assistance when they encountered technical or other difficulties.  While some

18   consumers were able to start businesses, or establish websites, they did not earn any money.  ¶62.

19       The complaint contains additional allegations regarding the "Upsell Defendants" who

20   allegedly called purchasers shortly after they purchased the program to offer additional services

21   designed to enhance or improve their Internet businesses.  ¶¶63-67.

22       The FTC alleges that the Primary Defendants had a strict three-day refund policy.  In

23   numerous instances, however, sales representatives failed to disclose this policy to consumers prior

24   to purchase.  Defendants also allegedly had a policy which required consumers to sign a "non-

25   disparagement" agreement in order to receive a refund which was also not disclosed prior to

26   purchase.  ¶68.  Consumers who requested refunds after the three day period were told that they

27   were not eligible for a refund of any kind even if they had not been informed of the refund policy

28   prior to purchase.  Consumers who continued to request refunds were often berated or insulted by

Defendants' representatives.  ¶69.  Consumers who attempted to obtain refunds within the three-day period also faced obstacles, including being unable to reach a representative to request a refund, being given conflicting information as to how the refund request had to be made, or being transferred to very aggressive sales representatives who attempted to talk them out of cancelling. Defendants also routinely refused to provide refunds to consumers who attempted to cancel within the three-day refund period.  ¶70.

The FTC alleges that Defendants initiated telephone calls to telephone numbers on the National Do Not Call Registry and that Defendants engaged in this behavior even after consumers asked them to stop calling.  ¶72.  Defendants also allegedly called telephone numbers in various area codes without first paying the annual fee for access to the telephone numbers in the area codes that are included within the National Do Not Call Registry.  ¶72.

Based on the foregoing allegations, the FTC alleges that Defendants violated the Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits "unfair or deceptive acts or practices in or affecting commerce."  The FTC also alleges that the Defendants violated the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the Telemarketing Sales Rule, 17 C.F.R. part 310, which prohibits abusive and deceptive telemarketing acts or practices.  The FTC also alleges that Defendants violated the regulation governing the National Do Not Call Registry.  16 C.F.R. §310.4(b)(1)(iii)(B).  These violations are charged in Counts I-IX of the complaint.

**2.   FTC's Motions for Temporary Restraining Order and Preliminary Injunction.**

On the same date the complaint was filed, the FTC also filed an ex parte motion for temporary restraining order (#6) which provided additional detail regarding the Defendants' alleged misrepresentations and failures to disclose material information to consumers and purchasers.  The motion asserts that thousands of individual consumers have been defrauded of thousands of dollars each by Defendants and that the aggregate fraud involves $40 million or more.  *Ex Parte Motion for Temporary Restraining Order, Memorandum of Points and Authorities (#6-2), pg. 9.*[1]  In

---

[1]The FTC filed a substantially identical Motion for Preliminary Injunction (#11) on the same date. The court granted the FTC's motion for preliminary injunction on March 25, 2011. *Preliminary Injunction (#91).*

support of its motion, the FTC submitted the declarations of eleven (11) purchasers of Defendants' program which set forth in extensive narrative detail the purchasers' communications and transactions with Defendants.  The declarations are accompanied by copies of the agreements executed by the purchasers, e-mails, credit card charge records and other documents relating to the program.

The District Court granted the temporary restraining order and pursuant thereto  appointed a temporary receiver to take charge of Defendants' assets and business records. *Temporary Restraining Order (#12).*  The FTC thereafter inspected the Defendants' business records which consist of voluminous paper and electronic records, including approximately one million recorded telephone conversations. *FTC's Opposition to Motion to Compel (#276), pg. 5.*  The FTC states that prior to the preliminary injunction hearing, it provided the Enrich Wealth Defendants with additional documents and information including a copy of all paper documents, approximately 2,100 pages, that the FTC inspected and copied at Enrich Wealth's business premises; contact information for each consumer whose declarations supported the FTC's application for the temporary restraining order; and approximately 2,700 pages of materials related to the declaration of an FTC investigator. *Id., pg. 6.*  The FTC also states that Defendants had access to Enrich Wealth's business records in the possession or control of the receiver. *Id.*

**3.    Discovery Plan and Scheduling Order.**  The court entered a scheduling order in this case on May 12, 2011 which provided a discovery cut-off date of June 1, 2012. *Order (#185).*  Deposition discovery was stayed until August 11, 2012 at which time the court authorized the FTC to take up to 30 depositions and the Defendants, collectively, to take up to 30 depositions. *Order (#227).*  The FTC has noticed and taken 22 depositions, including the depositions of one purchaser of Defendants' Internet business program.  The Defendants have not noticed any non-expert depositions.  Defendants have requested that the FTC's expert witness be made available for deposition after the decision on the instant motion to compel.

**4.    FTC's Expert Witness.**  The FTC states that it disclosed Dr. Kenneth H. Kelly as its expert witness on April 2, 2012.  Dr. Kelly reviewed a random sample of one hundred of the Defendants' recorded telephone calls and determined that 90% of the sales calls in the sample

1  included earnings representations of the kind identified in the complaint.  The FTC states that the

2  materials supporting Dr. Kelly's expert opinion have been provided to the Defendants, including

3  the recordings that Dr. Kelly reviewed and the guidelines that he used in reviewing the calls.

4  *Opposition (#276), pg. 7.*

5  **5**       **Defendants' Written Discovery Requests.**  Defendants Enrich Wealth and Mr.

6  Wickman served eight interrogatories and eight requests for production of documents on the FTC

7  on February 3, 2012.  The FTC served its objections and responses to Defendants' discovery

8  requests on  March 16, 2012.  The FTC listed several "General Responses" and "General

9  Objections" to the interrogatories and requests for production, as a whole, and also objected to

10  specific interrogatories and requests.  The FTC responded to most of the interrogatories by stating

11  that it would provide documents responsive to the interrogatories upon entry of a protective order

12  prohibiting the disclosure of personal identification information–social security numbers, dates of

13  birth and residence addresses–to third persons who have no interest in the litigation.  Likewise, the

14  FTC responded to the requests for production by stating that it would produce responsive

15  documents once the protective order was entered.  Defendants contended that the FTC's request for

16  a protective order was somehow intended to permit the FTC to produce voluminous documents in

17  an unorganized manner and to not provide specific answers or responses to the interrogatories and

18  requests.

19       During the May 10, 2012 hearing, the court granted the FTC's motion for protective order

20  that personal identification information contained in the produced records shall not be disclosed to

21  third persons unrelated to this litigation.  *See Order (#286).*  Pursuant thereto, the FTC's counsel

22  turned over to Defendant's counsel a compact disc containing documents that the FTC states are

23  responsive to Defendant's requests for production.  The FTC also provided Defendant's counsel

24  and the court with a letter that lists the bates numbers of the documents on the compact disc that

25  correspond to each of Defendants' interrogatories and requests for production.  The letter does not

26  otherwise describe the produced documents.  A copy of the FTC's May 10, 2012 letter is made an

27  addendum to this order.

28

1

**DISCUSSION**

2    **A.    Interrogatories.**  Rule 33(a)(2) states that an interrogatory is not objectionable

3  because it asks for an opinion or contention that relates to fact or the application of law to fact.  The

4  court, however, may order that the interrogatory need not be answered until designated discovery is

5  complete, or until a pretrial conference or some other time.  Rule 33(d) provides that if the answer

6  to an interrogatory may be determined by examining, auditing, compiling, abstracting, or

7  summarizing a party's business records, and if the burden of deriving or ascertaining the answer

8  will be substantially the same for either party, the responding party may answer by (1) specifying

9  the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and

10  identify them as readily as the responding party could; and (2) gives the interrogating party

11  reasonable opportunity to examine and audit the records and to make copies, compilations,

12  abstracts and summaries.

13    **Interrogatory No. 1** asked the FTC to "describe in detail, while identifying each

14  Consumer, the substance of communications with each Consumer you have had about the facts of

15  the complaint."  The FTC objected to Interrogatory No. 1 on the grounds that it is vague,

16  overbroad, and unduly burdensome.  The FTC stated, however, that it would produce non-

17  privileged responsive documents upon entry of the protective order.  The FTC further asserted:

18  "Defendants will be able, with no greater burden, to derive the requested information from these

19  documents, the documents already in the possession of the Defendants or the Receiver, and the

20  Complaint."  *See Response to Motion to Compel (#276) (attached copy of FTC's Objections and*

21  *Responses to Interrogatories).*

22    **Interrogatory No. 2** asked the FTC to "describe in detail the substance of communications

23  that you have had with any employee or former employee of any of the defendants, while

24  identifying each such employee or former employee."  The FTC objected to this Interrogatory "on

25  the grounds that the request seeks information that is subject to various privileges, including, but

26  not limited to the work product doctrine."  The FTC also stated that it would produce non-

27  privileged responsive documents upon entry of a protective order.  *Id.*

28  . . .

7

1    The FTC states that prior to the filing of the motion to compel, it provided the Defendants

2    with four lists of consumers or employees that are responsive to Interrogatory Nos. 1 and 2.  The

3    first list identifies consumers who have, since May 11, 2011, registered a complaint regarding the

4    defendants with the FTC.  This supplements a list of consumers previously provided by the FTC in

5    its initial disclosures.  The second list identifies consumers who, subsequent to the filing of this

6    action, contacted FTC attorneys or paralegals concerning this action and/or their experiences with

7    the defendants.  The third list identifies consumers who, prior to the filing of this action, contacted

8    FTC attorneys or paralegals concerning this action and/or their experiences with the defendants.

9    The fourth list identifies employees or former employees of defendants who have communicated

10   with the FTC.  *Opposition to Motion to Compel (#276), pg. 9 and March 29, 2012 email from*

11   *FTC's counsel to Defendants' counsel.*  The lists have not been provided to the court.  Nor does the

12   court have information regarding the number of individuals on the lists, other than the FTC's

13   statement that it has provided Defendants with information about more than one thousand

14   customers who have complained about the defendants.  *Opposition (#276), pg. 10.*

15   According to the FTC's May 10, 2012 letter, the compact disc produced during the hearing

16   contains documents responsive to Interrogatory Nos. 1 and 2.   The letter does not otherwise

17   describe the documents.  The Court agrees with the FTC that it would be unreasonably burdensome

18   to require the FTC to provide a detailed summary or narrative of each consumer complaint or

19   employee statement when copies of complaints and statements have been produced to Defendants

20   and are identified by document numbers in the answers to the interrogatories to which they apply.

21   *See Donell v. Fidelity Nat'l Title Agency of Nevada*, 2012 WL 1118944, *6 (D.Nev. 2012), citing

22   *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 0902, 906 (9th Cir. 1983).

23   The court will, however, require the FTC to supplement its answer to Interrogatory Nos. 1 and 2

24   and provide a general description of the documents identified as responsive to Interrogatory Nos. 1

25   and 2, such as by stating whether the produced documents are written consumer complaints,

26   employee statements or some other type(s) of documents.

27   The FTC argues that the substance of the communications between the FTC's lawyers or

28   paralegals and consumers, or between the FTC's lawyer or paralegals and the Defendants'

8

employees, are protected from disclosure under work-product doctrine established in *Hickman v. Taylor*, 329 U.S. 495, 512-13, 67 S.Ct. 385 (1946).  Defendants argue that *Hickman* does not protect an attorney's oral communications with witnesses.  In support of this assertion, Defendants quote *Hickman's* statement that "a party cannot refuse to answer interrogatories on the grounds that the information sought is solely within the knowledge of his attorney."  *Reply (#277), pg. 4.*

Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure states that, ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.  Such materials may be discovered, however, if the party seeking discovery shows that it has substantial need for the materials to prepare its case and cannot without undue hardship obtain their substantial equivalent by other means.  If the court orders discovery of work-product materials, it must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation.  Rule 26(b)(3)(B).  Thus, written statements, or recordings or transcripts of oral statements, obtained in anticipation of litigation, are generally protected from disclosure.  Likewise, an attorney's or representative's notes or memoranda regarding a witness's statements are also protected.

*Hickman* held that in response to an interrogatory, a party or its attorney is not required to describe statements made by witnesses that were obtained by the attorney in anticipation of litigation.  *Hickman*, 329 U.S. at 507, 67 S.Ct. at 392.  The Supreme Court made clear, however, that relevant facts known to the party or its attorney are not protected by the work-product doctrine and must be disclosed in response to an interrogatory seeking discovery of those facts.  A party is also required to identify individuals who have knowledge of relevant facts.

In *Laxalt v. McClatchy*, 116 F.R.D. 438, 441 (D.Nev. 1987), the district court held that the defendant's investigator was required, at deposition, to disclose facts he learned during his investigation and to also disclose the identity of witnesses to particular matters.  The court held, however, that a party is not required to disclose whether its attorney or investigator has interviewed a particular individual or to disclose the substance of the interview.  *Id.* at 443.  The court stated that if this latter information was required to be disclosed, the opposition would be able to

9

determine which witnesses or information the opposing counsel considers important, and thereby invade opposing counsel's mental impressions and trial strategy which the work-product doctrine was meant to protect.  *Id.*  More recent decisions also make clear that the work-product doctrine protects intangible work product such as an attorney's or investigator's recollection of statements obtained from witnesses.  *Bear Republic Brewing Co. v. Central City Brewing Co.*, 275 F.R.D. 43, 45 (D.Mass. 2011), citing *Nesse, etc. v. Pittman,* 202 F.R.D. 344, 356 (D.D.C., 2001) (citing *Alexander v. FBI,* 192 F.R.D. 12, 17 (D.D.C., 2000); *Athridge v. Aetna Cas. & Sur. Co.,* 184 F.R.D. 200, 209 (D.D.C., 1998); *Laxalt,* 116 F.R.D. at 441; *Delco Wire & Cable, Inc. v. Weinberger,* 109 F.R.D. 680, 691 (E.D.Pa., 1986)).

Defendants cite *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256, 259 (N.D.Ill. 1979) for the proposition that interrogatories seeking the substance of communications with the government plaintiff are within the proper scope of discovery.  Defendants also cite *In re Shopping Carts Antitrust Litigation*, 5 F.R.D. 299, 307 (S.D.N.Y. 1982) which held that interrogatories that sought the disclosure of communications between the defendants, or between defendants and other competitors, were proper.  Neither of these cases, however, involved an assertion that the communications were protected by the work-product doctrine.

The FTC does not claim work-product protection for complaints about the Defendants that were received from consumers.  It does, however, assert the work-product doctrine in regard to communications between the FTC's lawyers and paralegals and consumers or employees of the Defendants.  The only question regarding the application of the work-product doctrine to such communications is whether the FTC's lawyers or paralegals were in anticipation of litigation against the Defendants at the time the communications occurred.  The FTC should provide a declaration or other evidence which establishes that all communications to which it asserts the work-product doctrine occurred after the date it was in anticipation of litigation.

Defendants have not shown that they are in substantial need of the work-product information sought in Interrogatory Nos. 1 and 2.  In support of their motion, Defendants assert that the FTC deposed one of the consumers of Defendants' Business Coaching Program to show the six violations alleged in its complaint.  Defendants assert that the witness admitted on cross-

1  examination that each of his claims was either unsupported or a lie. *Motion to Compel (#271), pgs.*

2  *3-7.*  On this basis, Defendants argue that the FTC's communications with other consumers may

3  show that the FTC's allegations against the Defendants are not valid.  Although Defendants'

4  motion provided citations to the deposition transcript of the witness who was deposed, Defendants

5  did not attach the transcript as an exhibit to their motion.  The court therefore cannot determine

6  whether Defendants' characterizations of the witness's testimony are accurate.  Assuming for sake

7  of argument, however, that this one witness retracted his prior allegations, this does not establish

8  Defendants' need or entitlement to obtain the FTC's work-product information regarding other

9  consumers or employees of Defendants.

10      The FTC attached detailed declarations from eleven (11) consumers as exhibits to its

11  motions for temporary restraining order and preliminary injunction.  Although the court authorized

12  the Defendants to take up to thirty (30) depositions, the Defendants have not taken any depositions

13  in this case.  Defendants also did not serve their interrogatories and requests for production of

14  documents until nearly eight months after discovery commenced.  Defendants lack of diligence in

15  pursuing discovery belies any legitimate claim of substantial need for the FTC's work product or

16  that the Defendants could not have obtained the substantial equivalent of the requested information

17  through other available means.  The court therefore denies Defendants' motion to compel further

18  responses to Interrogatory Nos. 1 and 2, other than to require the FTC to describe the nature of the

19  documents identified by it as responsive to those interrogatories and provide a declaration or other

20  evidence which demonstrates that all communications to which it asserts the work-product doctrine

21  occurred after it was in anticipation of litigation against Defendants.

22      **Interrogatory No. 3** asked the FTC to identify all documents seized from Enrich's files

23  which indicate that Enrich used a non-disparagement clause with customers.  The FTC objected to

24  this interrogatory as unduly burdensome because the Defendants are in possession of, or have

25  access to all documents seized from Enrich's files.  The FTC also objected to the extent that the

26  interrogatory required it "to analyze or organize factual evidence, or conduct legal research for

27  Defendants, which Defendants can do equally themselves." *Id.*  The FTC also stated that it would

28  produce non-privileged responsive documents upon entry of a protective order.  The FTC's May

11

10, 2012 letter identifies numerous document bates stamp numbers as responsive to Interrogatory No. 3, but does not describe the nature or type of documents produced. The Court therefore orders the FTC to supplement its answer to Interrogatory No. 3 by describing the nature or type of the documents it has produced and identified by bates numbers as responsive to Interrogatory No. 3.

**Interrogatory Nos. 4-8** asked the FTC to describe in detail the following: Each misrepresentation regarding income made by Enrich Personnel (No. 4); each misrepresentation regarding goods and services made by Enrich Personnel (No. 5); each failure to disclose material aspects of a refund policy made by Enrich Personnel (No. 6); each violation of the Telemarketing Sales Rule committed by Enrich Personnel (No. 7); and each violation of 16 C.F.R. §310.4(b)(iii)(B) committed by Enrich Personnel.

The FTC objected to Interrogatory Nos. 4-8 to the extent that they purport to require the FTC "to analyze or organize factual evidence, or conduct legal research for Defendants, which Defendants can do equally themselves." *Id.* The FTC further objected to the extent the interrogatories seek documents or other information that the FTC has already provided to the Defendants, including through the FTC's court filings in this case. The FTC also objected to the extent the interrogatories seek information or documents already known to Defendants, or their counsel, or in the possession of the Defendants, another defendant, the receiver or which can be obtained from some other source that is more convenient and less burdensome. The FTC also stated that it would produce non-privileged responsive documents upon entry of a protective order. The FTC stated, however, that it believed that the documents already in Defendants possession are responsive to Interrogatory Nos. 4-8.

The FTC's May 10, 2012 letter identifies numerous document bates stamp numbers that are responsive to Interrogatory Nos. 4-8. The interrogatories, however, do not simply ask the FTC to identify documents relating to the referenced claims or allegations. Rather, the interrogatories ask the FTC to describe in detail the principal misrepresentations, failures to disclose material facts or other wrongful acts allegedly committed by Defendants.

Rule 33(a)(2), by its plain terms, permits an interrogatory to ask for an opinion or contention that relates to facts or the application of law to facts. The FTC's objection that the

12

1  interrogatories ask it "to analyze or organize factual evidence" is therefore without merit.  District

2  courts have broad discretion in deciding whether particular interrogatories are unduly burdensome

3  or overbroad.  *Henry v. Rizzolo*, 2010 WL 33854448, *4 (D.Nev. 2010), citing Wright, Miller &

4  Marcus, Federal Practice and Procedure: Civil §3176 (3rd ed. 2010).  Interrogatory Nos. 4-8 are not

5  the type of all-encompassing interrogatories which require the plaintiff to provide a detailed

6  narrative of its entire case, including the identity every witness and document that supports each

7  described fact.  Courts have held that such "blockbuster" interrogatories are unduly burdensome on

8  their face.  *See e.g. Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D.Kan. 1997) and *Grynberg v. Total*

9  *S.A.*, 2006 WL 1186836, *6-7 (D.Colo. 2006).  Interrogatory Nos. 4-8 would be unduly

10  burdensome, however, if they were construed to require the FTC to specifically answer with regard

11  to each individual consumer who purchased Defendants' Internet business program.  The FTC

12  presumably intends to introduce representative testimony and documents at trial to prove its claims

13  that Defendants have engaged in a pattern or practice of misrepresentations, failures to disclose

14  material facts and violations of the Do-Not-Call Registry.  It is not unreasonable therefore to

15  require the FTC to describe the factual basis for its claims and allegations that it will attempt to

16  prove at trial through representative testimony or documentary evidence.

17      The FTC's complaint and motions for temporary restraining order and preliminary

18  injunction provided fairly detailed factual information about the Defendants' alleged

19  misrepresentations, failures to disclose and violations of the Do-Not-Call Registry.  This is not a

20  case, therefore, in which Defendants need more information in order to understand the factual basis

21  for the FTC's claims.  This does not mean, however, that requiring the FTC to answer Interrogatory

22  Nos. 4-8 serves no legitimate purpose.  Answers to contention interrogatories at or near the end of

23  discovery serve to finalize the factual basis for claims which may have changed or developed

24  during the course of discovery.  This includes identifying those claims or allegations which are no

25  longer viable and are now abandoned.  Accordingly, the court orders the FTC to answer

26  Interrogatory Nos. 4-8 by providing a reasonably detailed summary of the facts which support each

27  of the referenced claims or allegations.  The FTC is not required, however, to describe each and

28  every alleged misrepresentation or other violation committed against each and every consumer of

1   Defendants' program.

2        **B.        Requests for Production of Documents.**   Defendants Enrich Wealth and Mr.

3   Wickman also served eight requests for production of documents on the FTC.  These requests

4   correspond to Interrogatory Nos. 1-8.  The FTC's objections to the requests also correspond to its

5   objections to the interrogatories, including its objections based on the work-product doctrine.  The

6   Court therefore also requires the FTC to provide a declaration or other evidence that any

7   communications with consumers, employees or former employees of Defendants that the FTC has

8   withheld on the basis of the work-product doctrine, were in fact obtained by the FTC's lawyers or

9   paralegals after the FTC was in anticipation of litigation against the Defendants.  It otherwise

10  appears that the FTC has now produced documents which it states are responsive to each of the

11  requests for production.  The Court therefore denies the motion to compel responses to the requests

12  for production, without prejudice to Defendants' right to file another motion if it has good cause to

13  argue that the responses are incomplete or deficient in some meaningful respect.

14       **C.        Extension of Discovery Deadline.**   During the May 10, 2012 hearing, Defendants

15  requested a six month extension of the discovery deadline.  The FTC opposed Defendants' oral

16  motion.  The Court denies Defendants' request for a general extension of the discovery deadline

17  because they have failed to diligently pursue discovery during the existing discovery period.  The

18  Court will, however, permit the Defendants to depose the FTC's expert witness.

19                          **CONCLUSION**

20       **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Answers to

21  Interrogatories and Document Requests (#271) is **granted,** in part, and **denied**, in part, in

22  accordance with the foregoing provisions of this order.  The FTC shall serve its supplemental

23  answers to interrogatories on or before **June 5, 2012**.  The FTC shall also serve on Defendants and

24  file with the court a declaration or other documentation demonstrating that any communications

25  with consumers or employees or former employees of Defendants, which  have been withheld on

26  the basis of the work-product doctrine, were obtained after the FTC was in anticipation of litigation

27  against the Defendants.

28  . . .

                          14

1    **IT IS FURTHER ORDERED** that Defendants shall have until **June 22, 2012** in which to
2    take the deposition of the FTC's expert witness.  The remaining pre-trial deadlines are extended as
3    follows:

4        (1)    The last day to file dispositive motions is **July 23, 2012**.

5        (2)    The joint pretrial order is due on or before **August 23, 2012** unless dispositive
6    motions are filed, in which case the joint pretrial order shall be filed within thirty (30) days after the
7    Court's decision on the last dispositive motion.

8        DATED this 22nd day of May, 2012.

10   _____
11   GEORGE FOLEY, JR.
     United States Magistrate Judge

15

# ADDENDUM



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Shameka L. Gainey
Division of Marketing Practices
202 326 2570 phone
202 326 3395 fax
sgainey@ftc.gov

May 10, 2012

Robert D. Crockett, Esq.
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560

Chad R. Fears, Esq.
Casey G. Perkins, Esq.
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169-5958

David R. Koch, Esq.
KOCH & SCOW LLC
11500 South Eastern Avenue
Suite 210
Henderson, Nevada 89052

Matthew R. Howell, Esq.
FILLMORE SPENCER, LLC
3301 N. University Avenue
Provo, UT 84604

Steven Zelig, Esq.
BRENTWOOD LEGAL SERVICES, LLP
11661 San Vicente Blvd., Suite 1015
Los Angeles, CA 90049

      **Re:**    *FTC v. Ivy Capital, Inc., et al., No. 2:11-cv-00283-JCM -GWF*

Counsel:

      Enclosed is a CD-ROM with documents responsive to Enrich Wealth Group and Joshua
Wickman's February 3, 2012 First Set of Interrogatories and Request For Production of Documents

to the Federal Trade Commission.  The disc includes documents that contain personally identifiable information.  I will provide you with the password for the disc via electronic mail.

The following Bates ranges are responsive to Interrogatory Number 1 and Request for Production Number 1:

     FTC-ICI 00013413 to FTC-ICI 00013528
     FTC-ICI 00013533 to FTC-ICI 00013826
     FTC-ICI 00013886 to FTC-ICI 00014026
     FTC-ICI 00014028 to FTC-ICI 00014106
     FTC-ICI 00014108 to FTC-ICI 00014170
     FTC-ICI 00014172 to FTC-ICI 00014241
     FTC-ICI 00014587
     FTC-ICI 00014649
     FTC-ICI 00014651 to FTC-ICI 00015267
     FTC-ICI 00015272 to FTC-ICI 00015312
     FTC-ICI 00015329 to FTC-ICI 00016182
     FTC-ICI 00016185 to FTC-ICI 00017106
     FTC-ICI 00017140 to FTC-ICI 00017300
     FTC-ICI 00017302 to FTC-ICI 00017362
     FTC-ICI 00017364 to FTC-ICI 00017591
     FTC-ICI 00017594 to FTC-ICI 00017630
     FTC-ICI 00017632 to FTC-ICI 00017672
     FTC-ICI 00017819 to FTC-ICI 00020491

The following Bates ranges are responsive to Request for Production Number 2:

     FTC-ICI 00013529 to FTC-ICI 00013532
     FTC-ICI 00013827 to FTC-ICI 00013885
     FTC-ICI 00014008 to FTC-ICI 00014009
     FTC-ICI 00014027
     FTC-ICI 00014107
     FTC-ICI 00014236 to FTC-ICI 00014238
     FTC-ICI 00014242 to FTC-ICI 00014510
     FTC-ICI 00014512 to FTC-ICI 00014625
     FTC-ICI 00014630 to FTC-ICI 00014633
     FTC-ICI 00015266
     FTC-ICI 00017301
     FTC-ICI 00017363 to FTC-ICI 00017421
     FTC-ICI 00017631

The following Bates ranges are responsive to Interrogatory Number 2 and Request for Production Number 3:

     FTC-ICI 00014511
     FTC-ICI 00014626 to FTC-ICI 00014629
     FTC-ICI 00014634 to FTC-ICI 00014648
     FTC-ICI 00014650

FTC-ICI 00017107 to FTC-ICI 00017139
FTC-ICI 00017592 to FTC-ICI 00017593
FTC-ICI 00017673 to FTC-ICI 00017818

The following Bates ranges are responsive to Interrogatory Number 3:

FTC-ICI 00013733 to FTC-ICI 00013740
FTC-ICI 00013764
FTC-ICI 00013811
FTC-ICI 00014119 to FTC-ICI 00014122
FTC-ICI 00014737
FTC-ICI 00014740 to FTC-ICI 00014755
FTC-ICI 00014764 to FTC-ICI 00014779
FTC-ICI 00014792 to FTC-ICI 00014793
FTC-ICI 00015169 to FTC-ICI 00015177
FTC-ICI 00015180 to FTC-ICI 00015182
FTC-ICI 00015231
FTC-ICI 00015272 to FTC-ICI 00015312
FTC-ICI 00015324 to FTC-ICI 00015328
FTC-ICI 00015344 to FTC-ICI 00015354
FTC-ICI 00015380 to FTC-ICI 00015406
FTC-ICI 00015599 to FTC-ICI 00015902
FTC-ICI 00015917 to FTC-ICI 00015943
FTC-ICI 00016283 to FTC-ICI 00016284
FTC-ICI 00016373
FTC-ICI 00016748 to FTC-ICI 00016751
FTC-ICI 00016755 to FTC-ICI 00016821
FTC-ICI 00016837 to FTC-ICI 00016838
FTC-ICI 00016841 to FTC-ICI 00016842
FTC-ICI 00016881 to FTC-ICI 00016885
FTC-ICI 00016909 to FTC-ICI 00016915
FTC-ICI 00017044 to FTC-ICI 00017091

The following Bates ranges are responsive to Interrogatory Number 4 and Request for Production
Number 4:

FTC-ICI 00013909
FTC-ICI 00014128 to FTC-ICI 00014132
FTC-ICI 00014570 to FTC-ICI 00014573
FTC-ICI 00014659 to FTC-ICI 00014660
FTC-ICI 00014692 to FTC-ICI 00014701
FTC-ICI 00014737
FTC-ICI 00014746 to FTC-ICI 00014755
FTC-ICI 00014770 to FTC-ICI 00014779
FTC-ICI 00015169 to FTC-ICI 00015177
FTC-ICI 00015180 to FTC-ICI 00015182
FTC-ICI 00015184 to FTC-ICI 00015185
FTC-ICI 00015202 to FTC-ICI 00015206

FTC-ICI 00015272 to FTC-ICI 00015321
FTC-ICI 00015324 to FTC-ICI 00015379
FTC-ICI 00015408 to FTC-ICI 00016014
FTC-ICI 00016018 to FTC-ICI 00016093
FTC-ICI 00016105 to FTC-ICI 00016156
FTC-ICI 00016161 to FTC-ICI 00016182
FTC-ICI 00016240 to FTC-ICI 00016270
FTC-ICI 00016291 to FTC-ICI 00016300
FTC-ICI 00016313 to FTC-ICI 00016322
FTC-ICI 00016330 to FTC-ICI 00016338
FTC-ICI 00016361 to FTC-ICI 00016369
FTC-ICI 00016412 to FTC-ICI 00016449
FTC-ICI 00016489 to FTC-ICI 00016687
FTC-ICI 00016690 to FTC-ICI 00016696
FTC-ICI 00016716 to FTC-ICI 00016728
FTC-ICI 00016756 to FTC-ICI 00016821
FTC-ICI 00016855 to FTC-ICI 00016885
FTC-ICI 00016972 to FTC-ICI 00017004
FTC-ICI 00017007 to FTC-ICI 00017176
FTC-ICI 00017197 to FTC-ICI 00017243
FTC-ICI 00017299 to FTC-ICI 00017300
FTC-ICI 00017325 to FTC-ICI 00017328
FTC-ICI 00017334 to FTC-ICI 00017341
FTC-ICI 00017344 to FTC-ICI 00017347
FTC-ICI 00017349
FTC-ICI 00017364 to FTC-ICI 00017421
FTC-ICI 00017423 to FTC-ICI 00017432
FTC-ICI 00017438 to FTC-ICI 00017441
FTC-ICI 00017588 to FTC-ICI 00017589
FTC-ICI 00017592 to FTC-ICI 00017596
FTC-ICI 00017600 to FTC-ICI 00017603
FTC-ICI 00017638 to FTC-ICI 00017639
FTC-ICI 00017643 to FTC-ICI 00017705
FTC-ICI 00017787 to FTC-ICI 00017789
FTC-ICI 00017825 to FTC-ICI 00018141
FTC-ICI 00018155 to FTC-ICI 00019587
FTC-ICI 00019590 to FTC-ICI 00020045
FTC-ICI 00020048 to FTC-ICI 00020088
FTC-ICI 00020096 to FTC-ICI 00020192

The following Bates ranges are responsive to Interrogatory Number 5 and Request for Production
Number 5:

FTC-ICI 00013529 to FTC-ICI 00013577
FTC-ICI 00013819 to FTC-ICI 00013822
FTC-ICI 00013893
FTC-ICI 00013909
FTC-ICI 00013911

FTC-ICI 00013920 to FTC-ICI 00013921
FTC-ICI 00014021 to FTC-ICI 00014025
FTC-ICI 00014117 to FTC-ICI 00014122
FTC-ICI 00014127 to FTC-ICI 00014152
FTC-ICI 00014164
FTC-ICI 00014172
FTC-ICI 00014176
FTC-ICI 00014183
FTC-ICI 00014216
FTC-ICI 00014570 to FTC-ICI 00014573
FTC-ICI 00014659 to FTC-ICI 00014660
FTC-ICI 00014690
FTC-ICI 00014692 to FTC-ICI 00014701
FTC-ICI 00014737 to FTC-ICI 00014755
FTC-ICI 00014762 to FTC-ICI 00014779
FTC-ICI 00014834 to FTC-ICI 00014871
FTC-ICI 00014873 to FTC-ICI 00014902
FTC-ICI 00015169 to FTC-ICI 00015177
FTC-ICI 00015180 to FTC-ICI 00015182
FTC-ICI 00015184 to FTC-ICI 00015187
FTC-ICI 00015193 to FTC-ICI 00015199
FTC-ICI 00015202 to FTC-ICI 00015206
FTC-ICI 00015268 to FTC-ICI 00015321
FTC-ICI 00015324 to FTC-ICI 00015379
FTC-ICI 00015408 to FTC-ICI 00015902
FTC-ICI 00015917 to FTC-ICI 00016014
FTC-ICI 00016018 to FTC-ICI 00016184
FTC-ICI 00016188
FTC-ICI 00016190 to FTC-ICI 00016194
FTC-ICI 00016197 to FTC-ICI 00016198
FTC-ICI 00016200 to FTC-ICI 00016209
FTC-ICI 00016212 to FTC-ICI 00016214
FTC-ICI 00016219 to FTC-ICI 00016225
FTC-ICI 00016229 to FTC-ICI 00016276
FTC-ICI 00016285 to FTC-ICI 00016300
FTC-ICI 00016307 to FTC-ICI 00016322
FTC-ICI 00016330 to FTC-ICI 00016359
FTC-ICI 00016361 to FTC-ICI 00016369
FTC-ICI 00016390 to FTC-ICI 00016400
FTC-ICI 00016407 to FTC-ICI 00016476
FTC-ICI 00016489 to FTC-ICI 00016687
FTC-ICI 00016690 to FTC-ICI 00016700
FTC-ICI 00016716 to FTC-ICI 00016728
FTC-ICI 00016756 to FTC-ICI 00016821
FTC-ICI 00016828 to FTC-ICI 00016831
FTC-ICI 00016843 to FTC-ICI 00016845
FTC-ICI 00016850 to FTC-ICI 00016853
FTC-ICI 00016855 to FTC-ICI 00016885

FTC-ICI 00016971 to FTC-ICI 00017004
FTC-ICI 00017007 to FTC-ICI 00017183
FTC-ICI 00017187 to FTC-ICI 00017246
FTC-ICI 00017253 to FTC-ICI 00017291
FTC-ICI 00017294 to FTC-ICI 00017300
FTC-ICI 00017302 to FTC-ICI 00017303
FTC-ICI 00017325 to FTC-ICI 00017328
FTC-ICI 00017332
FTC-ICI 00017334 to FTC-ICI 00017342
FTC-ICI 00017344 to FTC-ICI 00017347
FTC-ICI 00017349
FTC-ICI 00017423 to FTC-ICI 00017432
FTC-ICI 00017436
FTC-ICI 00017438 to FTC-ICI 00017441
FTC-ICI 00017588 to FTC-ICI 00017589
FTC-ICI 00017592 to FTC-ICI 00017598
FTC-ICI 00017600 to FTC-ICI 00017603
FTC-ICI 00017638 to FTC-ICI 00017639
FTC-ICI 00017643 to FTC-ICI 00017705
FTC-ICI 00017755 to FTC-ICI 00016786
FTC-ICI 00017790 to FTC-ICI 00017797
FTC-ICI 00017799 to FTC-ICI 00020491

The following Bates ranges are responsive to Interrogatory Number 6 and Request for Production
Number 6:

FTC-ICI 00013887 to FTC-ICI 00013888
FTC-ICI 00013909
FTC-ICI 00014127 to FTC-ICI 00014132
FTC-ICI 00014183
FTC-ICI 00014239
FTC-ICI 00014570 to FTC-ICI 00014573
FTC-ICI 00014690
FTC-ICI 00014692 to FTC-ICI 00014701
FTC-ICI 00014727 to FTC-ICI 00014737
FTC-ICI 00014740 to FTC-ICI 00014755
FTC-ICI 00014764 to FTC-ICI 00014779
FTC-ICI 00014792
FTC-ICI 00015169 to FTC-ICI 00015177
FTC-ICI 00015180 to FTC-ICI 00015182
FTC-ICI 00015184 to FTC-ICI 00015185
FTC-ICI 00015193 to FTC-ICI 00015199
FTC-ICI 00015202 to FTC-ICI 00015206
FTC-ICI 00015231
FTC-ICI 00015268 to FTC-ICI 00015321
FTC-ICI 00015324 to FTC-ICI 00015334
FTC-ICI 00015344 to FTC-ICI 00015362
FTC-ICI 00015368 to FTC-ICI 00015373

FTC-ICI 00015380 to FTC-ICI 00015406
FTC-ICI 00015455 to FTC-ICI 00015544
FTC-ICI 00015599 to FTC-ICI 00015943
FTC-ICI 00015947 to FTC-ICI 00016014
FTC-ICI 00016097
FTC-ICI 00016120 to FTC-ICI 00016148
FTC-ICI 00016161 to FTC-ICI 00016182
FTC-ICI 00016188
FTC-ICI 00016197 to FTC-ICI 00016198
FTC-ICI 00016200 to FTC-ICI 00016209
FTC-ICI 00016215 to FTC-ICI 00016216
FTC-ICI 00016220 to FTC-ICI 00016225
FTC-ICI 00016229 to FTC-ICI 00016276
FTC-ICI 00016283 to FTC-ICI 00016290
FTC-ICI 00016307 to FTC-ICI 00016312
FTC-ICI 00016339 to FTC-ICI 00016359
FTC-ICI 00016373
FTC-ICI 00016412 to FTC-ICI 00016449
FTC-ICI 00016489 to FTC-ICI 00016588
FTC-ICI 00016690 to FTC-ICI 00016696
FTC-ICI 00016748 to FTC-ICI 00016751
FTC-ICI 00016755 to FTC-ICI 00016821
FTC-ICI 00016828 to FTC-ICI 00016831
FTC-ICI 00016837 to FTC-ICI 00016838
FTC-ICI 00016841 to FTC-ICI 00016842
FTC-ICI 00016856 to FTC-ICI 00016891
FTC-ICI 00016898 to FTC-ICI 00016903
FTC-ICI 00016909 to FTC-ICI 00016922
FTC-ICI 00016954 to FTC-ICI 00016962
FTC-ICI 00016972 to FTC-ICI 00016998
FTC-ICI 00017002 to FTC-ICI 00017004
FTC-ICI 00017007 to FTC-ICI 00017181
FTC-ICI 00017187 to FTC-ICI 00017196
FTC-ICI 00017244 to FTC-ICI 00017288
FTC-ICI 00017293
FTC-ICI 00017344
FTC-ICI 00017600 to FTC-ICI 00017603
FTC-ICI 00017673 to FTC-ICI 00017705
FTC-ICI 00018148 to FTC-ICI 00019587

The following Bates ranges are responsive to Interrogatory Number 7 and Request for Production
Number 7:

FTC-ICI 00014117 to FTC-ICI 00014122
FTC-ICI 00014127 to FTC-ICI 00014152
FTC-ICI 00014164
FTC-ICI 00014171 to FTC-ICI 00014172
FTC-ICI 00014176

7

FTC-ICI 00014183
FTC-ICI 00014216
FTC-ICI 00014659 to FTC-ICI 00014660
FTC-ICI 00014738 to FTC-ICI 00014755
FTC-ICI 00014762 to FTC-ICI 00014779
FTC-ICI 00014792 to FTC-ICI 00014793
FTC-ICI 00014834 to FTC-ICI 00014871
FTC-ICI 00015169 to FTC-ICI 00015177
FTC-ICI 00015180 to FTC-ICI 00015182
FTC-ICI 00015184 to FTC-ICI 00015187
FTC-ICI 00015193 to FTC-ICI 00015199
FTC-ICI 00015202 to FTC-ICI 00015206
FTC-ICI 00015231
FTC-ICI 00015268 to FTC-ICI 00015379
FTC-ICI 00015408 to FTC-ICI 00016183
FTC-ICI 00016188
FTC-ICI 00016190 to FTC-ICI 00016194
FTC-ICI 00016197 to FTC-ICI 00016198
FTC-ICI 00016200 to FTC-ICI 00016209
FTC-ICI 00016212 to FTC-ICI 00016216
FTC-ICI 00016219
FTC-ICI 00016229 to FTC-ICI 00016270
FTC-ICI 00016283 to FTC-ICI 00016300
FTC-ICI 00016307 to FTC-ICI 00016322
FTC-ICI 00016330 to FTC-ICI 00016359
FTC-ICI 00016361 to FTC-ICI 00016369
FTC-ICI 00016373
FTC-ICI 00016390 to FTC-ICI 00016400
FTC-ICI 00016407 to FTC-ICI 00016476
FTC-ICI 00016489 to FTC-ICI 00016687
FTC-ICI 00016690 to FTC-ICI 00016700
FTC-ICI 00016716 to FTC-ICI 00016728
FTC-ICI 00016748 to FTC-ICI 00016751
FTC-ICI 00016755 to FTC-ICI 00016821
FTC-ICI 00016828 to FTC-ICI 00016831
FTC-ICI 00016827 to FTC-ICI 00016831
FTC-ICI 00016837 to FTC-ICI 00016838
FTC-ICI 00016841 to FTC-ICI 00016845
FTC-ICI 00016850 to FTC-ICI 00016853
FTC-ICI 00016855 to FTC-ICI 00016891
FTC-ICI 00016898 to FTC-ICI 00016903
FTC-ICI 00016909 to FTC-ICI 00016922
FTC-ICI 00016954 to FTC-ICI 00016962
FTC-ICI 00016971 to FTC-ICI 00017183
FTC-ICI 00017187 to FTC-ICI 00017291
FTC-ICI 00017293 to FTC-ICI 00017300
FTC-ICI 00017302 to FTC-ICI 00017303
FTC-ICI 00017307

FTC-ICI 00017325 to FTC-ICI 00017328
FTC-ICI 00017332
FTC-ICI 00017334 to FTC-ICI 00017342
FTC-ICI 00017344 to FTC-ICI 00017347
FTC-ICI 00017349
FTC-ICI 00017364 to FTC-ICI 00017421
FTC-ICI 00017423 to FTC-ICI 00017432
FTC-ICI 00017436
FTC-ICI 00017438 to FTC-ICI 00017441
FTC-ICI 00017588 to FTC-ICI 00017589
FTC-ICI 00017592 to FTC-ICI 00017598
FTC-ICI 00017600 to FTC-ICI 00017603
FTC-ICI 00017638 to FTC-ICI 00017639
FTC-ICI 00017643 to FTC-ICI 00017705
FTC-ICI 00017755 to FTC-ICI 00017797
FTC-ICI 00017799 to FTC-ICI 00020045
FTC-ICI 00020048 to FTC-ICI 00020491

The following Bates ranges are responsive to Interrogatory Number 8 and Request for Production Number 8:

FTC-ICI 00013733 to FTC-ICI 00013740
FTC-ICI 00014661 to FTC-ICI 00014687
FTC-ICI 00015313 to FTC-ICI 00015323
FTC-ICI 00015335 to FTC-ICI 00015343
FTC-ICI 00015348 to FTC-ICI 00015354
FTC-ICI 00015455 to FTC-ICI 00015544
FTC-ICI 00016015 to FTC-ICI 00016017
FTC-ICI 00016105 to FTC-ICI 00016148
FTC-ICI 00016161 to FTC-ICI 00016182
FTC-ICI 00017005 to FTC-ICI 00017027
FTC-ICI 00017044 to FTC-ICI 00017063

A privilege log is forthcoming.  Please contact me if you have any questions.

Regards,

Shameka L. Gainey

Enclosure

9