1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **DISTRICT OF NEVADA**

7   FEDERAL TRADE COMMISSION,        2:11-CV-283 JCM (GWF)

8          Plaintiff,

9   v.

10  IVY CAPITAL, INC., et al.,

11         Defendants.
12

13                    **ORDER**

14         Presently before the court is plaintiff Federal Trade Commission's ("FTC") motion for leave
15  to file excess pages. (Doc. # 322). Defendants filed an opposition. (Doc. # 324). Both parties then
16  colluded and filed a stipulation seeking to circumvent the thirty page limitation imposed by local rule
17  7-4, withdrawing defendants' opposition to plaintiff's motion seeking leave to file excess pages, and
18  to allow defendants a sixty day extension to respond to plaintiff's motion for summary judgment.
19         Local rule 7-4 states that "motions shall be limited to thirty (30) pages including the motion
20  but excluding the exhibits." Local rule 7-4 continues by stating in relevant part "[w]here the court
21  enters an order permitting a longer brief or points of authorities . . . ." Clearly, the rule requires that
22  a party must seek leave of the court prior to filing a motion in excess of thirty pages *and* the court
23  must enter an order granting the motion *before* the moving party may file the excessively lengthy
24  motion.
25         FTC filed its summary judgment motion contemporaneously with its motion for leave to file
26  excess pages. (*See* docs. # 322-23). FTC's summary judgment is approximately 130 pages–a full
27  100 pages in excess of the limits imposed by local rule 7-4. Further, the summary judgment includes
28

**James C. Mahan**
**U.S. District Judge**

a total of 270 attachments for a combined total of 6,311 pages.

The court finds that the FTC knew in the very early stages of drafting its summary judgment motion that the actual motion would well exceed the limitations of the local rule. FTC should have filed the motion for leave to file excess pages during these early stages of preparing the summary judgment motion. Instead, FTC waited to file the motion for leave to file excess pages in conjunction with the summary judgment motion, thereby never really seeking leave of the court to file excess pages. Additionally, the very fact that the FTC requires a full 6,311 pages in an attempt to prove that no genuine issue of material fact exists strongly indicates that many genuine issues of material fact likely exist. This gamesmanship undercuts the court's authority under local rule 7-4 and the court therefore strikes FTC's motion for summary judgment in its entirety.

Should FTC elect not to re-file a summary judgment that comports with local rules, the court grants FTC fourteen days leave to file a response to the pending motion for summary judgment filed by defendant (doc. # 312).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion seeking leave to file excess pages (doc. # 322) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment (doc. # 323) be, and the same hereby is, STRICKEN.

DATED September 21, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -