


# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| FEDERAL TRADE COMMISSION, | 2:11-CV-283 JCM (GWF) |
|---|---|
| Plaintiff, | |
| v. | |
| IVY CAPITAL, INC., et al., | |
| Defendants. | |

**ORDER**

Presently before the court is plaintiff Federal Trade Commission's ("FTC") motion to extend time (doc. # 327) and motion for district judge to reconsider order (doc. # 328). Defendant filed a timely response (doc. # 329) to the motion to extend time, which really addresses the merits of both of FTC's motions. FTC immediately filed a reply. (Doc. # 330).

**I.  Procedural Background**

On August 8, 2012, defendant Benjamin Hoskins filed a motion for summary judgment. (Doc. # 312). On September 12, 2012, defendant Leanne Hoskins filed a separate motion for summary judgment. (Doc. # 320). On September 12, 2012, the due date for the FTC to file a response to defendant Benjamin Hoskins' motion for summary judgment, the FTC filed its own 130 page summary judgment motion. (Doc # 323).

The FTC filed a motion for leave to file excess pages contemporaneously with the motion for summary judgment. (Doc. # 322). In its motion for leave to file excess pages, the FTC stated that "the case [is] exceedingly complicated even with only two remaining defendants and three remaining relief defendants." (Doc. # 322, 2:14-15). The FTC further stated that because "of the

**James C. Mahan**
**U.S. District Judge**

complexity of the deceptive business practices . . . the FTC requires more than 30 pages to set forth the legal and factual basis for the requested relief and demonstrate that it is entitled to summary judgment." (Doc. # 322, 3:10-14).

This court struck the FTC's motion for summary judgment for failure to comply with local rule 7-4. Local rule 7-4 requires that "motions shall be limited to thirty (30) pages." The FTC's motion for summary judgment exceeded the cap imposed by the local rule by approximately 100 pages, in addition to thousands of pages of exhibits, and the court struck the motion in its entirety. (Doc. # 326).

FTC then filed the instant motions seeking time to extend to the two pending summary judgment motions by defendants and seeking reconsideration of this court's order striking the summary judgment motion. (Docs. # 327-28). Defendant filed a response in opposition. (Doc. # 329), and the FTC replied (doc. # 330).

**II.     Discussion**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Morgan Stanley & Co. v. Shriners Hosp. For Children*, No. 2:09-cv-398, 2012 WL 642523, *2 (D. Nev. Feb. 28, 2012) (quoting *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *see generally* FED.R.CIV.P. 60(b)(1) and (6) (stating that a court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief.").

In FTC's motion for reconsideration, it states in great detail its reasons for filing such a lengthy summary judgment motion. However, the FTC first states "document numbers 4, 45, 70 were motions to exceed page limits that the parties filed contemporaneously with the corresponding briefs. The court granted each of these motions. . . ." (Doc. # 328). Both corresponding motions to documents 45 and 70 exceeded the limitations of local rule 7-4 by 19 pages. These previous situations are not comparable to the most recent motion that sought leave to file in excess of 100 pages of the local rule plus thousands of pages of exhibits.

James C. Mahan
U.S. District Judge

- 2 -

1  As for document number 4, the FTC filed that motion contemporaneously with a temporary 2 restraining order. (*See* docs. # 4 & 6). It is true that the motion for the temporary restraining order 3 substantially exceeded the limitations imposed by local rule 7-4. It is just as true that the underlying 4 policies of this district to limit the page length of motions, so that a court may properly maintain its 5 docket, are greatly outweighed by the expediencies and overall importance of motions seeking a 6 temporary restraining order. In any event, the court finds that under the circumstances of this case 7 excusable neglect existed and reconsideration of the previous order striking the summary judgment 8 motion is warranted.

9  Additionally, the FTC continues by providing completely valid reasons for exceeding the 30 10 page limit. The FTC seeks leave to file its lengthy brief for all the following reasons: "where other 11 local rules require advance filing, the rules explicitly state an advance deadline"; "it will be 12 extremely difficult, if not impossible, to present this record in [30] pages"; "the Ivy Capital enterprise 13 was a massive scam that resulted in more than $130 million in consumer losses"; an alleged 14 "common enterprise existed between 22 corporate entities"; "the FTC submitted thousands of pages 15 of e-mails with its exhibits to demonstrate that there is no genuine issue of disputed fact"; and, "the 16 scope of the operation, the multiplicity of the players, and the different layers of the fraud, require 17 an oversized brief." (Doc. # 328).

18  Most persuasively, the FTC maintains that it filed a lengthy motion for summary judgment 19 to address several defendants and several issues in a single motion, as opposed to a piecemeal 20 strategy. The FTC points out, correctly, that it could respond to the two pending summary judgment 21 motions with two of its own motions, each 30 pages in length. The FTC could then also file 22 additional motions on related issues that would lead to inefficiencies and disjointed litigation. The 23 FTC asserts that "the court would be better served if the FTC were to present a consolidated brief 24 on all issues." (Doc. # 328). The court agrees.

25  Good cause appearing,

26  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the FTC's motion for 27 district judge to reconsider order (doc. # 328) be, and the same hereby is, GRANTED and the clerk

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

of the court is ordered to reinstate the FTC's motion for summary judgment (doc. # 323) on the docket.[1]

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the FTC's motion to extend time regarding dispositive matter (doc. # 327) be, and the same hereby is, DENIED as moot.

DATED September 27, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court still has the all the courtesy copies provided by the FTC and it is unnecessary to send additional courtesy copies.

**James C. Mahan**
**U.S. District Judge**

- 4 -