UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 2:11-cv-00283-JCM-GWF |
| vs. | ) **ORDER** |
| IVY CAPITAL, INC., *et al.*, | ) **Motion to Strike - #321** |
| Defendants, and | ) |
| CHERRYTREE HOLDINGS, LLC, *et al.*, | ) |
| Relief Defendants. | ) |

This matter is before the Court on Defendant Benjamin Hoskins' and Relief Defendant Leanne Hoskins' Motion to Strike "Report of Receiver's Activities for the Period of March 14, 2011 through July 31, 2012" (#321), filed on September 12, 2012, and Receiver Robb Evans & Associate LLC's Opposition to Motion to Strike "Report of Receiver's Activities (#334), filed on October 1, 2012. No reply was filed.

Defendants move to strike the Receiver's Report on the grounds that it discusses entities and financial assets, accounts or transactions that are not relevant to the subject matter of this action or the Receiver's responsibilities. Defendants bring their motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure which provides that the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A motion to strike is limited to pleadings. *Howard v. Skolnik*, 2012 WL 3656494, *1 (D.Nev. 2012), citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "'However, a 'motion to strike' materials that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proffered material] may be properly relied upon.'" *Id.*, quoting *Natural Resources Defense Council v.*

*Kempthorne*, 539 F.Supp.2d 1155, 1162 (E.D.Cal. 1999).  Motions to strike are disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D.Nev. 2003).

The Receiver's Report is not a pleading and is therefore not a proper subject of a motion to strike under Rule 12(f).  Furthermore, even if the motion can be entertained under Rule 12(f), Defendants have not met their burden of demonstrating that the Receiver's Report has no possible bearing on the subject matter of this case.  The Receiver's Report purports to advise the Court on the Receiver's efforts to locate and account for assets that are subject to the receivership.  The Receiver has described certain financial transactions and legal proceedings in other courts regarding bank accounts or funds that might potentially be subject to the receivership.  Based on his investigation, the Receiver has provided an explanation of the status of those matters to the Court, including why certain funds are not within the scope of the receivership.  The Court finds that this discussion is relevant to the Receiver's responsibility to account to the Court for the property of the receivership. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Benjamin Hoskins' and Relief Defendant Leanne Hoskins' Motion to Strike "Report of Receiver's Activities for the Period of March 14, 2011 through July 31, 2012" (#321) is **denied.**

DATED this 1st day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge