# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,      )    Case No. 2:11-cv-00283-JCM-
                                   )    GWF

       Plaintiff,                 )

v.                                  )

                                      )    **STIPULATED FINAL**
IVY CAPITAL, INC., *et al.*,          )    **JUDGMENT AND ORDER**
                                      )    **FOR PERMANENT**
       Defendants, and            )    **INJUNCTION AND**
                                      )    **MONETARY RELIEF**

CHERRYTREE HOLDINGS, LLC, *et al.*,    )

         Relief Defendants.          )
                                      )
                                      )

       Plaintiff, the Federal Trade Commission (the "FTC" or the "commission") filed a complaint for permanent injunction and other equitable relief, including redress to consumers and disgorgement of ill-gotten gains (the "complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The FTC and defendant John H. Harrison  ("Mr. Harrison"), by and through their counsel, hereby stipulate to the entry of, and request the court to enter, this stipulated final judgment and order for permanent injunction and monetary relief ("order"), to resolve all matters of dispute between them in this action.

       **THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as** follows:

# **FINDINGS**

1. This is an action by the commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing Act, 15 U.S.C. §§ 6101-6108.  The commission has authority to seek the relief contained herein;

2. The complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's trade regulation rule entitled the Telemarketing Sales Rule (the "TSR"), 16 C.F.R. Part 310;

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b);

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

5. The activities of Mr. Harrison, as alleged in the complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

6. Mr. Harrison has entered into this order freely and without coercion, and he acknowledges that he has read the provisions of this order, understands them, and is prepared to abide by them;

7. The FTC and Mr. Harrison, by and through their counsel, have agreed that the entry of this order resolves all matters in dispute between them arising from the complaint up to the date of entry of this order;

8. This order is for settlement purposes only and does not constitute and shall not be interpreted to constitute an admission by Mr. Harrison or a finding that the law has been violated as alleged in the complaint, or that the facts alleged in the complaint, other than the jurisdictional facts, are true;

9. Mr. Harrison waives all rights to seek appellate review or otherwise challenge or contest the validity of this order.  Mr. Harrison further waives and releases any claim

2

he may have against the FTC, its employees, representatives, or agents concerning the prosecution of this action to the date of this order;

10. Mr. Harrison agrees that this order does not entitle him to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this order. Each settling party shall bear its own costs and attorneys' fees; and

11. Entry of this order is in the public interest.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. **"And"** and **"or"** shall be understood to have both conjunctive and disjunctive meanings.

2. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

3. **"Assisting others"** includes, but is not limited to, providing any of the following goods or services to another entity: (1) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) drafting or providing, or arranging for the drafting or provision of, any promotional material; (3) providing

3

names of, or assisting in the generation of, potential customers; (4) performing
promotional or marketing services of any kind, or recruiting affiliates; or (5)
processing credit and debit card payments.

4. **"Business coaching program"** means any program, plan, product, or service,
including, but not limited to, those related to work-at-home-opportunities, that is
represented, expressly or by implication, to train or teach a participant or purchaser
how to establish a business or earn money or other consideration through a business.
"Business coaching" shall not include providing services other than training or
teaching, including, but not limited to, website design and search engine optimization.

5. **"Commission"** or **"FTC"** means the Federal Trade Commission.

6. **"Corporate defendants"** mean Ivy Capital, Inc., Fortune Learning System, LLC,
Vianet, Inc., 3 Day MBA, LLC, Global Finance Group, LLC, Virtual Profit, LLC ,
ICI Development, LLC, Ivy Capital, LLC, Logic Solutions, LLC, Oxford Debt
Holdings, LLC, Revsynergy, LLC, and Sell It Vizions, LLC; and their successors,
assigns, affiliates or subsidiaries

7. **"Defendants"** mean the individual defendants and the corporate defendants,
individually, collectively, or in any combination. The relief defendants are expressly
excluded from this definition.

8. **"Document"** is synonymous in meaning and equal in scope to the usage of the term
in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs,
charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-
mail and instant messages, photographs, audio and video recordings, contracts,
accounting data, advertisements (including, but not limited to, advertisements placed
on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup
postings, World Wide Web pages, books, written or printed records, handwritten

4

notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

9.   **"Individual defendants"** mean Kyle G. Kirschbaum, John H. Harrison, and Steve E. Lyman.

10. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11. **"Non-disparagement agreement"** means any contract or agreement that purports to prohibit purchasers from providing information, making statements, or otherwise communicating in any way about their experiences with any business coaching program or related goods and services, including, but not limited to, providing information to state, federal or non-governmental entities, filing complaints with any consumer protection entity, and engaging in discussions with other consumers through online forums or any other means.

12. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

13. **"Relief defendants"** mean Cherrytree Holdings, LLC, S&T Time, LLC, Virtucon LLC, Kierston Kirschbaum, Melyna Harrison, and Tracy Lyman.

14. **"Representatives"** mean defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this order by personal service or otherwise.

**15. "Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

### ORDER

### I.

### BAN ON MARKETING OR SALE OF
### BUSINESS COACHING PROGRAMS

**IT IS THEREFORE ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

A. Advertising, marketing, promoting, offering for sale, or selling any business coaching program; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any business coaching program.

### II.

### PROHIBITED MISREPRESENTATIONS AND OTHER CONDUCT PROHIBITIONS

**IT IS FURTHER ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

A. Making, or assisting others in making, directly or by implication, any false or misleading statement or representation of material fact, including, but not limited to, any false or misleading statement that the defendants or any other individual or entity will provide a refund to consumers who request one within a specified time period;

6

B. Failing to disclose or to disclose adequately to consumers material aspects of any refund policy; and

C. Requiring consumers to sign a non-disparagement agreement as a condition of receiving a refund.

## III.
## PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, defendants, and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, **are hereby permanently restrained and enjoined from** engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

A. Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature or essential characteristics of their products and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii);

B. Failing to disclose or to disclose adequately in a clear and conspicuous manner, all material terms and conditions of any refund policy, in violation of Section 310.3(a)(1)(iii) of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that consumers must request a refund within a specified time period after purchase;

C. Misrepresenting, directly or by implication, material aspects of the nature and terms of any refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), including that they will provide refunds to consumers who request one within a specified time period;

7

**D.** Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry (the "DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

    **1.** the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

    **2.** the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of the defendant or any other individual or entity; and

**E.** Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## IV.
## COOPERATION PROVISION

**IT IS FURTHER ORDERED** that Mr. Harrison shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the complaint, cooperate in good faith with the FTC and any other governmental agency or entity, and appear at such places and times as the FTC or any other governmental agency or entity shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC or any other governmental agency or entity. If requested in writing by the FTC or any other governmental agency or entity, Mr. Harrison shall appear and

1   provide truthful testimony in any trial, deposition, or other proceeding related to, or associated

2   with, the transactions or the occurrences that are the subject of the complaint, without the service

3   of a subpoena upon him.

### V.
### MONETARY RELIEF

6   **IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the

7   commission and against Mr. Harrison, jointly and severally with all other defendants found liable

8   in this case, in the amount of one hundred thirty million dollars ($130,000,000), as equitable

9   monetary relief for consumer injury; provided, however, that subject to the provisions of Section

10  VI, this judgment shall be suspended as to Mr. Harrison upon Mr. Harrison's completion of the

11  requirements stated in Subsections A, B, C and E of this section.

12  **A.** Effective upon the entry of this order, Mr. Harrison shall surrender to the FTC all

13      control, title, dominion, and interest in the following assets:

14      **1.** All funds held in the Credit Union 1 account ending in 8822, in the name of

15          John and/or Melyna Harrison, individually or jointly;

16      **2.** All funds held in the PayPal accounts ending in 700361, 25279 and 69188, in

17          the name of John or Melyna Harrison;

18      **3.** The 2007 Infiniti G35 [VIN JNKBV61E27M720506] registered to Mr.

19          Harrison identified in Item 21 of the individual financial statement signed by

20          Mr. Harrison, dated March 10, 2011;

21      **4.** The 2007 Land Rover Range Rover Sport [VIN SALSH23417A990780]

22          registered to Mr. Harrison identified in Item 21 of the individual financial

23          statement signed by Mr. Harrison, dated March 10, 2011; and

**5.** The 2008 Chevrolet Van [VIN 1GAHG39K881116372] registered to Mr. Harrison identified in Item 21 of the individual financial statement signed by Mr. Harrison, dated March 10, 2011.

**B.** Effective upon the entry of this order, Virtucon shall surrender to the FTC all control, title, dominion, and interest in all funds held in the Credit Union 1 account ending in 2308, in the name of Virtucon, LLC.

**C.** To effect the surrender of the funds identified in subsections V.A.1-2 and V.B., the court directs that the entities holding the funds or their successors shall, within ten (10) business days of the date of entry of this order, remit the funds to the commission by certified check(s) or other guaranteed funds payable to the FTC, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the commission. To the extent any identified nonparty cannot comply with this subsection without the assistance of Mr. Harrison, such party must, within three (3) business days of receiving this order, notify Mr. Harrison and counsel for the commission of its inability to comply. Such notification shall specify the actions by Mr. Harrison that are necessary to comply with this order. Mr. Harrison shall immediately complete any action necessary to facilitate the identified nonparty's ability to timely comply with this subsection, and the failure of Mr. Harrison to complete such action within ten (10) days shall be deemed a violation of the order and interest at the rate prescribed in 28 U.S.C. § 1961(a) shall immediately begin to accrue.

**D.** In the event of default on any obligation to make payment under this order, interest, computed pursuant to 28 U.S.C. § 1961(a) shall accrue from the date of default to the date of payment. In the event such default continues for ten (10) calendar days beyond the date the payment is due, the entire amount of the judgment, less any

amounts previously paid pursuant to this order, together with interest, shall immediately become due and payable.  Mr. Harrison shall be liable for all payments required by this order and any interest on such payments.

**E.** Immediately upon entry of this order, Mr. Harrison shall deliver possession to the receiver of the assets identified in subsections V.A.3-5 (the "Harrison/Virtucon assets").  The receiver is hereby directed to market and sell the Harrison/Virtucon assets.  Mr. Harrison shall take all steps necessary to assist the receiver in the sale of the Harrison/Virtucon assets and shall not add any encumbrances on the Harrison/Virtucon assets.  Any transfer fees, taxes, or other payments mandated from the transferor under law shall be paid from the proceeds of each sale at the time such asset is sold.

**F.** All funds paid pursuant to this order shall be deposited into a fund administered by the commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to defendants' practices alleged in the complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Mr. Harrison shall have no right to challenge the commission's choice of remedies or the manner of distribution under this subsection.

**G.** No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

11

H. Mr. Harrison relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Mr. Harrison shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

I. Mr. Harrison agrees that the facts as alleged in the complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the commission to enforce its rights to any payment or money judgment pursuant to this order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Mr. Harrison further stipulates and agrees that the facts alleged in the complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this order shall have collateral estoppel effect for such purposes.

J. In accordance with 31 U.S.C. § 7701, Mr. Harrison is hereby required, unless he has done so already, to furnish to the commission his social security number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Mr. Harrison's relationship with the government.

K. Mr. Harrison agrees that he will not, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment made by him pursuant to this order.

## VI.
## RIGHT TO REOPEN

IT IS FURTHER ORDERED that:

A. The commission's agreement to and the court's approval of this order are expressly premised upon the truthfulness, accuracy, and completeness of Mr. Harrison's

12

1   financial statement dated March 10, 2011, and his responses to supplemental financial

2   questions, dated June 30, 2011 and October 27, 2011, (the "financial statements"), all

3   of which Mr. Harrison asserts are truthful, accurate, and complete.  Mr. Harrison and

4   the commission stipulate that Mr. Harrison's financial statements provide the basis

5   for the monetary judgment in Section V of this order and that the commission has

6   relied on the truthfulness, accuracy, and completeness of Mr. Harrison's financial

7   statements.

8   **B.** If, upon motion by the commission, this court finds that Mr. Harrison has: (1)

9   materially misstated in his financial statements, the value of any asset; (2) made any

10  material misrepresentation or omitted material information concerning his financial

11  condition by failing to disclose any asset that should have been disclosed in his

12  financial statements; or (3) made any other material misstatement or omission in his

13  financial statements, the court shall terminate the suspension of the monetary

14  judgment entered in Section V.  The court, without further adjudication, shall enter a

15  modified judgment holding Mr. Harrison liable to the commission in the amount of

16  one hundred thirty million dollars ($130,000,000) for equitable monetary relief, less

17  any amounts turned over to the FTC pursuant to Section V of this order.  Upon such

18  reinstatement of the monetary judgment, the court shall make an express

19  determination that the judgment shall become immediately due and payable by Mr.

20  Harrison and the commission shall be entitled to interest computed from the day of

21  entry of this order at the rate prescribed under 28 U.S.C. § 1961, as amended, on the

22  unpaid balance.  The commission shall be permitted to execute on the judgment

23  immediately after the suspension is lifted and engage in discovery in aid of execution.

24  **C.** Mr. Harrison acknowledges and agrees that: (1) this monetary judgment is equitable

25  monetary relief, solely remedial in nature, and not a fine, penalty, punitive

13

assessment, or forfeiture; (2) any proceedings instituted under this section would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this order; and (3) all money paid to satisfy the monetary judgment is irrevocably paid for purposes of settlement between the parties.

**D.** Should this order be modified pursuant to this section, this order, in all other respects, shall remain in full force and effect unless otherwise ordered by the court.

## VII.
## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that the defendants and their representatives, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, are permanently restrained and enjoined from:

**A.** Disclosing, using, or benefitting from customer information, including the name, address, telephone number, e-mail address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person that the defendants obtained prior to entry of this order in connection with the advertisement, marketing, promotion, offering for sale, or sale of any business coaching program; and

**B.** Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

14

1   *Provided, however*, that customer information need not be disposed of if currently under the

2   control of the commission or the court-appointed receiver.  Further, such information  may be

3   disclosed, to the extent requested by a government agency or required by a law, regulation, or

4   court order.

5

6                                **VIII.**
                    **LIFTING OF ASSET FREEZE**

7        **IT IS FURTHER ORDERED** that the freeze of Mr. Harrison's and Virtucon, LLC's

8   assets set forth in the preliminary injunction, entered by this court on March 25, 2011, shall be

9   lifted to the extent necessary to turn over the Harrison/Virtucon assets as required by Section V

10   of this order, and, shall be lifted permanently immediately upon completion of the turn-over.

11

12                                 **IX.**
    **APPOINTMENT OF RECEIVER TO LIQUIDATE ASSETS**

13        **IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC, the receiver

14   appointed by prior orders of this court, is hereby appointed receiver for the purpose of taking the

15   necessary steps to liquidate the Harrison/Virtucon assets, and pay any net proceeds to the FTC to

16   satisfy the monetary judgment in this order.  In carrying out these duties, the receiver shall be the

17   agent of this court, shall be accountable directly to this court, and is authorized and directed to:

18       **A.** Perform all acts necessary to protect, conserve, preserve, and prevent waste or

19            dissipation of the Harrison/Virtucon assets until their sale;

20       **B.** Sell the Harrison/Virtucon assets without further order of the court;

21       **C.** Enter into agreements in connection with the reasonable and necessary performance

22            of the receiver's duty to sell the Harrison/Virtucon assets, including, but not limited

23            to the retention of assistants, agents, or other professionals to assist in the sale of

24            these assets; and

25

**D.** Distribute to the commission, without further order of the court, the funds received from the sale of the Harrison/Virtucon assets.

## X.
## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the receiver and all personnel hired by the receiver, including counsel to the receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this order from the assets now held by, in the possession of, or which may be received by, the corporate defendants. The receiver shall apply to the court for approval of specific amounts of compensation and expenses, and must not increase the hourly rates used as the bases for such fee applications without prior approval of the court.

## XI.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Mr. Harrison obtain acknowledgments of receipt of this order:

**A.** Within seven (7) days of entry of this order, Mr. Harrison must submit to the commission an acknowledgment of receipt of this order sworn under penalty of perjury.

**B.** For five (5) years after entry of this order, Mr. Harrison for any business that he, individually or collectively with any other defendant named in the complaint, is the majority owner or directly or indirectly controls, must deliver a copy of this order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in telemarketing; and (3) any business entity resulting from any change in structure as set forth in Section XII below. Delivery must occur within seven (7) days of entry of this order for current personnel. To all others, delivery must occur before they assume their responsibilities.

**C.** From each individual or entity to which Mr. Harrison delivered a copy of this order, Mr. Harrison must obtain, within thirty (30) days, a signed and dated acknowledgement of receipt of this order.

## XII.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Mr. Harrison make timely submissions to the commission:

**A.** One (1) year after entry of this order, Mr. Harrison must submit a compliance report, sworn under penalty of perjury. Mr. Harrison must: (a) identify all telephone numbers and all e-mail, Internet, physical, and postal addresses, including all residences; (b) designate at least one telephone number and an e-mail, physical, and postal address as points of contact, which representatives of the commission may use to communicate with Mr. Harrison; (c) identify all of his businesses by all of their names, telephone numbers, and physical, postal, e-mail, and Internet addresses; (d) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant named in the complaint; (e) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; (f) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (g) describe in detail whether and how he is in compliance with each section of this order; and (h) provide a copy of each order acknowledgment obtained pursuant to this order, unless previously submitted to the commission;

**B.** For ten (10) years following entry of this order, Mr. Harrison must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

    **1.** the structure of any entity that he has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this order.

    **2.** Additionally, Mr. Harrison must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and Internet address, if any.

**C.** Mr. Harrison must submit to the commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against him within fourteen (14) days of its filing.

**D.** Any submission to the commission required by this order to be sworn under penalty of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

**E.** Unless otherwise directed by a commission representative in writing, all submissions to the commission pursuant to this order must be e-mailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for

Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin: FTC v. John H. Harrison (X110017).

## XIII.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Mr. Harrison must create certain records for ten (10) years after entry of the order, and retain each such record for ten (10) years.  Specifically, Mr. Harrison for any business in which he, individually or collectively with any other defendant named in the complaint, is a majority owner or controls either directly or through an agent or proxy, must maintain the following records:

**A.** Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

**B.** Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

**C.** Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

**D.** Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

**E.** All records necessary to demonstrate full compliance with each provision of this order, including all submissions to the commission; and

**F.** A copy of each advertisement or other marketing material.

# XIV.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Mr. Harrison's compliance with this order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this order:

A.  Within fourteen (14) days of receipt of a written request from a representative of the commission, Mr. Harrison must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Mr. Harrison, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this court seeking an order including one or more of the protections set forth in Rule 26(c).

B.  For matters concerning this order, the commission is authorized to communicate directly with Mr. Harrison.  Mr. Harrison must permit representatives of the commission to interview any employee or other person affiliated with any defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.  The commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Mr. Harrison or any individual or entity affiliated with him, without the necessity of identification or prior notice.  Nothing in this order limits the commission's lawful

use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C.

§§ 49, 57b-1.

## XV.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order.

**IT IS SO ORDERED**:

The Honorable James C. Mahan

UNITED STATES DISTRICT JUDGE

DATED: December 20, 2012

21

The parties consent to the terms and conditions set forth above and consent to entry of this stipulated final judgment and order for permanent injunction and monetary relief at the court's convenience and without further notice to the parties.

**FOR THE PLAINTIFF:**


_signature_   Dated: 12/18/12

SHAMEKA L. GAINEY
sgainey@ftc.gov
ROSS A. FELDMANN
rfeldmann@ftc.gov
Federal Trade commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
202-326-2570 (Gainey)
202-326-2207 (Feldmann)
202-326-3395 (Fax)

BLAINE T.WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff

FEDERAL TRADE COMMISSION

22

**FOR THE DEFENDANT:**

Dated: 7/20/2012

John H. Harrison

Dated: 7/25/2012

JEFFREY WILLIS, ESQ.
CHAD R. FEARS, ESQ.
CASEY G. PERKINS, ESQ.
SNELL & WILMER L.L.P.
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

Attorneys for Defendants

**<u>Certificate of Service</u>**

I hereby certify that on December 18, 2012, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Shameka L. Gainey</u>
Shameka L. Gainey