# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

IVY CAPITAL, INC., *et al.*,

    Defendants, and

CHERRYTREE HOLDINGS, LLC, *et al.*,

    Relief Defendants.

Case No. 2:11-cv-00283-JCM-GWF

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF**

Plaintiff, the Federal Trade Commission (the "FTC" or the "commission"), filed a complaint for permanent injunction and other equitable relief, including redress to consumers and disgorgement of ill-gotten gains (the "complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The FTC and defendant Kyle G. Kirschbaum ("Mr. Kirschbaum"), by and through their counsel, hereby stipulate to the entry of, and request the court to enter, this stipulated final judgment and order for permanent injunction and monetary relief ("order"), to resolve all matters of dispute between them in this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1

## **FINDINGS**

1.  This is an action by the commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing Act, 15 U.S.C. §§ 6101-6108.  The commission has authority to seek the relief contained herein;

2.  The complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's trade regulation rule entitled the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310;

3.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b);

4.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

5.  The activities of Mr. Kirschbaum, as alleged in the complaint, are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

6.  Mr. Kirschbaum has entered into this order freely and without coercion, and he acknowledges that he has read the provisions of this order, understands them, and is prepared to abide by them;

7.  The FTC and Mr. Kirschbaum, by and through their counsel, have agreed that the entry of this order resolves all matters in dispute between them arising from the complaint up to the date of entry of this order;

8.  This order is for settlement purposes only and does not constitute and shall not be interpreted to constitute an admission by Mr. Kirschbaum or a finding that the law has been violated as alleged in the complaint, or that the facts alleged in the complaint, other than the jurisdictional facts, are true;

9.  Mr. Kirschbaum waives all rights to seek appellate review or otherwise challenge or contest the validity of this order.  Mr. Kirschbaum further waives and releases any

1   claim he may have against the FTC, its employees, representatives, or agents

2   concerning the prosecution of this action to the date of this order;

3   **10.** Mr. Kirschbaum agrees that this order does not entitle him to seek or obtain

4   attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C.

5   § 2412, concerning the prosecution of this action to the date of this order.  Each

6   settling party shall bear its own costs and attorneys' fees; and

7   **11.** Entry of this order is in the public interest.

8                            **DEFINITIONS**

9   For the purpose of this order, the following definitions shall apply:

10  **1.** **"And"** and **"or"** shall be understood to have both conjunctive and disjunctive

11  meanings.

12  **2.** **"Asset"** means any legal or equitable interest in, right to, or claim to, any real,

13  personal, or intellectual property including, but not limited to, chattel, goods,

14  instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts,

15  mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts,

16  credits, receivables (as those terms are defined in the Uniform Commercial Code),

17  cash, trusts, including but not limited to asset protection trusts, and reserve funds or

18  other accounts associated with any payments processed on behalf of any defendant,

19  including, but not limited to, such reserve funds held by a payment processor, credit

20  card processor, or bank.

21  **3.** **"Assisting others"** includes, but is not limited to, providing any of the following

22  goods or services to another entity:  (1) performing customer service functions,

23  including, but not limited to, charging consumers for products or services, or

24  receiving or responding to consumer complaints; (2) drafting or providing, or

25  arranging for the drafting or provision of, any promotional material; (3) providing

3

names of, or assisting in the generation of, potential customers; (4) performing promotional or marketing services of any kind, or recruiting affiliates; or (5) processing credit and debit card payments.

4. **"Business coaching program"** means any program, plan, product, or service, including, but not limited to, those related to work-at-home-opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business. "Business coaching" shall not include providing services other than training or teaching, including, but not limited to, website design and search engine optimization.

5. **"Commission"** or **"FTC"** means the Federal Trade Commission.

6. **"Corporate defendants"** mean Ivy Capital, Inc., Fortune Learning System, LLC, Vianet, Inc., 3 Day MBA, LLC, Global Finance Group, LLC, Virtual Profit, LLC , ICI Development, LLC, Ivy Capital, LLC, Logic Solutions, LLC, Oxford Debt Holdings, LLC, Revsynergy, LLC, and Sell It Vizions, LLC; and their successors, assigns, affiliates or subsidiaries.

7. **"Defendants"** mean the individual defendants and the corporate defendants, individually, collectively, or in any combination. The relief defendants are expressly excluded from this definition.

8. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten

4

notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9. **"Individual defendants"** mean Kyle G. Kirschbaum, John H. Harrison, and Steven E. Lyman.

10. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11. **"Non-disparagement agreement"** means any contract or agreement that purports to prohibit purchasers from providing information, making statements, or otherwise communicating in any way about their experiences with any business coaching program or related goods and services, including but not limited to providing information to state, federal or non-governmental entities, filing complaints with any consumer protection entity, and engaging in discussions with other consumers through online forums or any other means.

12. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

13. **"Relief defendants"** mean Cherrytree Holdings, LLC, S&T Time, LLC, Virtucon LLC, Kierston Kirschbaum, Melyna Harrison, and Tracy Lyman.

14. **"Representatives"** mean defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this order by personal service or otherwise.

15. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

### I.
### BAN ON MARKETING OR SALE OF
### BUSINESS COACHING PROGRAMS

**IT IS THEREFORE ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

A. Advertising, marketing, promoting, offering for sale, or selling any business coaching program; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any business coaching program.

### II.
### PROHIBITED MISREPRESENTATIONS AND OTHER CONDUCT PROHIBITIONS

**IT IS FURTHER ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

A. Making, or assisting others in making, directly or by implication, any false or misleading statement or representation of material fact, including, but not limited to, any false or misleading statement that defendants or any other individual or entity will provide a refund to consumers who request one within a specified time period;

6

**B.** Failing to disclose or to disclose adequately to consumers material aspects of any refund policy; and

**C.** Requiring consumers to sign a non-disparagement agreement as a condition of receiving a refund.

### III.
### PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, defendants, and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, **are hereby permanently restrained and enjoined from** engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

**A.** Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature or essential characteristics of their products and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii);

**B.** Failing to disclose or to disclose adequately, in a clear and conspicuous manner, all material terms and conditions of any refund policy, in violation of Section 310.3(a)(1)(iii) of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that consumers must request a refund within a specified time period after purchase;

**C.** Misrepresenting, directly or by implication, material aspects of the nature and terms of any refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), including that they will provide refunds to consumers who request one within a specified time period;

**D.**  Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry (the "DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

    **1.**  the seller has obtained the express agreement, in writing, of such person to place calls to that person.  Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

    **2.**  the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of the defendant or any other individual or entity; and

**E.**  Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## IV.
## COOPERATION PROVISION

**IT IS FURTHER ORDERED** that Mr. Kirschbaum shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the complaint, cooperate in good faith with the FTC and any other governmental agency or entity, and appear at such places and times as the FTC or any other governmental agency or entity shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC or any other governmental agency or entity.  If requested in writing by the FTC or any other governmental agency or entity, Mr. Kirschbaum shall appear

and provide truthful testimony in any trial, deposition, or other proceeding related to, or associated with, the transactions or the occurrences that are the subject of the complaint, without the service of a subpoena upon him.

## V.
### MONETARY RELIEF

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the commission and against Mr. Kirschbaum, jointly and severally with all other defendants found liable in this case, in the amount of one hundred thirty million dollars ($130,000,000), as equitable monetary relief for consumer injury; provided, however, that subject to the provisions of Section VI, this judgment shall be suspended as to Mr. Kirschbaum upon Mr. Kirschbaum's completion of the requirements stated in subsections A, B, C and E of this section.

A. Effective upon the entry of this order, Mr. Kirschbaum shall surrender to the FTC all control, title, dominion, and interest in the following assets:

　1. All funds held in the Bank of America, N.A. account ending in 9390, in the name of Kyle and/or Kierston Kirschbaum, individually or jointly;

　2. The 2007 Cadillac Escalade [VIN 1gyfk63867r118434] registered to Kierston Kirschbaum identified in Item 21 of the individual financial statement signed by Kierston Kirschbaum, dated March 13, 2011; and

　3. The 2006 BMW 750Li [VIN wbahn83546dt60428] registered to Mr. Kirschbaum identified in Item 21 of the individual financial statement signed by Mr. Kirschbaum, dated March 11, 2011.

B. Effective upon the entry of this order, Cherrytree Holdings, LLC shall surrender to the FTC all control, title, dominion, and interest in the following assets:

　1. All funds held in the Bank of America, N.A. accounts ending in 6232, 4576, and 4589, in the name of Cherrytree Holdings, LLC;

        **2.** The residential property located at 1025 Coronado Peak Avenue, Las Vegas, Nevada 89183, identified in Attachment 2 to Mr. Kirschbaum's Responses to Supplemental Financial Questions, signed by Mr. Kirschbaum, dated July 11, 2011;

**C.** To effect the surrender of the funds identified in subsections V.A.1 and V.B.1, the court directs that the entities holding the funds or their successors shall, within ten (10) business days of the date of entry of this order, remit the funds to the commission by certified check(s) or other guaranteed funds payable to the FTC, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the commission. To the extent any identified nonparty cannot comply with this subsection without the assistance of Mr. Kirschbaum, such party must, within three (3) business days of receiving this order, notify Mr. Kirschbaum and counsel for the commission of its inability to comply. Such notification shall specify the actions by Mr. Kirschbaum that are necessary to comply with this order. Mr. Kirschbaum shall immediately complete any action necessary to facilitate the identified nonparty's ability to timely comply with this subsection, and the failure of Mr. Kirschbaum to complete such action within ten (10) days shall be deemed a violation of the order and interest at the rate prescribed in 28 U.S.C. § 1961(a) shall immediately begin to accrue.

**D.** In the event of default on any obligation to make payment under this order, interest, computed pursuant to 28 U.S.C. § 1961(a) shall accrue from the date of default to the date of payment. In the event such default continues for ten (10) calendar days beyond the date the payment is due, the entire amount of the judgment, less any amounts previously paid pursuant to this order, together with interest, shall immediately become due and payable. Mr. Kirschbaum shall be liable for all payments required by this order and any interest on such payments.

E. Immediately upon entry of this order, Mr. Kirschbaum shall deliver possession to the receiver of the assets identified in subsections V.A.2-3 and V.B.2 (the "Kirschbaum/Cherrytree assets"). The receiver is hereby directed to market and sell the Kirschbaum/Cherrytree assets. Mr. Kirschbaum shall take all steps necessary to assist the receiver in the sale of the Kirschbaum/Cherrytree assets and shall not add any encumbrances on the Kirschbaum/Cherrytree assets. Any transfer fees, taxes, or other payments mandated from the transferor under law shall be paid from the proceeds of each sale at the time such asset is sold.

F. All funds paid pursuant to this order shall be deposited into a fund administered by the commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Mr. Kirschbaum shall have no right to challenge the commission's choice of remedies or the manner of distribution under this subsection.

G. No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

H. Mr. Kirschbaum relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Mr. Kirschbaum shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

I. Mr. Kirschbaum agrees that the facts as alleged in the complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil

11

litigation pursued by the commission to enforce its rights to any payment or money judgment pursuant to this order, including, but not limited to, a nondischargeability complaint in any bankruptcy case.  Mr. Kirschbaum further stipulates and agrees that the facts alleged in the complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this order shall have collateral estoppel effect for such purposes.

**J.**  In accordance with 31 U.S.C. § 7701, Mr. Kirschbaum is hereby required, unless he has done so already, to furnish to the commission his social security number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Mr. Kirschbaum's relationship with the government.

**K.**  Mr. Kirschbaum agrees that he will not, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment made by him pursuant to this order.

**VI.**
**RIGHT TO REOPEN**

**IT IS FURTHER ORDERED** that:

**A.**  The commission's agreement to, and the court's approval of, this order are expressly premised upon the truthfulness, accuracy, and completeness of Mr. Kirschbaum's financial statement dated March 10, 2011, his responses to supplemental financial questions, dated July 11, 2011, and his declaration dated June 30, 2012 (the "financial statements"), all of which Mr. Kirschbaum asserts are truthful, accurate, and complete. Mr. Kirschbaum and the commission stipulate that Mr. Kirschbaum's financial statements provide the basis for the monetary judgment in Section V of this order and

12

that the commission has relied on the truthfulness, accuracy, and completeness of Mr. Kirschbaum's financial statements.

**B.** If, upon motion by the commission, this court finds that Mr. Kirschbaum has: (1) materially misstated in his financial statements, the value of any asset; (2) made any material misrepresentation or omitted material information concerning his financial condition by failing to disclose any asset that should have been disclosed in his financial statements; or (3) made any other material misstatement or omission in his financial statements, the court shall terminate the suspension of the monetary judgment entered in Section V. The court, without further adjudication, shall enter a modified judgment holding Mr. Kirschbaum liable to the commission in the amount of one hundred thirty million dollars ($130,000,000) for equitable monetary relief, less any amounts turned over to the FTC pursuant to Section V of this order. Upon such reinstatement of the monetary judgment, the court shall make an express determination that the judgment shall become immediately due and payable by Mr. Kirschbaum and the commission shall be entitled to interest computed from the day of entry of this order at the rate prescribed under 28 U.S.C. § 1961, as amended, on the unpaid balance. The commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution.

**C.** Mr. Kirschbaum acknowledges and agrees that: (1) this monetary judgment is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture; (2) any proceedings instituted under this Section would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this order; and (3) all money paid to satisfy the monetary judgment is irrevocably paid for purposes of settlement between the parties.

13

**D.** Should this order be modified pursuant to this section, this order, in all other respects, shall remain in full force and effect unless otherwise ordered by the court.

## VII.
## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that the defendants and their representatives, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, are permanently restrained and enjoined from:

**A.** Disclosing, using, or benefitting from customer information, including the name, address, telephone number, e-mail address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person that the defendants obtained prior to entry of this order in connection with the advertisement, marketing, promotion, offering for sale, or sale of any business coaching program; and

**B.** Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of if currently under the control of the commission or the court-appointed receiver. Further, such information may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

14

## VIII.
### LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of Mr. Kirschbaum's and Cherrytree Holdings, LLC's assets set forth in the preliminary injunction entered by this court on March 25, 2011, shall be lifted to the extent necessary to turn over the Kirschbaum/Cherrytree assets as required by Section V of this order, and, shall be lifted permanently immediately upon completion of the turn-over.

## IX.
### APPOINTMENT OF RECEIVER TO LIQUIDATE ASSETS

**IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC, the receiver appointed by prior orders of this court, is hereby appointed receiver for the purpose of taking the necessary steps to liquidate the Kirschbaum/Cherrytree assets turned over pursuant to Section V of this order, and pay any net proceeds to the FTC to satisfy the monetary judgment in this order. In carrying out these duties, the receiver shall be the agent of this court, shall be accountable directly to this court, and is authorized and directed to:

    **A.** Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of the Kirschaum/Cherrytree assets until their sale;

    **B.** Sell the Kirschbaum/Cherrytree assets without further order of the court;

    **C.** Enter into agreements in connection with the reasonable and necessary performance of the receiver's duty to sell the Kirschbaum/Cherrytree assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these assets; and

    **D.** Distribute to the commission, without further order of the court, the funds received from the sale of the Kirschbaum/Cherrytree assets.

## X.
## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the receiver and all personnel hired by the receiver, including counsel to the receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this order from the assets now held by, in the possession or control of, or which may be received by, the corporate defendants. The receiver shall apply to the court for approval of specific amounts of compensation and expenses, and must not increase the hourly rates used as the bases for such fee applications without prior approval of the court.

## XI.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Mr. Kirschbaum obtain acknowledgments of receipt of this order:

A. Within seven (7) days of entry of this order, Mr. Kirschbaum must submit to the commission an acknowledgment of receipt of this order sworn under penalty of perjury.

B. For five (5) years after entry of this order, Mr. Kirschabum for any business that he, individually or collectively with any other defendant named in the complaint, is the majority owner or directly or indirectly controls, must deliver a copy of this order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in telemarketing; and (3) any business entity resulting from any change in structure as set forth in Section XII below. Delivery must occur within seven (7) days of entry of this order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Mr. Kirschbaum delivered a copy of this order, Mr. Kirschbaum must obtain, within thirty (30) days, a signed and dated acknowledgement of receipt of this order.

16

# XII.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Mr. Kirschbaum make timely submissions to the commission:

    **A.** One (1) year after entry of this order, Mr. Kirschbaum must submit a compliance report, sworn under penalty of perjury. Mr. Kirschbaum must: (a) identify all telephone numbers and all e-mail, Internet, physical, and postal addresses, including all residences; (b) designate at least one telephone number and an e-mail, physical, and postal address as points of contact, which representatives of the commission may use to communicate with Mr. Kirschbaum; (c) identify all of his businesses by all of their names, telephone numbers, and physical, postal, e-mail, and Internet addresses; (d) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant named in the complaint; (e) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; (f) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (g) describe in detail whether and how he is in compliance with each section of this order; and (h) provide a copy of each order acknowledgment obtained pursuant to this order, unless previously submitted to the commission;

    **B.** For ten (10) years following entry of this order, Mr. Kirschbaum must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

        1. the structure of any entity that he has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this

17

order, including:  creation, merger, sale, or dissolution of the entity or any

subsidiary, parent, or affiliate that engages in any acts or practices subject to

this order.

    **2.**  Additionally, Mr. Kirschbaum must report any change in:  (a) name, including

aliases or fictitious names, or residence address; or (b) title or role in any

business activity, including any business for which he performs services

whether as an employee or otherwise and any entity in which he has any

ownership interest, and identify its name, physical address, and Internet

address, if any.

**C.**  Mr. Kirschbaum must submit to the commission notice of the filing of any

bankruptcy petition, insolvency proceeding, or any similar proceeding by or against

him within fourteen (14) days of its filing.

**D.**  Any submission to the commission required by this order to be sworn under penalty

of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by

concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed on: _____" and supplying

the date, signatory's full name, title (if applicable), and signature.

**E.**  Unless otherwise directed by a commission representative in writing, all submissions

to the commission pursuant to this order must be e-mailed to DEbrief@ftc.gov or sent

by overnight courier (not the U.S. Postal Service) to: Associate Director for

Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600

Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:

FTC v. Kyle G. Kirschbaum (X110017).

18

## XIII.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Mr. Kirschbaum must create certain records for ten (10) years after entry of this order, and retain each such record for ten (10) years. Specifically, Mr. Kirschbaum for any business in which he, individually or collectively with any other defendant named in the complaint, is a majority owner or controls either directly or through an agent or proxy, must maintain the following records:

    **A.** Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    **B.** Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    **C.** Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

    **D.** Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    **E.** All records necessary to demonstrate full compliance with each provision of this order, including all submissions to the commission; and

    **F.** A copy of each advertisement or other marketing material.

## XIV.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Mr. Kirschbaum's compliance with this order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this order:

    **A.** Within fourteen (14) days of receipt of a written request from a representative of the commission, Mr. Kirschbaum must: submit additional compliance reports or other

19

requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Mr. Kirschbaum, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this court seeking an order including one or more of the protections set forth in Rule 26(c).

**B.** For matters concerning this order, the commission is authorized to communicate directly with Mr. Kirschbaum.  Mr. Kirschbaum must permit representatives of the commission to interview any employee or other person affiliated with any defendant who has agreed to such an interview.  The person interviewed may have counsel present.

The commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Mr. Kirschbaum or any individual or entity affiliated with him, without the necessity of identification or prior notice. Nothing in this order limits the commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.
### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order.

**IT IS SO ORDERED:**

_James C. Mahan_

The Honorable James C. Mahan

UNITED STATES DISTRICT JUDGE
December 20, 2012
DATED: _____

21

1   The parties consent to the terms and conditions set forth above and consent to entry of this

2   stipulated final judgment and order for permanent injunction and monetary relief at the court's

3   convenience and without further notice to the parties.

4

5   **FOR THE PLAINTIFF:**

6

7

8

9   _Shameka L. Gainey_   Dated: 12/18/12

10

11   SHAMEKA L. GAINEY
    sgainey@ftc.gov

12   ROSS A. FELDMANN
    rfeldmann@ftc.gov

13   Federal Trade commission
    600 Pennsylvania Avenue, NW, H-286

14   Washington, DC 20580

15   202-326-2570 (Gainey)
    202-326-2207 (Feldmann)

16   202-326-3395 (Fax)

17   BLAINE T.WELSH
    blaine.welsh@usdoj.gov

18   Assistant United States Attorney
    Nevada Bar No. 4790

19   333 Las Vegas Blvd. South, Suite 5000

20   Las Vegas, NV 89101
    702-388-6336

21   702-388-6787 (Fax)

22   Attorneys for Plaintiff

23   FEDERAL TRADE COMMISSION

24

25

**FOR THE DEFENDANT:**

_____ Dated: 7-24-12

Kyle G. Kirschbaum

_____ Dated: 7/25/2012

JEFFREY WILLIS, ESQ.
CHAD R. FEARS, ESQ.
CASEY G. PERKINS, ESQ.
SNELL & WILMER L.L.P.
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

Attorneys for Defendants

23

**Certificate of Service**

I hereby certify that on December 18, 2012, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ Shameka L. Gainey
Shameka L. Gainey