1

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| 3   FEDERAL TRADE COMMISSION, | )  Case No. 2:11-cv-00283-JCM-<br>)  GWF |
| 4         Plaintiff, | ) |
| 5   v. | ) |
| 6   IVY CAPITAL, INC., *et al.*, | )  **STIPULATED FINAL**<br>)  **JUDGMENT AND ORDER**<br>)  **FOR PERMANENT** |
| 7         Defendants, and | )  **INJUNCTION AND**<br>)  **MONETARY RELIEF** |
| 8 | ) |
| 9   CHERRYTREE HOLDINGS, LLC, *et al.*, | ) |
| 10         Relief Defendants. | )<br>) |
| 11 | ) |

12        Plaintiff, the Federal Trade Commission (the "FTC" or the "commission"), filed a

13  complaint for permanent injunction and other equitable relief, including redress to consumers

14  and disgorgement of ill-gotten gains (the "complaint"), pursuant to Sections 13(b) and 19 of the

15  Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the

16  Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C.

17  §§ 6101-6108.  The FTC and defendants Christopher M. Zelig ("Mr. Zelig") and Zyzac

18  Commerce Solutions, Inc. ("Zyzac"), and relief defendant Curva, LLC ("Curva"), by and

19  through their counsel, hereby stipulate to the entry of, and request the court to enter, this

20  stipulated final judgment and order for permanent injunction and monetary relief ("order"), to

21  resolve all matters of dispute between them in this action.

22        **THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as

23  follows:

24

25

1

## FINDINGS

1. This is an action by the commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing Act, 15 U.S.C. §§ 6101-6108.  The commission has authority to seek the relief contained herein;

2. The complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's trade regulation rule entitled the Telemarketing Sales Rule (the "TSR"), 16 C.F.R. Part 310;

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b);

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

5. The activities of Mr. Zelig and Zyzac as alleged in the complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

6. Mr. Zelig and Zyzac and relief defendant Curva (collectively, the "settling defendants") have entered into this order freely and without coercion, and they acknowledge that they have read the provisions of this order, understand them, and are prepared to abide by them;

7. The FTC and the settling defendants, by and through their counsel, have agreed that the entry of this order resolves all matters in dispute between them arising from the complaint up to the date of entry of this order;

8. This order is for settlement purposes only and does not constitute and shall not be interpreted to constitute an admission by the settling defendants or a finding that the law has been violated as alleged in the complaint, or that the facts alleged in the complaint, other than the jurisdictional facts, are true;

9. The settling defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this order. The settling defendants further waive and release any claim they may have against the FTC, its employees, representatives, or agents concerning the prosecution of this action to the date of this order;

10. The settling defendants agree that this order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this order. Each settling party shall bear its own costs and attorneys' fees; and

11. Entry of this order is in the public interest.

## **DEFINITIONS**

For the purpose of this order, the following definitions shall apply:

1.  "**And**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

2.  "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

3.  "**Assisting others**" includes, but is not limited to, providing any of the following goods or services to another entity: (1) performing customer service functions,

3

including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing promotional or marketing services of any kind, including but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (5) processing credit and debit card payments.

4. **"Business coaching program"** means any program, plan, product, or service, including, but not limited to, those related to work-at-home-opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business. "Business coaching" shall not include providing services other than training or teaching, including, but not limited to, website design and search engine optimization.

5. **"Commission"** or **"FTC"** means the Federal Trade Commission.

6. **"Corporate defendant"** means Zyzac and its successors, assigns, affiliates or subsidiaries.

7. **"Defendants"** mean the individual defendant and the corporate defendant, individually, collectively, or in any combination.  The relief defendant is expressly excluded from this definition.

8. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten

notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9.  **"Individual defendant"** means Christopher M. Zelig.

10. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11. **"Non-Disparagement Agreement"** means any contract or agreement that purports to prohibit purchasers from providing information, making statements, or otherwise communicating in any way about their experiences with any business coaching program or related goods and services, including, but not limited to providing information to state, federal or non-governmental entities, filing complaints with any consumer protection entity, and engaging in discussions with other consumers through online forums or any other means.

12. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

13. **"Relief defendant"** means Curva, LLC.

14. **"Representatives"** means defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this order by personal service or otherwise.

15. **"Settling defendants"** mean Christopher M. Zelig, Zyzac Commerce Solutions, Inc. and Curva, LLC.

16. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

### I.
### BAN ON MARKETING OR SALE OF
### BUSINESS COACHING PROGRAMS

**IT IS THEREFORE ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

**A.** Advertising, marketing, promoting, offering for sale, or selling any business coaching program; and

**B.** Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any business coaching program.

### II.
### PROHIBITED MISREPRESENTATIONS AND OTHER CONDUCT PROHIBITIONS

**IT IS FURTHER ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

**A.** Making, or assisting others in making, directly or by implication, any false or misleading statement or representation of material fact, including, but not limited to, any false or misleading statement that defendants or any other individual or entity will provide a refund to consumers who request one within a specified time period;

**B.** Failing to disclose or to disclose adequately to consumers material aspects of any refund policy; and

**C.** Requiring consumers to sign a non-disparagement agreement as a condition of receiving a refund.

### III.
### PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, defendants, and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, **are hereby permanently restrained and enjoined from** engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

**A.** Misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature or essential characteristics of their products and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii);

**B.** Failing to disclose or to disclose adequately, in a clear and conspicuous manner, all material terms and conditions of any refund policy, in violation of Section 310.3(a)(1)(iii) of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that consumers must request a refund within a specified time period after purchase;

**C.** Misrepresenting, directly or by implication, material aspects of the nature and terms of any refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), including that they will provide refunds to consumers who request one within a specified time period;

7

**D.** Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry (the "DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

    **1.** the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

    **2.** the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of the defendant or any other individual or entity; and

**E.** Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## IV.
## COOPERATION PROVISION

**IT IS FURTHER ORDERED** that the settling defendants shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the complaint, cooperate in good faith with the FTC and any other governmental agency or entity, and appear at such places and times as the FTC or any other governmental agency or entity shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC or any other governmental agency or entity. If requested in writing by the FTC or any other governmental agency or entity, Settling defendants shall appear

and provide truthful testimony in any trial, deposition, or other proceeding related to, or associated with, the transactions or the occurrences that are the subject of the complaint, without the service of a subpoena upon them.

## V.
## MONETARY RELIEF

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the commission and against defendants, jointly and severally with all other defendants found liable in this case, in the amount of one hundred thirty million dollars ($130,000,000) as equitable monetary relief for consumer injury; provided, however, that subject to the provisions of Section VI, this judgment shall be suspended upon the corporate defendant's completion of the requirements stated in subsections A and B of this section.

Judgment is further entered in favor of the commission and against the relief defendant in the amount of six hundred seventy-nine thousand, four hundred fifty-four dollars and eighty-one cents ($679,454.81); provided, however, that subject to the provisions of Section VI, this judgment shall be suspended.

**A.** Effective upon the entry of this order, the corporate defendant shall surrender to the FTC all control, title, dominion, and interest in the following assets:

    **1.** All assets of the corporate defendant;

    **2.** All funds of the corporate defendant in the possession of the receiver.

**B.** To effect the surrender of the funds identified in subsection V.A.2, the court directs that the entities holding the funds or their successors shall, within ten (10) business days of the date of entry of this order, remit the funds to the commission by certified check(s) or other guaranteed funds payable to the FTC, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the commission. To the extent any identified nonparty cannot comply with this subsection without the assistance

of the corporate defendant, such party must, within three (3) business days of receiving
this order, notify the corporate defendant and counsel for the commission of its inability
to comply.  Such notification shall specify the actions by the corporate defendant that are
necessary to comply with this order.  The corporate defendant shall immediately
complete any action necessary to facilitate the identified nonparty's ability to timely
comply with this subsection, and the failure of corporate defendant to complete such
action within ten (10) days shall be deemed a violation of the order and interest at the rate
prescribed in 28 U.S.C. § 1961(a) shall immediately begin to accrue.

**C.** In the event of default on any obligation to make payment under this order, interest,
computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the
date of payment.  In the event such default continues for ten (10) calendar days beyond
the date the payment is due, the entire amount of the judgment, less any amounts
previously paid pursuant to this order, together with interest, shall immediately become
due and payable.  The corporate defendant shall be liable for all payments required by
this order and any interest on such payments.

**D.** All funds paid pursuant to this order shall be deposited into a fund administered by the
commission or its agents to be used for equitable relief, including, but not limited to,
redress to consumers, and any attendant expenses for the administration of such equitable
relief.  In the event that direct redress to consumers is wholly or partially impracticable or
funds remain after the redress is completed, the commission may apply any remaining
funds for such other equitable relief (including consumer information remedies) as it
determines to be reasonably related to the defendants' practices alleged in the complaint.
Any funds not used for such equitable relief shall be deposited to the United States
Treasury as disgorgement.  The corporate defendant shall have no right to challenge the
commission's choice of remedies or the manner of distribution under this subsection.

**E.** No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

**F.** The corporate defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. The corporate defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

**G.** The corporate defendant agrees that the facts as alleged in the complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the commission to enforce its rights to any payment or money judgment pursuant to this order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. The corporate defendant further stipulates and agrees that the facts alleged in the complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this order shall have collateral estoppel effect for such purposes.

**H.** In accordance with 31 U.S.C. § 7701, the corporate defendant is hereby required, unless it has done so already, to furnish to the commission its taxpayer identifying number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of the corporate defendant's relationship with the government.

**I.** The corporate defendant agrees that it will not, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment made by the corporate defendant pursuant to this order.

## VI.
## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

11

**A.** The commission's agreement to, and the court's approval of, this order are expressly premised upon the truthfulness, accuracy, and completeness of the settling defendants' financial statements dated March 11, 2011, April 14, 2011, May 1, 2012 and May 25, 2012 ("financial statements"), all of which the settling defendants assert are truthful, accurate, and complete. The settling defendants and the commission stipulate that the settling defendants' financial statements provide the basis for the monetary judgment in Section V of this order and that the commission has relied on the truthfulness, accuracy, and completeness of the settling defendants' financial statements.

**B.** If, upon motion by the commission, this court finds that the settling defendants have: (1) materially misstated in their financial statements the value of any asset; (2) made any material misrepresentation or omitted material information concerning their financial condition by failing to disclose any asset that should have been disclosed in their financial statements; or (3) made any other material misstatement or omission in their financial statements, the court shall terminate the suspension of the monetary judgment entered in Section V. The court, without further adjudication, shall enter a modified judgment holding defendants liable to the commission in the amount of one hundred thirty million dollars ($130,000,000), and the relief defendant liable in the amount of six hundred seventy-nine thousand, four hundred fifty-four dollars and eighty-one cents ($679,454.81) for equitable monetary relief, less any amounts turned over to the FTC pursuant to Section V of this order. Upon such reinstatement of the monetary judgment, the court shall make an express determination that the judgment shall become immediately due and payable by the settling defendants and the commission shall be entitled to interest computed from the day of entry of this order at the rate prescribed under 28 U.S.C. § 1961, as amended, on the unpaid balance. The commission shall be

permitted to execute on the judgment immediately after the suspension is lifted and
engage in discovery in aid of execution.

**C.** The settling defendants acknowledge and agree that: (1) this monetary judgment is
equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive
assessment, or forfeiture; (2) any proceedings instituted under this section would be in
addition to, and not in lieu of, any other civil or criminal remedies as may be provided by
law, including any other proceedings that the FTC may initiate to enforce this order; and
(3) all money paid to satisfy the monetary judgment is irrevocably paid for purposes of
settlement between the parties.

**D.** Should this order be modified pursuant to this section, this order, in all other respects,
shall remain in full force and effect unless otherwise ordered by the court.

## VII.
### PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that the defendants and their representatives, whether
acting directly or through any corporation, partnership, subsidiary, division, agent, or other
device, are permanently restrained and enjoined from:

**A.** Disclosing, using, or benefitting from customer information, including the name, address,
telephone number, e-mail address, social security number, other identifying information,
or any data that enables access to a customer's account (including a credit card, bank
account, or other financial account), of any person that the defendants obtained prior to
entry of this order in connection with the advertisement, marketing, promotion, offering
for sale, or sale of any business coaching program; and

**B.** Failing to dispose of such customer information in all forms in their possession, custody,
or control within thirty (30) days after entry of this order.  Disposal shall be by means

13

that protect against unauthorized access to the customer information, such as by burning,

pulverizing, or shredding any papers, and by erasing or destroying any electronic media,

to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of if currently under the

control of the commission or the court-appointed receiver.  Further, such information may be

disclosed, to the extent requested by a government agency or required by a law, regulation, or

court order.

## VIII.
## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of the settling defendants' assets set forth

in the preliminary injunction, entered by this court on March 25, 2011, shall be lifted to the

extent necessary to turn over the settling defendants' assets as required by Section V of this

order.

## IX.
## APPOINTMENT OF RECEIVER TO WIND DOWN
## CORPORATE DEFENDANT AND LIQUIDATE ASSETS

**IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC, the receiver

appointed by prior orders of this court, is hereby appointed receiver for the purpose of taking the

necessary steps to wind down the business of the corporate defendant, liquidate its assets, and

pay any net proceeds to the FTC to satisfy the monetary judgment in this order.  In carrying out

these duties, the receiver shall be the agent of this court, shall be accountable directly to this

court, and is authorized and directed to:

**A.** Take any and all steps that the receiver concludes are appropriate to wind down the

corporate defendant;

14

**B.** Continue to exercise full control over the Corporate Defendants and continue to collect, marshal, and take custody, control, and possession of all the funds, property, premises, accounts, documents, mail, and other assets of, or in the possession or under the control of the Corporate Defendants, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Corporate Defendants, with full power to collect, receive, and take possession of all goods, chattels, rights, credits, monies, effects, lands, leases, books and records, limited partnership records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Corporate Defendants ("Receivership Estate");

**C.** Continue to have full control over the management and personnel of the Corporate Defendants, including the authority to remove, as the receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the defendant from control of, management of, or participation in, the affairs of this defendant;

**D.** Take all steps necessary or advisable, including issuing subpoenas, to locate and liquidate all other assets of the Corporate Defendants, cancel the Corporate Defendants' contracts, collect on amounts owed to the Corporate Defendants, and take such other steps as may be necessary to wind-down, terminate, and dissolve the Corporate Defendants efficiently;

**E.** Take all steps necessary or advisable, including issuing subpoenas, to identify the name, address, telephone number, date of purchase, program or product purchased, total amount paid, amount of any full or partial refund or chargeback, and payment information for

consumers who were charged by the corporate defendant, and provide the FTC, upon

request, with any customer records or other business records of the corporate defendant;

**F.** Make payments and disbursements from the receivership estate that are necessary or

advisable for carrying out the directions of, or exercising the authority granted by, this

order. The receiver shall apply to the court for prior approval of any payment of any debt

or obligation incurred by the corporate defendant prior to the date of entry of the

temporary restraining order in this action, except payments that the receiver deems

necessary or advisable to secure and liquidate assets of the corporate defendant, such as

rental payments or payment of liens;

**G.** Continue to perform all acts necessary or advisable to complete an accounting of the

receivership assets, and prevent unauthorized transfer, withdrawal, or misapplication of

assets;

**H.** Continue to maintain accurate records of all receipts and expenditures that the firm makes

as receiver;

**I.** Enter into contracts and purchase insurance as advisable or necessary;

**J.** Continue to defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the receiver in the firm's role as

receiver, or against the corporate defendant, as the receiver deems necessary and

advisable to carry out the receiver's mandate under this order;

**K.** Continue to institute, compromise, adjust, appear in, intervene in, or become party to

such actions or proceedings in state, federal, or foreign courts or arbitration proceedings

as the receiver deems necessary and advisable to carry out the receiver's mandate under

this order;

16

**L.** Continue to maintain bank accounts created as designated depositories for funds of the corporate defendant, and make all payments and disbursements from the receivership estate from such an account;

**M.** Continue to perform all incidental acts that the receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

**N.** Continue to cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

**O.** Dispose of, or arrange for the disposal of, the records of the corporate defendant no later than six months after the court's approval of the receiver's final report as to the receivership estate, except that:

    **1.** to the extent that such records are reasonably available, the receiver shall arrange for records sufficient to ascertain the funds that an individual consumer paid to the corporate defendant and any refunds provided to individual consumers, to be retained for a minimum of one year from the entry of this order, and

    **2.** if state or local law regulating the corporate defendant's business requires the retention of particular records for a specified period, the receiver shall arrange for such records to be disposed of after the specified period has expired.

To safeguard the privacy of consumers, records containing personal financial information shall be shredded, incinerated, or otherwise disposed of in a secure manner. For records that must be retained, the receiver may elect to retain records in their original form or to retain photographic or electronic copies;

**P.** Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of the corporate defendant's assets until their sale;

**Q.** Sell the corporate defendant's assets without further order of the court;

**R.** Enter into agreements in connection with the reasonable and necessary performance of the receiver's duty to sell the corporate defendant's assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these assets; and

**S.** Distribute to the commission, without further order of the court, the funds received from the sale of the corporate defendant's assets.

## X.
## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the receiver and all personnel hired by the receiver, including counsel to the receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this order from the assets now held by, in the possession or control of, or which may be received by, the corporate defendant. The receiver shall apply to the court for approval of specific amounts of compensation and expenses, and must not increase the hourly rates used as the bases for such fee applications without prior approval of the court.

## XI.
## RECEIVER'S FINAL REPORT AND DISBURSEMENT

**IT IS FURTHER ORDERED** that:

**A.** The receiver shall, as directed in Section V of this order, liquidate the assets of the corporate defendant as soon as practicable. No later than sixty (60) days from the date of the entry of this order, the receiver shall file and serve on the parties a report (the "final report") to the court that details the steps taken to dissolve the receivership estate. The final report must include an accounting of the receivership estate's finances and total assets and a description of what other actions, if any, must be taken to wind down the corporate defendant.

18

**B.** The receiver shall mail copies of the final report to all known creditors of the corporate defendant with a notice stating that any objections to paying any assets of the corporate defendant to satisfy the receiver's costs and expenses and the monetary judgment set forth in this order must be submitted to the court and served by mail upon the receiver and the parties within thirty (30) days of the mailing of the final report.

**C.** No later than thirty (30) days after submission of the final report, the receiver shall file an application for payment of compensation and expenses associated with his performance of his duties as receiver.

**D.** The court will review the final report and any objections to the report and, absent a valid objection, will issue an order directing that the receiver:

    **1.** pay the reasonable costs and expenses of administering the receivership estate, including compensation of the receiver and the receiver's personnel authorized by Section X of this order or other orders of this court and the actual out-of-pocket costs incurred by the receiver in carrying out his duties; and

    **2.** pay all remaining funds to the FTC or its designated agent to reduce the monetary judgment in Section V.

**E.** If subsequent action (such as the completion of tax returns or further actions to recover funds for the receivership estate) is appropriate, the receiver shall file an additional report (a "supplemental report") describing the subsequent action and a subsequent application for the payment of fees and expenses related to the subsequent action.

**F.** With court approval, the receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a supplemental report. If the receiver does not make a supplemental application for fees and expenses within the specified period, or if funds remain in the reserve fund after the payment of fees and expenses approved by the court in response to such a supplemental application,

all funds in the reserve funds shall be immediately paid to the FTC or its designated

agent.

## XII.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the settling defendants obtain acknowledgments of

receipt of this order:

A.  Within seven (7) days of entry of this order, each settling defendant must submit to the
commission an acknowledgment of receipt of this order sworn under penalty of perjury.

B.  For five (5) years after entry of this order, Mr. Zelig for any business that he, individually
or collectively with any other defendant named in the complaint, is the majority owner or
directly or indirectly controls, and Zyzac, must deliver a copy of this order to: (1) all
principals, officers, directors, and managers; (2) all employees, agents, and
representatives who participate in telemarketing; and (3) any business entity resulting
from any change in structure as set forth in XIII below.  Delivery must occur within
seven (7) days of entry of this order for current personnel.  To all others, delivery must
occur before they assume their responsibilities.

C.  From each individual or entity to which a defendant delivered a copy of this order, that
defendant must obtain, within thirty (30) days, a signed and dated acknowledgement of
receipt of this order.

## XIII.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the defendants make timely submissions to the

commission:

**A.** One (1) year after entry of this order, the corporate defendant must submit a
compliance report, sworn under penalty of perjury.

    **1.** Zyzac must: (a) designate at least one telephone number and an e-mail,
physical, and postal address as points of contact, which representatives of the
commission may use to communicate with Zyzac; (b) identify all of Zyzac's
businesses by all of their names, telephone numbers, and physical, postal,
email, and Internet addresses; (c) describe the activities of each business,
including the products and services offered, the means of advertising,
marketing, and sales, and the involvement of any other defendant (which the
individual defendant must describe if he knows or should know due to his
own involvement); (d) describe in detail whether and how that defendant is in
compliance with each section of this order; and (e) provide a copy of each
order acknowledgment obtained pursuant to this order, unless previously
submitted to the commission;

    **2.** Additionally, Mr. Zelig must: (a) identify all telephone numbers and all e-
mail, Internet, physical, and postal addresses, including all residences; (b)
identify all titles and roles in all business activities, including any business for
which he performs services whether as an employee or otherwise and any
entity in which he has any ownership interest; and (c) describe in detail his
involvement in each such business, including title, role, responsibilities,
participation, authority, control, and any ownership.

**B.** For ten (10) years following entry of this order, the corporate defendant must submit
a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any
change in the following:

1.  Zyzac must report any change in:  (a) any designated point of contact; or (b) the structure of the corporate defendant or any entity that defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this order.

2.  Additionally, Mr. Zelig must report any change in:  (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.  Each defendant must submit to the commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such defendant within fourteen (14) days of its filing.

D.  Any submission to the commission required by this order to be sworn under penalty of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a commission representative in writing, all submissions to the commission pursuant to this order must be e-mailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:

FTC v. Christopher M. Zelig, Zyzac Commerce Solutions, Inc. and Curva, LLC
(X110017).

## XIV.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that the defendants must create certain records for ten
(10) years after entry of this order, and retain each such record for five (5) years.  Specifically,
for any business in which the corporate defendant or the individual defendant, individually or
collectively with any other defendant named in the complaint, is a majority owner or directly or
indirectly controls, must maintain the following records:

**A.** Accounting records showing the revenues from all goods or services sold, all costs
incurred in generating those revenues, and the resulting net profit or loss;

**B.** Personnel records showing, for each person providing services, whether as an employee
or otherwise, that person's:  name, addresses, and telephone numbers; job title or
position; dates of service; and, if applicable, the reason for termination;

**C.** Customer files showing the names, addresses, telephone numbers, dollar amounts paid,
and the quantity and description of goods or services purchased;

**D.** Complaints and refund requests, whether received directly or indirectly, such as through a
third party, and any response;

**E.** All records necessary to demonstrate full compliance with each provision of this order,
including all submissions to the commission; and

**F.** A copy of each advertisement or other marketing material.

## XV.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the defendants' compliance with this order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this order:

A. Within fourteen (14) days of receipt of a written request from a representative of the commission, each defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that the defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this court seeking an order including one or more of the protections set forth in Rule 26(c).

B. For matters concerning this order, the commission is authorized to communicate directly with each defendant. The defendants must permit representatives of the commission to interview any employee or other person affiliated with any defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the defendants or any individual or entity affiliated with the defendants, without the necessity of identification or prior notice. Nothing in this order limits the commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

24

## XVI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order.

**IT IS SO ORDERED:**

The Honorable James C. Mahan

UNITED STATES DISTRICT JUDGE

DATED: December 20, 2012

25

1    The parties consent to the terms and conditions set forth above and consent to entry of this

2    stipulated final judgment and order for permanent injunction and monetary relief at the court's

3    convenience and without further notice to the parties.

4

5    **FOR THE PLAINTIFF:**

6

7

8    _____   Dated: 12/18/12

9    SHAMEKA L. GAINEY
     sgainey@ftc.gov

10   ROSS A. FELDMANN
     rfeldmann@ftc.gov

11   Federal Trade commission
     600 Pennsylvania Avenue, NW, H-286

12   Washington, DC 20580
     202-326-2570 (Gainey)

13   202-326-2207 (Feldmann)
     202-326-3395 (Fax)

14

15   BLAINE T.WELSH
     blaine.welsh@usdoj.gov

16   Assistant United States Attorney
     Nevada Bar No. 4790

17   333 Las Vegas Blvd. South, Suite 5000

18   Las Vegas, NV 89101
     702-388-6336

19   702-388-6787 (Fax)

20   Attorneys for Plaintiff

21   FEDERAL TRADE COMMISSION

22

23

24

25

26

1  **FOR DEFENDANT ZELIG:**

2

3  _____   Dated: 7/27/2012
   Christopher M. Zelig
4

5

6

7  **FOR DEFENDANT ZYZAC:**

8

9  _____   Dated: 7/27/2012
   Christopher M. Zelig, as an officer of
10  Zyzac Commerce Solutions, Inc.

11

12

13  **FOR DEFENDANT CURVA:**

14

15  _____   Dated: 7/27/2012
   Christopher M. Zelig, as sole officer of
16  Curva, LLC

17

18

19

20

21

22

23

24

25

27

**COUNSEL FOR DEFENDANTS:**

Steven Zelig /KS     Dated: 7/31/12

STEVEN ZELIG
BRENTWOOD LEGAL SERVICES, LLP
11601 SAN VINCENTE BLVD., SUITE 1015
LOS ANGELES, CA  90049

## <u>Certificate of Service</u>

I hereby certify that on December 18, 2012, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Shameka L. Gainey</u>
Shameka L. Gainey