# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | Case No. 2:11-cv-00283-JCM-GWF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **STIPULATED FINAL** |
| IVY CAPITAL, INC., *et al.*, ) | **JUDGMENT AND ORDER** |
| ) | **FOR PERMANENT** |
| Defendants, and ) | **INJUNCTION AND** |
| ) | **MONETARY RELIEF** |
| CHERRYTREE HOLDINGS, LLC, *et al.*, ) | |
| ) | |
| Relief Defendants. ) | |
| ) | |
| ) | |

Plaintiff, the Federal Trade Commission (the "FTC" or the "commission"), filed a complaint for permanent injunction and other equitable relief, including redress to consumers and disgorgement of ill-gotten gains (the "complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The FTC and defendants Steven J. Sonnenberg ("Mr. Sonnenberg"), James G. Hanchett ("Mr. Hanchett"), Fortune Learning, LLC ("Fortune Learning") and The Shipper, LLC d/b/a Wholesalematch.com ("WSM"), by and through their counsel, hereby stipulate to the entry of, and request the court to enter, this stipulated final judgment and order for permanent injunction and monetary relief ("order"), to resolve all matters of dispute between them in this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:**

## FINDINGS

1. This is an action by the commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing Act, 15 U.S.C. §§ 6101-6108. The commission has authority to seek the relief contained herein;

2. The complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's trade regulation rule entitled the Telemarketing Sales Rule (the "TSR"), 16 C.F.R. Part 310;

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b);

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

5. The activities of the defendants as alleged in the commission's complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

6. The defendants have entered into this order freely and without coercion, and they acknowledge that they have read the provisions of this order, understand them, and are prepared to abide by them;

7. The FTC and the defendants, by and through their counsel, have agreed that the entry of this order resolves all matters in dispute between them arising from the complaint up to the date of entry of this order;

8. This order is for settlement purposes only and does not constitute and shall not be interpreted to constitute an admission by the defendants or a finding that the law has been violated as alleged in the complaint, or that the facts alleged in the complaint, other than the jurisdictional facts, are true;

2

9. The defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this order. The defendants further waive and release any claim they may have against the FTC, its employees, representatives, or agents concerning the prosecution of this action to the date of this order;

10. The defendants agree that this order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this order. Each settling party shall bear its own costs and attorneys' fees; and

11. Entry of this order is in the public interest.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. **"And" and "Or"** shall be understood to have both conjunctive and disjunctive meanings.

2. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

3. **"Assisting others"** includes, but is not limited to, providing any of the following goods or services to another entity: (1) performing customer service functions,

3

including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) drafting or providing, or arranging for the drafting or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing promotional or marketing services of any kind, or recruiting affiliates; or (5) processing credit and debit card payments.

4. **"Business coaching program"** means any program, plan, product, or service, including, but not limited to, those related to work-at-home-opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business. "Business coaching" shall not include providing services other than training or teaching, including, but not limited to, website design and search engine optimization.

5. **"Commission"** or **"FTC"** means the Federal Trade Commission.

6. **"Corporate defendants"** means Fortune Learning, WSM, and their successors, assigns, affiliates or subsidiaries.

7. **"Defendants"** means the individual defendants and the corporate defendants, individually, collectively, or in any combination.

8. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business

4

canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9. **"Individual defendants"** means Steven J. Sonnenberg and James G. Hanchett.

10. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11. **"Non-disparagement agreement"** means any contract or agreement that purports to prohibit purchasers from providing information, making statements, or otherwise communicating in any way about their experiences with any business coaching program or related goods and services, including but not limited to providing information to state, federal or non-governmental entities, filing complaints with any consumer protection entity, and engaging in discussions with other consumers through online forums or any other means.

12. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

13. **"Representatives"** means defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this order by personal service or otherwise.

14. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

5

# ORDER

## I.

## BAN ON MARKETING OR SALE OF
## BUSINESS COACHING PROGRAMS

**IT IS THEREFORE ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

    A. Advertising, marketing, promoting, offering for sale, or selling any business coaching program; and

    B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any business coaching program.

Nothing in this order shall prohibit Mr. Hanchett or Mr. Sonnenberg from working as, or under the direct supervision of, a licensed professional providing real estate, banking, legal, insurance, actuarial, construction, medical, dental, financial or accounting services.

## II.

## PROHIBITED MISREPRESENTATIONS AND OTHER CONDUCT PROHIBITIONS

**IT IS FURTHER ORDERED** that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are **hereby permanently restrained and enjoined from:**

    A. Making, or assisting others in making, directly or by implication, any false or misleading statement or representation of material fact, including, but not limited to, any false or

1     misleading statement that defendants or any other individual or entity will provide a

2     refund to consumers who request one within a specified time period;

3   **B.** Failing to disclose or to disclose adequately to consumers material aspects of any refund

4     policy; and

5   **C.** Requiring consumers to sign a non-disparagement agreement as a condition of receiving

6     a refund.

7

8
### III.
9
### PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

10     **IT IS FURTHER ORDERED** that, in connection with telemarketing, defendants, and

11 their representatives, whether acting directly or through any entity, corporation, subsidiary,

12 division, director, manager, member, affiliate, independent contractor, accountant, financial

13 advisor, or other device, **are hereby permanently restrained and enjoined from** engaging in

14 or causing or assisting other persons to engage in, violations of any provision of the TSR,

15 including, but not limited to, the following:

16   **A.** Misrepresenting, directly or by implication, in the sale of goods or services, any material

17     aspect of the performance, efficacy, nature or essential characteristics of their products

18     and services, in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. §

19     310.3(a)(2)(iii);

20   **B.** Failing to disclose or to disclose adequately in a clear and conspicuous manner, all

21     material terms and conditions of any refund policy, in violation of Section 310.3(a)(1)(iii)

22     of the TSR, 16 C.F.R. § 310.3(a)(1)(iii), including that consumers must request a refund

23     within a specified time period after purchase;

24   **C.** Misrepresenting, directly or by implication, material aspects of the nature and terms of

25     any refund policy in violation of Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. §

310.3(a)(2)(iv), including that they will provide refunds to consumers who request one within a specified time period;

D.  Initiating, or causing others to initiate, outbound telephone calls to telephone numbers on the National Do Not Call Registry (the "DNC Registry") in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless

   1.  the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

   2.  the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of the defendant or any other individual or entity; and

E.  Calling numbers on the DNC Registry without paying the annual fee necessary to access the list of numbers on the DNC Registry in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## IV.
## COOPERATION PROVISION

   **IT IS FURTHER ORDERED** that the defendants shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the complaint, cooperate in good faith with the FTC and any other governmental agency or entity, and appear at such places and times as the FTC or any other governmental agency or entity shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be

reasonably requested by the FTC or any other governmental agency or entity.  If requested in writing by the FTC or any other governmental agency or entity, the defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to, or associated with, the transactions or the occurrences that are the subject of the complaint, without the service of a subpoena upon them.

## V.
## MONETARY RELIEF

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the commission and against the defendants, jointly and severally with all other defendants found liable in this case, in the amount of one hundred thirty million dollars ($130,000,000) as equitable monetary relief for consumer injury; provided, however, that subject to the provisions of Section VI, this judgment shall be suspended upon defendants' completion of the requirements stated in subsections A, B and C of this section.

**A.** Effective upon the entry of this order, Mr. Hanchett shall surrender to the FTC all control, title, dominion, and interest in the  2007 Cadillac Escalade [Vin 1GYFK66887R176976] registered to Spincore, Inc. identified in Item 21 of the individual financial statement signed my Mr. Hanchett, dated March 3, 2011.

**B.** Effective upon the entry of this order, the corporate defendants shall surrender to the FTC all control, title, dominion, and interest in the following assets:

**1.** All assets of the corporate defendants;

**2.** All funds of any of the corporate defendants in the possession of the receiver.

**C.** To effect the surrender of the funds identified in subsection V.B.2, the court directs that the entities holding the funds or their successors shall, within ten (10) business days of the date of entry of this order, remit the funds to the commission by certified check(s) or other guaranteed funds payable to the FTC, Financial Management

1     Office, or by wire transfer in accordance with directions provided by counsel for the

2     commission.  To the extent any identified nonparty cannot comply with this subsection

3     without the assistance of one or more of the defendants, such party must, within three (3)

4     business days of receiving this order, notify the defendant(s) and counsel for the

5     commission of its inability to comply.  Such notification shall specify the actions by the

6     defendant(s) that are necessary to comply with this order.  The defendant(s) shall

7     immediately complete any action necessary to facilitate the identified nonparty's ability

8     to timely comply with this subsection, and the failure of the defendant(s) to complete

9     such action within ten (10) days shall be deemed a violation of this order and interest at

10     the rate prescribed in 28 U.S.C. § 1961(a) shall immediately begin to accrue.

11    **D.**  In the event of default on any obligation to make payment under this order, interest,

12       computed pursuant to 28 U.S.C. § 1961(a) shall accrue from the date of default to the

13       date of payment.  In the event such default continues for ten (10) calendar days beyond

14       the date the payment is due, the entire amount of the judgment, less any amounts

15       previously paid pursuant to this order, together with interest, shall immediately become

16       due and payable.  The defendants shall be liable for all payments required by this order

17       and any interest on such payments.

18    **E.**  Immediately upon entry of this order, Mr. Hanchett shall deliver possession to the

19       receiver the asset identified in subsection V.A. (the "Hanchett asset").  The receiver is

20       hereby directed to market and sell the Hanchett asset.  Mr. Hanchett shall take all steps

21       necessary to assist the receiver in the sale of the Hanchett asset and shall not add any

22       encumbrances on the Hanchett asset.  Any transfer fees, taxes or other payments

23       mandated from the transferor under law shall be paid from the proceeds of each sale at

24       the time such asset is sold.

25

**F.** All funds paid pursuant to this order shall be deposited into a fund administered by the commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The defendants shall have no right to challenge the commission's choice of remedies or the manner of distribution under this subsection.

**G.** No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

**H.** The defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. The defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

**I.** The defendants agree that the facts as alleged in the complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the commission to enforce its rights to any payment or money judgment pursuant to this order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. The defendants further stipulate and agree that the facts alleged in the complaint establish all elements necessary to sustain an action pursuant to section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this order shall have collateral estoppel effect for such purposes.

**J.** In accordance with 31 U.S.C. § 7701, the defendants are hereby required, unless they have done so already, to furnish to the commission their social security and taxpayer

11

1   identifying numbers, which shall be used for the purposes of collecting and reporting on

2   any delinquent amount arising out of defendants' relationship with the government.

3   K.  The defendants agree that they will not, whether acting directly or through any

4   corporation, partnership, subsidiary, division, agent, or other device, submit to any

5   federal or state tax authority any return, amended return, or other official document that

6   takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment

7   made by the defendants pursuant to this order.

## VI.
## RIGHT TO REOPEN

10  **IT IS FURTHER ORDERED** that:

11  A.  The commission's agreement to, and the court's approval of, this order are expressly

12  premised upon the truthfulness, accuracy, and completeness of the defendants' financial

13  statements dated March 3, 2011 (the "financial statements"), all of which the defendants

14  assert are truthful, accurate, and complete.  The defendants and the commission stipulate

15  that the defendants' financial statements provide the basis for the monetary judgment in

16  Section V of this order and that the commission has relied on the truthfulness, accuracy,

17  and completeness of the defendants' financial statements.

18  B.  If, upon motion by the commission, this court finds that the defendants have: (1)

19  materially misstated in their financial statements, the value of any asset; (2) made any

20  material misrepresentation or omitted material information concerning their financial

21  condition by failing to disclose any asset that should have been disclosed in their

22  financial statements; or (3) made any other material misstatement or omission in their

23  financial statements, the court shall terminate the suspension of the monetary judgment

24  entered in Section V.  The court, without further adjudication, shall enter a modified

25  judgment holding the defendants liable to the commission in the amount of one hundred

12

thirty million dollars ($130,000,000) for equitable monetary relief, less any amounts

turned over to the FTC pursuant to Section V of this order.  Upon such reinstatement of

the monetary judgment, the court shall make an express determination that the judgment

shall become immediately due and payable by the defendants and the commission shall

be entitled to interest computed from the day of entry of this order at the rate prescribed

under 28 U.S.C. § 1961, as amended, on the unpaid balance.  The commission shall be

permitted to execute on the judgment immediately after the suspension is lifted and

engage in discovery in aid of execution.

C. The defendants acknowledge and agree that: (1) this monetary judgment is equitable

monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or

forfeiture; (2) any proceedings instituted under this section would be in addition to, and

not in lieu of, any other civil or criminal remedies as may be provided by law, including

any other proceedings that the FTC may initiate to enforce this order; and (3) all money

paid to satisfy the monetary judgment is irrevocably paid for purposes of settlement

between the parties.

D. Should this order be modified pursuant to this section, this order, in all other respects,

shall remain in full force and effect unless otherwise ordered by the court.

## VII.
## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

IT IS FURTHER ORDERED that the defendants and their representatives, whether

acting directly or through any corporation, partnership, subsidiary, division, agent, or other

device, are permanently restrained and enjoined from:

A. Disclosing, using, or benefitting from customer information, including the name, address,

telephone number, e-mail address, social security number, other identifying information,

13

1     or any data that enables access to a customer's account (including a credit card, bank

2     account, or other financial account), of any person that the defendants obtained prior to

3     entry of this order in connection with the advertisement, marketing, promotion, offering

4     for sale, or sale of any business coaching program; and

5  **B.** Failing to dispose of such customer information in all forms in their possession, custody,

6     or control within thirty (30) days after entry of this order.  Disposal shall be by means

7     that protect against unauthorized access to the customer information, such as by burning,

8     pulverizing, or shredding any papers, and by erasing or destroying any electronic media,

9     to ensure that the customer information cannot practicably be read or reconstructed.

10  *Provided, however*, that customer information need not be disposed of if currently under the

11  control of the commission or the court-appointed receiver.  Further, such information may be

12  disclosed, to the extent requested by a government agency or required by a law, regulation, or

13  court order.

14

15  

**VIII.**
**LIFTING OF ASSET FREEZE**

16     **IT IS FURTHER ORDERED** that the freeze of the defendants' assets set forth in the

17  preliminary injunction entered by this court on March 25, 2011, shall be lifted to the extent

18  necessary to turn over the defendants' assets as required by Section V of this order.

19

20

21  

**IX.**
**APPOINTMENT OF RECEIVER TO WIND DOWN**
**CORPORATE DEFENDANTS AND LIQUIDATE ASSETS**

22     **IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC, the receiver

23  appointed by prior orders of this court, is hereby appointed receiver for the purpose of taking the

24  necessary steps to wind down the business of the corporate defendants, liquidate their assets, and

25  pay any net proceeds to the FTC to satisfy the monetary judgment in this order.  In carrying out

14

1    these duties, the receiver shall be the agent of this court, shall be accountable directly to this

2    court, and is authorized and directed to:

    3      A. Take any and all steps that the receiver concludes are appropriate to wind down the

4         corporate defendants;

    5      B. Continue to exercise full control over the corporate defendants and continue to collect,

6         marshal, and take custody, control, and possession of all the funds, property, premises,

7         accounts, documents, mail, and other assets of, or in the possession or under the control

8         of, the corporate defendants, wherever situated, the income and profits therefrom, and all

9         sums of money now or hereafter due or owing to the corporate defendants, with full

10        power to collect, receive, and take possession of all goods, chattels, rights, credits,

11        monies, effects, lands, leases, books and records, limited partnership records, work

12        papers, and records of accounts, including computer-maintained information, contracts,

13        financial records, monies on hand in banks and other financial institutions, and other

14        papers and documents of other individuals, partnerships, or corporations whose interests

15        are now held by or under the direction, possession, custody, or control of the corporate

16        defendants (the "receivership estate");

17      C. Continue to have full control over the management and personnel of the corporate

18        defendants, including the authority to remove, as the receiver deems necessary or

19        advisable, any director, officer, independent contractor, employee, or agent of these

20        defendants from control of, management of, or participation in, the affairs of these

21        defendants;

22      D. Take all steps necessary or advisable, including issuing subpoenas, to locate and liquidate

23        all other assets of the corporate defendants, cancel the corporate defendants' contracts,

24        collect on amounts owed to the corporate defendants, and take such other steps as may be

25        necessary to wind-down, terminate, and dissolve the corporate defendants efficiently;

E. Take all steps necessary or advisable, including issuing subpoenas, to identify the name, address, telephone number, date of purchase, program or product purchased, total amount paid, amount of any full or partial refund or chargeback, and payment information for consumers who were charged by the corporate defendants, and provide the FTC, upon request, with any customer records or other business records of the corporate defendants;

F. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this order. The receiver shall apply to the court for prior approval of any payment of any debt or obligation incurred by the corporate defendants prior to the date of entry of the temporary restraining order in this action, except payments that the receiver deems necessary or advisable to secure and liquidate assets of the corporate defendants, such as rental payments or payment of liens;

G. Continue to perform all acts necessary or advisable to complete an accounting of the receivership assets, and prevent unauthorized transfer, withdrawal, or misapplication of assets;

H. Continue to maintain accurate records of all receipts and expenditures that the firm makes as receiver;

I. Enter into contracts and purchase insurance as advisable or necessary;

J. Continue to defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the receiver in the firm's role as receiver, or against the corporate defendants, as the receiver deems necessary and advisable to carry out the receiver's mandate under this order;

K. Continue to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts or arbitration proceedings

16

as the receiver deems necessary and advisable to carry out the receiver's mandate under
this order;

L.  Continue to maintain bank accounts created as designated depositories for funds of the
corporate defendants, and make all payments and disbursements from the receivership
estate from such an account;

M.  Continue to perform all incidental acts that the receiver deems to be advisable or
necessary, which includes retaining, hiring, or dismissing any employees, independent
contractors, or agents;

N.  Continue to cooperate with reasonable requests for information or assistance from any
state or federal law enforcement agency;

O.  Dispose of, or arrange for the disposal of, the records of the corporate defendants no later
than six months after the court's approval of the receiver's final report as to the
receivership estate, except that:

1.  to the extent that such records are reasonably available, the receiver shall arrange
for records sufficient to ascertain the funds that an individual consumer paid to
the corporate defendants and any refunds provided to individual consumers, to be
retained for a minimum of one year from the entry of this order, and

2.  if state or local law regulating the corporate defendants' businesses requires the
retention of particular records for a specified period, the receiver shall arrange for
such records to be disposed of after the specified period has expired.

To safeguard the privacy of consumers, records containing personal financial information
shall be shredded, incinerated, or otherwise disposed of in a secure manner. For records
that must be retained, the receiver may elect to retain records in their original form or to
retain photographic or electronic copies;

17

**P.** Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of the corporate defendants' assets until their sale;

**Q.** Sell the corporate defendants' assets without further order of the court;

**R.** Enter into agreements in connection with the reasonable and necessary performance of the receiver's duty to sell the corporate defendant's assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these assets; and

**S.** Distribute to the commission, without further order of the court, the funds received from the sale of the corporate defendant's assets.

## X.
## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the receiver and all personnel hired by the receiver, including counsel to the receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this order from the assets now held by, in the possession or control of, or which may be received by, the corporate defendant. The receiver shall apply to the court for approval of specific amounts of compensation and expenses, and must not increase the hourly rates used as the bases for such fee applications without prior approval of the court.

## XI.
## RECEIVER'S FINAL REPORT AND DISBURSEMENT

**IT IS FURTHER ORDERED** that:

**A.** The receiver shall, as directed in Section V of this order, liquidate the assets of the corporate defendant as soon as practicable. No later than sixty (60) days from the date of the entry of this order, the receiver shall file and serve on the parties a report (the "final report") to the court that details the steps taken to dissolve the receivership estate. The final report must include an accounting of the receivership estate's finances and total

18

assets and a description of what other actions, if any, must be taken to wind down the corporate defendants.

B. The receiver shall mail copies of the final report to all known creditors of the corporate defendants with a notice stating that any objections to paying any assets of the corporate defendants to satisfy the receiver's costs and expenses and the monetary judgment set forth in this order must be submitted to the court and served by mail upon the receiver and the parties within thirty (30) days of the mailing of the final report.

C. No later than thirty (30) days after submission of the final report, the receiver shall file an application for payment of compensation and expenses associated with his performance of his duties as receiver.

D. The court will review the final report and any objections to the report and, absent a valid objection, will issue an order directing that the receiver:

    1. pay the reasonable costs and expenses of administering the receivership estate, including compensation of the receiver and the receiver's personnel authorized by Section X of this order or other orders of this court and the actual out-of-pocket costs incurred by the receiver in carrying out his duties; and

    2. pay all remaining funds to the FTC or its designated agent to reduce the monetary judgment in Section V.

E. If subsequent action (such as the completion of tax returns or further action to recover funds for the receivership estate) are appropriate, the receiver shall file an additional report (a "supplemental report") describing the subsequent actions and a subsequent application for the payment of fees and expenses related to the subsequent action.

F. With court approval, the receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a supplemental report. If the receiver does not make a supplemental application for fees and expenses

within the specified period, or if funds remain in the reserve fund after the payment of
fees and expenses approved by the court in response to such a supplemental application,
all funds in the reserve funds shall be immediately paid to the FTC or its designated
agent.

## XII.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the defendants obtain acknowledgments of receipt of
this order:

A.  Within seven (7) days of entry of this order, each defendant must submit to the
commission an acknowledgment of receipt of this order sworn under penalty of perjury.

B.  For five (5) years after entry of this order, each individual defendant for any business he,
individually or collectively with any other defendant named in the complaint, is the
majority owner or directly or indirectly controls, and corporate defendants, must deliver a
copy of this order to: (1) all principals, officers, directors, and managers; (2) all
employees, agents, and representatives who participate in telemarketing; and (3) any
business entity resulting from any change in structure as set forth in XIII below.  Delivery
must occur within seven (7) days of entry of this order for current personnel.  To all
others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a defendant delivered a copy of this order, that
defendant must obtain, within thirty (30) days, a signed and dated acknowledgement of
receipt of this order.

# XIII.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One (1) year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

    1. Each Corporate Defendant must: (a) designate at least one telephone number and an e-mail, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with defendants; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

    2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all e-mail, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

**B.** For ten (10) years following entry of this order, each corporate defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

    **1.** Each defendant must report any change in: (a) any designated point of contact; or (b) the structure of the corporate defendant or any entity that the defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this order.

    **2.** Additionally, each individual defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and Internet address, if any.

**C.** Each defendant must submit to the commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such defendant within fourteen (14) days of its filing.

**D.** Any submission to the commission required by this order to be sworn under penalty of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

**E.** Unless otherwise directed by a commission representative in writing, all submissions to the commission pursuant to this order must be e-mailed to DEbrief@ftc.gov or sent

by overnight courier (not the U.S. Postal Service) to: Associate Director for

Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600

Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin:

FTC v. Steven J. Sonnenberg, James G. Hanchett, Fortune Learning, LLC and The

Shipper, LLC d/b/a Wholesalematch.com (X110017).

## XIV.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten (10)
years after entry of the Order, and retain each such record for five (5) years. Specifically, for any
business in which Corporate Defendants or Individual Defendants, individually or collectively
with any other defendant named in the Complaint, is a majority owner or directly or indirectly
controls, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs
   incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee
   or otherwise, that person's: name, addresses, and telephone numbers; job title or
   position; dates of service; and, if applicable, the reason for termination;

C. Customer files showing the names, addresses, telephone numbers, dollar amounts paid,
   and the quantity and description of goods or services purchased;

D. Complaints and refund requests, whether received directly or indirectly, such as through a
   third party, and any response;

E. All records necessary to demonstrate full compliance with each provision of this Order,
   including all submissions to the Commission; and

F. A copy of each advertisement or other marketing material.

## XV.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the defendants' compliance with this order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this order:

A. Within fourteen (14) days of receipt of a written request from a representative of the commission, each defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this court seeking an order including one or more of the protections set forth in Rule 26(c).

B. For matters concerning this order, the commission is authorized to communicate directly with each defendant. The defendants must permit representatives of the commission to interview any employee or other person affiliated with any defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the defendants or any individual or entity affiliated with defendants, without the necessity of identification or prior notice. Nothing in this order limits the commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## XIV.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order.

IT IS SO ORDERED:

_____

The Honorable James C. Mahan

UNITED STATES DISTRICT JUDGE

DATED: December 20, 2012 _____

1   The parties consent to the terms and conditions set forth above and consent to entry of this

2   stipulated final judgment and order for permanent injunction and monetary relief at the court's

3   convenience and without further notice to the parties.

4

5   **FOR THE PLAINTIFF:**

6

7

8   _____    Dated:   12/18/12

9   SHAMEKA L. GAINEY

10   sgainey@ftc.gov
     ROSS A. FELDMANN

11   rfeldmann@ftc.gov
     Federal Trade Commission

12   600 Pennsylvania Avenue, NW, H-286
     Washington, DC 20580

13   202-326-2570 (Gainey)

14   202-326-2207 (Feldmann)
     202-326-3395 (Fax)

15

16   BLAINE T. WELSH
     blaine.welsh@usdoj.gov

17   Assistant United States Attorney
     Nevada Bar No. 4790

18   333 Las Vegas Blvd. South, Suite 5000
     Las Vegas, NV 89101

19   702-388-6336
     702-388-6787 (Fax)

20
     Attorneys for Plaintiff

21
     FEDERAL TRADE COMMISSION

22

23

24

25

1    FOR THE DEFENDANTS:

2

3    FOR DEFENDANT SONNENBERG:

4

5    Ste S---y          Dated: 7-26-12

6    Steven J. Sonnenberg

7

8    FOR DEFENDANT HANCHETT:

9    James G Hanchett    Dated: 7-26-12

10   James G. Hanchett

11

12   FOR DEFENDANT FORTUNE LEARNING:

13

14   James G Hanchett    Dated: 7-26-12

15   James G. Hanchett, as an officer of
     Fortune Learning, LLC.

16

17

18   FOR DEFENDANT WSM:

19

20   Ste S---y          Dated: 7-26-12

21   Steven J. Sonnenberg, as an officer of
     The Shipper, LLC d/b/a Wholesalematch.com

22

23

24

25

27

1 | COUNSEL FOR DEFENDANTS:

2

3

4 | _Matthew R. Howell_ Dated: 6-26-2012

5 | MATTHEW HOWELL, ESQ.
FILLMORE SPENCER LLC

6 | 3301 North University Avenue
Provo, UT 84604

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**<u>Certificate of Service</u>**

I hereby certify that on December 18, 2012, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Shameka L. Gainey</u>
Shameka L. Gainey