**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:11-cv-00283-JCM-GWF |
| Plaintiff, | |
| v. | **STIPULATED FINAL JUDGMENT AND ORDER FOR MONETARY RELIEF** |
| IVY CAPITAL, INC., *et al.*, | |
| Defendants, and | |
| CHERRYTREE HOLDINGS, LLC, *et al.*, | |
| Relief Defendants. | |

Plaintiff, the Federal Trade Commission (the "FTC" or the "commission") filed a complaint for permanent injunction and other equitable relief, including redress to consumers and disgorgement of ill-gotten gains ("complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The FTC and relief defendants S&T Time, LLC ("S&T Time") and Tracy Lyman ("Mrs. Lyman"), by and through their counsel, hereby stipulate to the entry of, and request the court to enter, this stipulated final judgment and order for monetary relief ("order"), to resolve all matters of dispute between them in this action.

1

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This is an action by the commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing Act, 15 U.S.C. §§ 6101-6108. The commission has authority to seek the relief contained herein;

2. The complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's trade regulation rule entitled the Telemarketing Sales Rule (the "TSR"), 16 C.F.R. Part 310;

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b);

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

5. The activities of defendants Ivy Capital, Inc., Fortune Learning System, LLC, Vianet, Inc., 3 Day MBA, LLC, Global Finance Group, LLC, Virtual Profit, LLC, ICI Development, LLC, Ivy Capital, LLC, Logic Solutions, LLC, Oxford Debt Holdings, LLC, Revsynergy, LLC, Sell It Vizions, LLC, Kyle G. Kirschbaum, John H. Harrison, and Steve E. Lyman, as alleged in the complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

6. Relief defendants S&T Time and Mrs. Lyman (collectively the "settling defendants") have entered into this order freely and without coercion, and they acknowledge that they have read the provisions of this order, understand them, and are prepared to abide by them;

7. The FTC and the settling defendants, by and through their counsel, have agreed that the entry of this order resolves all matters in dispute between them arising from the complaint in this action up to the date of entry of this order;

8. This order is for settlement purposes only, and does not constitute and shall not be interpreted to constitute an admission by the settling defendants or a finding that the law has been violated as alleged in the complaint or that the facts alleged in the complaint, other than the jurisdictional facts, are true;

9. The settling defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this order. The settling defendants further waive and release any claim they may have against the FTC, its employees, representatives, or agents concerning the prosecution of this action to the date of this order;

10. The settling defendants agree that this order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this order. Each settling party shall bear its own costs and attorneys' fees; and

11. Entry of this order is in the public interest.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. **"And"** and **"or"** shall be understood to have both conjunctive and disjunctive meanings.

2. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code),

cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

3. **"Commission"** or **"FTC"** means the Federal Trade Commission.

4. **"Corporate defendants"** mean Ivy Capital, Inc., Fortune Learning System, LLC, Vianet, Inc., 3 Day MBA, LLC, Global Finance Group, LLC, Virtual Profit, LLC, ICI Development, LLC, Ivy Capital, LLC, Logic Solutions, LLC, Oxford Debt Holdings, LLC, Revsynergy, LLC, and Sell It Vizions, LLC; and their successors, assigns, affiliates or subsidiaries.

5. **"Defendants"** mean the individual defendants and the corporate defendants, individually, collectively, or in any combination. The relief defendants are expressly excluded from this definition.

6. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. **"Individual defendants"** mean Kyle G. Kirschbaum, John H. Harrison, and Steven E. Lyman.

8. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

9. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

10. **"Relief defendants"** mean Cherrytree Holdings, LLC, S&T Time, LLC, Virtucon LLC, Kierston Kirschbaum, Melyna Harrison, and Tracy Lyman.

11. **"Settling defendants"** mean S&T Time, LLC and Tracy Lyman.

## ORDER

### I.
### COOPERATION PROVISION

**IT IS ORDERED** that the settling defendants shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the complaint, cooperate in good faith with the FTC and any other governmental agency or entity, and appear at such places and times as the FTC or any other governmental agency or entity shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC or any other governmental agency or entity. If requested in writing by the FTC or any other governmental agency or entity, the settling defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to, or

associated with, the transactions or the occurrences that are the subject of the complaint, without the service of a subpoena upon them.

## II.
## MONETARY RELIEF

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the commission and against Mrs. Lyman in the amount of five hundred seventy-two thousand, nine hundred eleven dollars ($572,911); provided, however, that subject to the provisions of Section III, this judgment shall be suspended upon Mrs. Lyman's completion of the requirements stated in subsections A, B and D of this section.

Judgment is further entered in favor of the commission and against S&T Time in the amount of eight hundred one thousand, six hundred eighty-one dollars and seventy-one cents ($801,681.71); provided, however, that subject to the provisions of Section III, this judgment shall be suspended.

  A. Effective upon the entry of this order, Mrs. Lyman shall surrender to the FTC all control, title, dominion, and interest in the following assets:

  1. All funds held in the Bank of America, N.A. account ending in 0146, in the name of Steven and/or Tracy Lyman, individually or jointly;

  2. All funds held in the Citibank, N.A. account ending in 5785, in the name of Steven and/or Tracy Lyman, individually or jointly;

  3. The residential property located at 511 Mandalay Court, Henderson, Nevada 89102, identified in Item 22 of the individual financial statements signed by Tracy Lyman, dated March 2, 2010 [sic], and Mr. Lyman, dated March 14, 2011;

|   |   |
|---|---|
| 1 | 4. The 2009 Cadillac SUV [VIN 1gyec63888r197440] registered to Tracy |
| 2 | Lyman identified in Item 21 of the individual financial statement signed by |
| 3 | Tracy Lyman, dated March 2, 2010 [sic]; and |
| 4 | 5. The 2009 Mercedes CIS Sedan [VIN wdddj72x27a083748] registered to Mr. |
| 5 | Lyman identified in Item 21 of the individual financial statement signed by |
| 6 | Tracy Lyman, dated March 2, 2010 [sic]. |

**B.** To effect the surrender of the funds identified in subsections II.A.1-2, the court directs that the entities holding the funds or their successors shall, within ten (10) business days of the date of entry of this order, remit the funds to the commission by certified check(s) or other guaranteed funds payable to the FTC, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the commission. To the extent any identified nonparty cannot comply with this subsection without the assistance of one or more of the settling defendants, such party must, within three (3) business days of receiving this order, notify the settling defendant(s) and counsel for the commission of its inability to comply. Such notification shall specify the actions by the settling defendant(s) that are necessary to comply with this order. The settling defendant(s) shall immediately complete any action necessary to facilitate the identified nonparty's ability to timely comply with this subsection, and the failure of the settling defendant(s) to complete such action within ten (10) days shall be deemed a violation of the order and interest at the rate prescribed in 28 U.S.C. § 1961(a) shall immediately begin to accrue.

**C.** In the event of default on any obligation to make payment under this order, interest, computed pursuant to 28 U.S.C. § 1961(a) shall accrue from the date of default to the date of payment. In the event such default continues for ten (10) calendar days beyond the date the payment is due, the entire amount of the judgment, less any

amounts previously paid pursuant to this order, together with interest, shall immediately become due and payable. The settling defendants shall be liable for all payments required by this order and any interest on such payments.

D. Immediately upon entry of this order, Mrs. Lyman shall deliver possession to the receiver of the assets identified in subsections II.A.3-5 (the "Lyman assets"). The receiver is hereby directed to market and sell the Lyman assets. Mrs. Lyman shall take all steps necessary to assist the receiver in the sale of the Lyman assets and shall not add any encumbrances on the Lyman assets. Any transfer fees, taxes, or other payments mandated from the transferor under law shall be paid from the proceeds of each sale at the time such asset is sold.

E. All funds paid pursuant to this order shall be deposited into a fund administered by the commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The settling defendants shall have no right to challenge the commission's choice of remedies or the manner of distribution under this subsection.

F. No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

G. The settling defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. The settling defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

H. The settling defendants agree that the facts as alleged in the complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the commission to enforce its rights to any payment or money judgment pursuant to this order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. The settling defendants further stipulate and agree that the facts alleged in the complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this order shall have collateral estoppel effect for such purposes.

I. In accordance with 31 U.S.C. § 7701, the settling defendants are hereby required, unless they have done so already, to furnish to the commission their taxpayer identifying number and social security number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of the settling defendants' relationship with the government.

J. The settling defendants agree that they will not, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment made by the settling defendants pursuant to this order.

## III.
## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A. The commission's agreement to and the court's approval of this order are expressly premised upon the truthfulness, accuracy, and completeness of the settling defendants' financial statements dated March 2, 2010 [sic] (the "financial statements"), all of which the settling defendants assert are truthful, accurate, and complete. The settling defendants and the commission stipulate that the settling defendants' financial statements provide the basis for the monetary judgment in Section II of this order and that the commission has relied on the truthfulness, accuracy, and completeness of the settling defendants' financial statements.

B. If, upon motion by the commission, this court finds that the settling defendants have: (1) materially misstated in their financial statements, the value of any asset; (2) made any material misrepresentation or omitted material information concerning their financial condition by failing to disclose any asset that should have been disclosed in their financial statements; or (3) made any other material misstatement or omission in their financial statements, the court shall terminate the suspension of the monetary judgment entered in Section II. The court, without further adjudication, shall enter a modified judgment holding the settling defendants liable to the commission in the amount of one million, three hundred seventy-four thousand, five hundred ninety-two dollars, and seventy cents ($1,374,592.70) for equitable monetary relief, less any amounts turned over to the FTC pursuant to Section II of this order. Upon such reinstatement of the monetary judgment, the court shall make an express determination that the judgment shall become immediately due and payable by the settling defendants and the commission shall be entitled to interest computed from the day of entry of

1  this order at the rate prescribed under 28 U.S.C. § 1961, as amended, on the
2  unpaid balance. The commission shall be permitted to execute on the judgment
3  immediately after the suspension is lifted and engage in discovery in aid of
4  execution.

5  **C.**  The settling defendants acknowledge and agree that: (1) this monetary judgment
6  is equitable monetary relief, solely remedial in nature, and not a fine, penalty,
7  punitive assessment, or forfeiture; (2) any proceedings instituted under this
8  section would be in addition to, and not in lieu of, any other civil or criminal
9  remedies as may be provided by law, including any other proceedings that the
10  FTC may initiate to enforce this order; and (3) all money paid to satisfy the
11  monetary judgment is irrevocably paid for purposes of settlement between the
12  parties.

13  **D.**  Should this order be modified pursuant to this section, this order, in all other
14  respects, shall remain in full force and effect unless otherwise ordered by the
15  court.

## IV.
## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of the settling defendants' assets set forth in the preliminary injunction, entered by this court on March 25, 2011, shall be lifted to the extent necessary to turn over the settling defendants' assets as required by Section II of this order, and, shall be lifted permanently immediately upon completion of the turn-over.

# V.
## APPOINTMENT OF RECEIVER TO LIQUIDATE ASSETS

**IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC, the receiver appointed by prior orders of this court, is hereby appointed receiver for the purpose of taking the necessary steps liquidate the assets of the settling defendants turned over pursuant to Section II of this order, and pay any net proceeds to the FTC to satisfy the monetary judgment in this order. In carrying out these duties, the receiver shall be the agent of this court, shall be accountable directly to this court, and is authorized and directed to:

A.  Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of the Lyman assets until their sale;

B.  Sell the Lyman assets without further order of the court;

C.  Enter into agreements in connection with the reasonable and necessary performance of the receiver's duty to sell the Lyman assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these assets; and

D.  Distribute to the commission, without further order of the court, the funds received from the sale of the Lyman assets.

# VI.
## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the receiver and all personnel hired by the receiver, including counsel to the receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this order from the assets now held by, in the possession or control of, or which may be received by, the corporate defendants. The receiver shall apply to the court for approval of specific amounts of compensation and expenses and must not increase the hourly rates used as the bases for such fee applications without prior approval of the court.

# VII.

# ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the settling defendants obtain acknowledgments of receipt of this order. Within seven (7) days of entry of this order, each settling defendant must submit to the commission an acknowledgment of receipt of this order sworn under penalty of perjury.

# VIII.
# COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the settling defendants' compliance with this order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this order:

    A. Within fourteen (14) days of receipt of a written request from a representative of the commission, each settling defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that the settling defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this court seeking an order including one or more of the protections set forth in Rule 26(c).

    B. For matters concerning this order, the commission is authorized to communicate directly with each settling defendant. The settling defendants must permit representatives of the commission to interview any employee or other person
13

affiliated with any settling defendant who has agreed to such an interview. The person interviewed may have counsel present.

## IX.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order.

**IT IS SO ORDERED:**

*/s/ James C. Mahan*

The Honorable James C. Mahan

UNITED STATES DISTRICT JUDGE

DATED: December 20, 2012

1 | The parties consent to the terms and conditions set forth above and consent to entry of this
2 | stipulated final judgment and order for monetary relief at the court's convenience and without
3 | further notice to the parties.

**FOR THE PLAINTIFF:**

_____  Dated: 12/18/12

SHAMEKA L. GAINEY
sgainey@ftc.gov
ROSS A. FELDMANN
rfeldmann@ftc.gov
Federal Trade commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
202-326-2570 (Gainey)
202-326-2207 (Feldmann)
202-326-3395 (Fax)

BLAINE T. WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff

FEDERAL TRADE COMMISSION

1  **FOR THE RELIEF DEFENDANTS:**

2  S&T Time, LLC

3
4  _____ Dated: 7-24-12
5  Tracy Lyman, Managing Member

6
7  _____ Dated: 7-24-12
8  Steven E. Lyman, Managing Member

9

10

11
12  _____ Dated: 7-24-12
13  Tracy Lyman

14

15

16

17

18  _____ Dated: 7/25/2012

19  JEFFREY WILLIS, ESQ.
20  CHAD R. FEARS, ESQ.
    CASEY G. PERKINS, ESQ.
21  SNELL & WILMER L.L.P.
    3883 HOWARD HUGHES PARKWAY, SUITE 1100
22  LAS VEGAS, NEVADA 89169

23  Attorneys for defendants

24

25

16

## Certificate of Service

I hereby certify that on December 18, 2012, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ Shameka L. Gainey
Shameka L. Gainey