1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7    FEDERAL TRADE COMMISSION,                2:11-CV-283 JCM (GWF)

8                      Plaintiff,

9    v.

10   IVY CAPITAL, INC., et al.,

11                      Defendants.

12

13                                          **ORDER**

14         Presently before the court is defendants', Dream Financial, Benjamin Hoskins, and Leanne

15   Hoskins, objection to the proposed order submitted by the Federal Trade Commission. (Doc. # 397).

16   The Federal Trade Commission ("FTC") filed a response in support of its proposed order. (Doc. #

17   398).

18         Also before the court is defendants', Benjamin Hoskins and Leanne Hoskins, motion for

19   district judge to reconsider order or to alter or amend its order on summary judgment. (Doc. # 399).

20   The FTC filed a response in opposition (doc. # 400), and the defendants filed a reply (doc. # 401).

21   **I.    Reconsider**

22         A motion for reconsideration "should not be granted, absent highly unusual circumstances."

23   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration "is

24   appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear

25   error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

26   controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1   Defendants move the court to reconsider two issues.  First, Benjamin Hoskins moves the

2   court to reconsider its finding of liability in the amount of $130 million, jointly and severally with

3   certain other defendants.  Second, Leanne Hoskins moves the court to reconsider its finding that she

4   disgorge $1.1 million in liability.

5   Neither defendant argues that there is newly discovered evidence or that there is an

6   intervening change law.  Rather, both defendants argue that the court's decision was manifestly

7   unjust.

8   As for Benjamin Hoskins, the court finds that liability in the amount of $130 million jointly

9   and severally with the other defendants (who settled with the FTC at this figure) is the appropriate

10  amount of restitution.  It is well settled that a "district court has broad authority under the FTC Act

11  to grant any ancillary relief necessary to accomplish complete justice, including the power to order

12  restitution." *FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009).  "Moreover, because the FTC

13  Act is designed to protect consumers from economic injuries, courts have often awarded the full

14  amount lost by consumers rather than limiting damages to a defendant's profits."  *Id.*; *FTC v.*

15  *Inc21.com Corp.*, 745 F.Supp.2d 975, 1011 (N.D. Cal. 2010) (stating the "FTC Act was designed

16  to protect consumers from economic injuries.  As such, courts have often awarded restitution in the

17  full amount of funds lost by consumers rather than limiting restitution solely to defendant's

18  profits.").

19  In this case, the court found that the mountain of evidence offered by the FTC demonstrated

20  that there was no genuine issue of material fact that Benjamin Hoskins, along with certain other

21  defendants who entered into a settlement with the FTC, bilked consumers out of $130,375,057.52.

22  Defendant is liable in the amount jointly and severally with those other defendants[1], just as many

23  other defendants are jointly and severally liable in the amount of $130,375,057.52 with Benjamin

24

25  [1] Those other defendants include: John H. Harrison; Kyle G. Kirschbaum; Steven E. Lyman; Christopher M.

26  Zelig; Steven J. Sonnenberg; James G. Hanchett;  Ivy Capital, Inc.; Fortune Learning System, LLC; Vianet, Inc.; 3 Day
    MBA, LLC; Global Finance Group, LLC; Virtual Profit, LLC; ICI Development, LLC; Ivy Capital, LLC; Logic

27  Solutions, LLC; Oxford Debt Holdings, LLC, Zytac Commerce Solutions, Inc.; Fortune Learning, LLC; The Shipper,
    LLC; Revsynergy, LLC; and, Sell it Vizions, LLC.  Additionally, there are more defendants who owe other amounts that

28  must be paid as restitution or in the form of disgorgement to those defrauded consumers.

James C. Mahan
U.S. District Judge

1    Hoskins.  The court denies the invitation to reconsider or alter its previous order.

2          Additionally, defendant has appealed this court's grant of summary judgment, including the

3    amount in liability, to the Ninth Circuit.  Defendant Benjamin Hoskins may make these arguments

4    to this Ninth Circuit on its de novo review.

5          Next, Leanne Hoskins argues that she should not have to disgorge $1.1 million in ill-gotten

6    gains she received from the Ivy Capital scam through Oxford Financial.  She argues that Oxford

7    Financial "just as likely" received the funds through legitimate sources other than Ivy Capital.

8    However, the mountain of undisputed evidence demonstrates otherwise.  The FTC provided

9    evidence that Ivy Capital passed $1.1 million to Oxford Financial.  The only evidence to the contrary

10   was Leanne Hoskins self-serving affidavit.  The court declines the invitation to reconsider or alter

11   its prior order.

12   **II.    Objections to the Proposed Order**

13         Defendants make five objections to the proposed judgment that the FTC submitted as per this

14   court's instructions in its summary judgment order.  The court will address each in turn.

15         *A.    Lifetime Ban on Telemarketing*

16         In its summary judgment order, the court found it appropriate to permanently enjoin

17   Benjamin Hoskins and Dream Financial from engaging in, or assisting others in, telemarketing.  The

18   FTC argues that a lifetime ban on these defendants is appropriate in light of the large scale of the

19   operation.

20         Section 13(b) of the FTC Act authorizes a court to issue a permanent injunction whenever

21   a defendant violates the laws in the act and when the defendant is likely to continue to violate those

22   laws.  *See F.T.C. v. H.N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982) ("We hold that section

23   13(b) gives the Commission the authority to seek, and gives the district court the authority to grant,

24   permanent injunctions in proper cases. . . .   We hold further that a routine fraud case is a proper

25   case.").

26         The court finds that a permanent injunction is appropriate in this case.  This case is more

27   egregious than a routine fraud case.  The primary defendants started a layered enterprise that bilked

28

James C. Mahan
U.S. District Judge

consumer out of more than $130 million.  One of the mechanisms they used to defraud their consumers was telemarketing.  The injunction is appropriate in this case.  The objection is overruled.

     *B.     Blanket Ban on Telemarketing*

     This court banned defendant Benjamin Hoskins and Dream Financial from telemarketing. The proposed order defines telemarketing as:

> any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

(Doc. # 394, proposed order at p. 5:11-13).

     In the settlement agreements approved by this court between the FTC and every other defendant, the orders prohibit the defendants from being involved in business coaching programs and deceptive and abusive telemarketing practices. Here, as against Benjamin Hoskins, the proposed order prohibits him from being involved in business coaching programs and any telemarketing as broadly defined above. (*Compare* doc. # 369, sections I-III *with* doc. # 394, sections I-III).

     The FTC counters by arguing that all the other defendants settled and received the language in those agreements though a negotiated agreement.  The point is well-taken.  However, the court finds that the language that enjoins the defendants from engaging in abusive telemarketing practices and business coaching to be more appropriate than a blanket telemarketing ban.  The telemarketing ban could be interpreted too broadly and prevent defendant from engaging in many types of business–which would prevent him from making money so that he can repay his victims.  The objections is granted and the new proposed order shall have language that restricts Benjamin Hoskins from engaging in abusive telemarketing activities as defined in the agreements this court has already approved.

     *C.    Definition of "Assisting Others"*

     Benjamin Hoskins and Dream Financial object to the definition of "assisting others" in the proposed order.  The term is defined as:

> includes, but is not limited to, providing any of the following goods or services to another entity; (1) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) drafting or providing, or arranging for the drafting or provision of, any promotional material;

1   (3) providing names of, or assisting in the generation of, potential customers; or (4)
    performing promotional or marketing services of any kind, or recruiting affiliates; or (5)
2   processing credit and debit card payments.

3   (Doc. # 394 at p. 3:10-17).

4          Defendants object because they argue the definition is overly broad. The FTC counters by

5   pointing out this is the same definition used in the settlement agreements already approved by the

6   court. This is true. The definitions are identical. The court approves of the definition. The

7   objection is overruled.

8          D.       Twenty Year Reporting Requirement

9          The proposed order would require defendant Benjamin Hoskins to comply with certain

10  reporting requirements for twenty years. This section differs for Benjamin Hoskins when compared

11  to the defendants that settled their cases with the FTC. The reporting requirements for the settling

12  defendants is for ten years.

13         The government argues that the settling defendants received concessions for settling. The

14  court agrees. Benjamin Hoskins could have settled the claims against him. However, he chose to

15  litigate the claims on the merits even though a mountain of evidence existed against him. The court

16  finds a twenty year reporting requirement is appropriate. The objection is overruled.

17         E.       Direct Contact

18         Benjamin and Leanne Hoskins object to the section in the proposed order that permits the

19  FTC to contact them directly about the enforcement of the order regardless of whether Benjamin or

20  Leanne Hoskins are represented by counsel. The FTC counters that the relevant section provides that

21  counsel may be present if either defendant wants their counsel to be present. The court agrees with

22  the FTC and the objection is overruled.

23  **III.   Conclusion**

24         In conclusion, the court denies the motion to reconsider in its entirety. The court overrules

25  the objections pertaining to a lifetime ban on abusive telemarketing practices, the definition of

26  "assisting others," the twenty year reporting requirement, and the direct contact provision. The

27  objection about the blanket ban on telemarketing is granted. The FTC is ordered to submit a revised

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  proposed judgment that mirrors the prior orders on the scope of the telemarketing ban–i.e., engaging

2  in abusive telemarketing practices is banned.

3          Accordingly,

4          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' objections to

5  the proposed order (doc. # 397) be, and the same hereby, is GRANTED in part and OVERRULED

6  in part consistent with the foregoing.

7          IT IS FURTHER ORDERED that defendants' motion for district judge to reconsider order

8  or to alter or amend its order (doc. # 399) be, and the same hereby, is DENIED.

9          DATED June 26, 2013.

10

11  _____

12  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 6 -