RANDOLPH L. HOWARD (Nev. SBN 006688)
  rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone:  (702) 362-7800
Facsimile:   (702) 362-9472

GARY OWEN CARIS (CA SBN 088918)
E-mail:  gcaris@mckennalong.com
LESLEY ANNE HAWES (CA SBN 117101)
E-mail:  lhawes@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071-3124
Telephone:  (213) 688-1000
Facsimile:   (213) 243-6330

Attorneys for Permanent Receiver
**ROBB EVANS & ASSOCIATES LLC**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IVY CAPITAL, INC., etc., et al.,<br><br>Defendants, and<br><br>CHERRYTREE HOLDINGS, LLC, etc., et al.<br><br>Relief Defendants. | CASE NO. 2:11-cv-00283-JCM-GWF<br><br>**ORDER GRANTING MOTION FOR ORDER: (1) APPROVING FINAL REPORT AND ACCOUNTING; (2) APPROVING SETTLEMENT; (3) ALLOWING CLAIMS AND APPROVING PLAN FOR DISTRIBUTION OF RECEIVERSHIP ASSETS; (4) APPROVING RECEIVER'S AND COUNSELS' FEES AND EXPENSES FROM SEPTEMBER 1, 2012 THROUGH CLOSING; (5) DISCHARGING RECEIVER; (6) RELIEVING RECEIVER OF ALL DUTIES AND LIABILITIES; (7) EXONERATING RECEIVER'S BOND; (8) AUTHORIZING ABANDONMENT AND DESTRUCTION OF RECORDS AND RELATED RELIEF; AND (9) GRANTING RELIEF PERTAINING TO NOTICE TO CREDITORS** |

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA 18077287.1

The matter of the Motion for Order: (1) Approving Final Report and Accounting; (2) Approving Settlement; (3) Allowing Claims and Approving Plan for Distribution of Receivership Assets; (4) Approving Receiver's and Counsels' Fees and Expenses from September 1, 2012 Through Closing; (5) Discharging Receiver; (6) Relieving Receiver of All Duties and Liabilities; (7) Exonerating Receiver's Bond; (8) Authorizing Abandonment and Destruction of Records and Related Relief; and (9) Granting Relief Pertaining to Notice to Creditors ("motion") filed by Robb Evans & Associates LLC ("receiver") as receiver of Ivy Capital, Inc. and other related and affiliated entities pursuant to the Preliminary Injunction issued March 25, 2011, came on regularly for determination by the Court, the Honorable James C. Mahan, United States District Judge presiding.  The Court, having reviewed and considered the motion and all pleadings and papers filed in support thereof, and responses or oppositions, if any, to the motion, and any reply, and good cause appearing therefor,

IT IS ORDERED as follows:

1. The motion and all relief sought therein is granted in its entirety;

2. Without limiting the generality of the foregoing:

A. The receiver's final report and the receiver's final accounting attached as exhibit 1 to the declaration of Brick Kane filed I support of the motion are hereby approved;

B. The receiver's proposed settlement agreement with the Church of Jesus Christ of Latter Day Saints ("LDS Church"), a copy of which is attached as exhibit 3 to the declaration of Brick Kane filed in support of the motion, is hereby approved;

C. The claims of non-consumer creditors, including trade and other non-consumer creditors and taxing authorities, against the receivership estate are hereby

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

LA 18077287.1

allowed in the amounts set forth on exhibit 2 to the declaration of Brick Kane filed in support of the motion;

    3.    The Receiver is authorized to distribute the remaining assets of the receivership estate, after payment of all receivership administrative expenses, including all outstanding receiver's fees and expenses and receiver's attorneys' fees and expenses, any other unpaid administrative expenses of the estate and satisfaction of the tax claims set forth on exhibit 2 to the declaration of Brick Kane filed in support of the motion (the "net receivership assets"), *pro rata* as to the allowed non-consumer creditor claims, and the consumer claims, with the receiver to make *pro rata* distribution payments to the holders of the allowed non-consumer creditor claims and with the receiver to turn over to the Federal Trade Commission ("FTC") an amount representing the *pro rata* portion of the net receivership assets attributable to the consumer claims and the FTC to be responsible for administration of any consumer distributions or redress; provided, however, that claims of non-consumer creditors in an amount of less than $312.00 shall not be paid a distribution, as reflected in exhibit 2 to the declaration of Brick Kane filed in support of the motion;

    4.    All actions and activities taken by or on behalf of the receiver and all payments made by the receiver in connection with the administration of the receivership estate are hereby approved and confirmed;

    5.    All receivership administrative expenses incurred in this receivership proceeding, including the receiver's fees and expenses and those of its professionals incurred in connection with the receivership proceeding, including those previously paid to the receiver and its counsel, are hereby approved, and all administrative expenses and receiver's and professionals' fees and expenses incurred during the period from September 1, 2012 through the closing of the receivership estate and the discharge of the receiver ("final expense period"), described and estimated in

- 3 -

the final accounting, are hereby approved and authorized to be paid from assets of the receivership estate;

6. The receiver is authorized to abandon and destroy the records of the receivership defendants and any other corporations or businesses under the control of any of the receivership defendants in the possession, custody or control of the receiver if, within 30 days after service of written notice to the FTC, the receiver has not been served with a written request by the FTC for possession of the records or a subpoena by a law enforcement agency for the records, and if during such 30-day period, the receiver is served with a written request for the records by the FTC or subpoena by a law enforcement agency for the records, authorizing the receiver to turn over the original records to the FTC or a law enforcement agency in response to the request or subpoena, and any assets not administered by the receiver as of the closing of the receivership estate are deemed abandoned;

7. Effective upon the completion of the receiver's wind up of the estate, payment of administrative expenses and final distribution of funds as provided herein, that the receiver, its agents, employees, members, officers, independent contractors, attorneys and representatives are: (a) discharged; (b) released from all claims and liabilities arising out of and/or pertaining to the receivership herein; and (c) relieved of all duties and responsibilities pertaining to the receivership previously established in this action;

8. The receiver's bond shall be exonerated effective upon the completion of the receiver's wind up of the estate, payment of administrative expenses and final distribution of funds as provided herein;

9. Notice of the motion is deemed to be sufficient under Local Civil Rule 66-5 and under the provisions of the final judgments entered by the court against the defendants in this action based on (a) service of the notice of the filing of this motion, the motion and all supporting pleadings and papers on all parties, and (b)

LA 18077287.1

service of the notice of the filing of the motion on all known taxing authorities with claims and non-consumer creditors of the estate concurrent with the filing of this motion with the court

DATED: December 10, 2013.

_____
The Honorable James C. Mahan
United States District Court Judge

LA 18077287.1