UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

IVY CAPITAL, INC., et al.,

    Defendants.

2:11-CV-283 JCM (GWF)

## ORDER

Presently before the court is the individual defendants Benjamin and Leanne Hoskins' (hereinafter "defendants") motion for release of funds. (Doc. # 427). The plaintiff, the Federal Trade Commission ("FTC"), responded with its opposition to the motion, (doc. # 430), and the defendants replied (doc. # 434).

I.    Background

The FTC filed a complaint alleging that the defendants were deceptively telemarketing products and services that would purportedly assist consumers in developing their own lucrative internet business. (Doc. # 430). The FTC simultaneously moved the court for an *ex parte* temporary restraining order ("TRO") that froze the defendants' personal and corporate assets and appointed a receiver.

At a preliminary injunction hearing on March 23, 2011, the court outlined a procedure by which the defendants could request the release of limited funds for attorney's fees. On March 25, 2011, the court ordered the substantive provisions of the preliminary injunction to continue and the receivership to become permanent.

**James C. Mahan**
**U.S. District Judge**

In August 2011, the court ordered that the parties submit proposed budgets for litigation fees and costs. (Doc. # 229). The proposal (doc. # 236) was submitted and approved in November 2011. Since that time, the defendants have submitted and received payments for $181,592.11 of actual legal fees out of the assets currently subject to the freeze. The budget included expenses for: "pleadings and pre-discovery matters; discovery; dispositive motions; case management/planning; pre-trial and trial." (Doc. # 430). The budget did not include any expenses for an appeal. *Id.*

The court thereafter granted the plaintiff's motion for summary judgment on March 26, 2013. The case is currently pending appeal. On January 22, 2014, defendants' counsel contacted the receiver to submit the most recent invoice for legal fees totaling approximately $42,000. The receiver rejected the request, which resulted in the filing of the current motion.

II.     Legal Standard

"It is fundamental that the mere pendency of an appeal does not, in itself, disturb the finality of a judgment." *Wedbush, Noble, Cooke, Inc. v. S.E.C.*, 714 F.2d 923, 924 (9th Cir. 1983) (*citing Hovey v. McDonald*, 109 U.S. 150, 161 (1883)).

Furthermore, "[a] defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that [the] defendant will be able to retain the attorney of his choice." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989).

Therefore, once a case has been fully adjudicated on the merits, "[the defendant] has no right to use any of the frozen money for his own purposes," and all frozen assets, whether a "product of fraud or necessary to compensate the victims of the fraud for their losses," must be used to compensate victims before satisfying attorney's fees. *F.T.C. v. Think Achievement Corp.*, 312 F.3d 259, 262 (7th Cir. 2002); *see also CFTC v. Noble Metals Int'l*, 67 F.3d 766, 775 (9th Cir. 1995) (holding that a court may completely forbid payment of attorney's fees out of frozen assets, and when frozen assets fall short of amount needed to compensate victims there is "reason enough" to deny attorney's fees). This is especially true when counsel is aware of the frozen assets and therefore assumes the risk that those funds will not be released. *See FTC v. Sharp*, 1991 U.S. Dist. LEXIS

James C. Mahan
U.S. District Judge

- 2 -

19295, at *4 (D. Nev. July 23, 1991).

III. Discussion

In the instant case, because the court has awarded summary judgment on the merits in favor of the FTC, it is entitled to the frozen assets in order to enforce the court's judgment. Allowing the defendants to further deplete the funds would be unfair to the victims of the defendants' fraud. Such payment would be inequitable especially in light of the fact that the defendants' counsel was aware of the frozen assets and failed to get appellate fees included in the approved budget.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion for release of funds (doc. # 427) be, and the same hereby is, DENIED.

DATED June 17, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**