David R. Koch (NV Bar No. 8830)
Daniel G. Scow (NV Bar No. 14614)
KOCH & SCOW LLC
11500 S. Eastern Avenue, Suite 210
Henderson, NV 89052
Telephone:   (702) 318-5040
Facsimile:    (702) 318-5039

Attorneys for Benjamin E. Hoskins, Leanne
Hoskins, Oxford Financial, LLC, Mowab, Inc., and
Dream Financial

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br>v.<br><br>IVY CAPITAL, INC. et al.,<br><br>          Defendants, and<br><br>CHERRYTREE HOLDINGS, LLC, et al.,<br><br>          Relief Defendants. | Case No.:  2:11-cv-00283-JCM-GWF<br><br><br><br>**MOTION FOR RELIEF AND/OR MODIFICATION OF JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF  [FRCP 60(b)]** |

Defendants Benjamin Hoskins and Dream Financial and relief defendants Leanne Hoskins, Oxford Financial LLC, and Mowab, Inc. move pursuant to Federal Rule of Civil Procedure 60(b) for relief from the equitable monetary relief portion of the Court's Final Judgment and Order for Permanent Injunction and Monetary Relief (Doc. # 409).  This motion is made on the grounds that the Supreme Court's recent decision in *AMG Capital Mgt., LLC v. Federal Trade Commission* negates the FTC's authority to obtain monetary relief on the basis entered by this Court.  Accordingly, applying the monetary relief portion of the Judgment is "no longer equitable" (*see* FRCP 60(b)(5)), and relief from this portion of the Judgment is justified, as provided by FRCP 60(b)(6).  This motion is based

1

on the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any argument that the Court may permit on the matter.

Date: May 25, 2021                                **KOCH & SCOW LLC**

                                   /s/ David R. Koch
                                   David R. Koch
                                   Attorneys for Benjamin E. Hoskins, Leanne
                                   Hoskins, Oxford Financial, LLC, Mowab, Inc., and
                                   Dream Financial

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Preliminary Statement**

Four weeks ago, the United States Supreme Court issued a landmark ruling, holding that the FTC does not have legal authority to seek, and a court does not have authority to award, equitable financial relief under Section 13(b) of the FTC Act. *AMG Capital Mgt., LLC v. Fed. Trade Commn.*, 141 S. Ct. 1341 (2021) (a copy of the AMG decision is attached as Exhibit 1). The *AMG* case originated in this District when the trial court awarded $1.3 billion in equitable monetary relief under Section 13(b) of the Federal Trade Commission Act. In reviewing that decision, the Supreme Court considered the question of whether Section 13(b) of the Federal Trade Commission Act "authorizes the Commission to seek, and a court to award, equitable monetary relief such as restitution or disgorgement" and ultimately concluded "it does not." The Supreme Court's decision removes the legal basis upon which monetary relief was awarded as part of the Judgment in this case.

In light of this important decision, Ben and Leanne Hoskins and their related entities move for relief pursuant to FRCP 60(b), requesting the Court to vacate the portion of the Judgment that granted the FTC's request for equitable monetary relief under Section 13(b). The Hoskins also request the Court to order the return of funds previously taken from these parties pursuant to the equitable monetary relief portion of the Judgment, as the transfer of such funds was not permissible. With monetary relief

removed from the Judgment, the relief defendants named solely for the purpose of disgorgement may also be removed from the Judgment.  The remainder of the Judgment imposing a permanent injunction on defined activities will not be affected by this motion.

II.    Procedural and Factual Background

A. The Judgment in this Case

The FTC filed this case seeking injunctive relief including a request for equitable monetary relief, asserting that "Section 13(b) of the FTC Act, 15 U.S.C. §53(b), empowers this Court to grant injunctive and such other relief . . . including . . . the disgorgement of ill-gotten monies…." (Complaint, ¶113.)  On July 5, 2013, the Court entered a Final Judgment and Order for Permanent Injunction and Monetary Relief (the "Judgment") (Doc. #409 – attached as Exhibit 3 to this Motion).  In the Judgment, the Court found that the FTC "has authority to seek the relief contained herein" based upon Section 13(b) of the FTC Act.  This included the FTC's request for "equitable monetary relief" against Ben Hoskins and Dream Financial and against relief defendants Leanne Hoskins, Oxford Financial, and Mowab.  (Judgment, 1:25-2:2; 8:1-23.)   The equitable monetary relief imposed on Ben Hoskins and Dream Financial totaled $133,964,484.44 plus interest.[1] (Doc. #439.)  The equitable monetary relief imposed on the relief defendants totaled $1,550,848.48.[2]  (Doc. #446.)

The Hoskins moved for reconsideration of the economic relief portion of the Judgment in 2013, explaining that the monetary relief ordered was "an economic death sentence." (Doc. #399.) The Court denied the motion for reconsideration, and the Hoskins

---

[1] The total monetary relief requested by the FTC and permitted by this court constituted the entire gross revenues of the Ivy Capital related companies for a period of four years.  While Ben Hoskins received only a small portion of the revenue as compensation as owner of certain of the companies, the relief requested by the FTC sought disgorgement of the entire gross revenues of the "enterprise" over the period of four years.

[2] The equitable monetary relief imposed against Leanne Hoskins was originally entered as $1,128,795.78, but after the case was remanded on appeal, the Court amended the judgment and imposed the same $1,529,292.25 plus prejudgment interest of $21,555.96 against Oxford and Leanne Hoskins jointly, rather than in separate amounts.

appealed the final judgment to the Ninth Circuit, explaining that the equitable monetary relief was improper.  But relying on its precedent allowing the FTC to obtain equitable monetary relief under Section 13(b), the Ninth Circuit upheld the monetary relief along with the remaining injunction provisions with Mandate issued October 28, 2015.  (*See* Docs. #441, 442, 444.)

As a result of the Judgment, the FTC transferred $283,175.41 in funds held in the financial accounts of Leanne Hoskins, Dream Financial, and Mowab.  (*See* Exs. 4, 5.) These funds were taken by the FTC solely based upon the equitable monetary relief ordered under Section 13(b).

### B.  The Supreme Court's Recent *AMG* Decision

The FTC's authority to obtain equitable monetary relief under Section 13(b) divided the Circuits, with the Supreme Court finally accepting the *AMG* case for review. On April 22, 2021, the Supreme Court issued its ruling and held that the FTC is not permitted to obtain monetary relief under Section 13(b) unless it has previously gone through an administrative process including the issuance of a formal cease-and-desist order.  The *AMG* trial court's decision imposing $1.3 billion in equitable monetary relief was vacated.  Another FTC case from this district was concurrently vacated on the same basis, as the Supreme Court vacated the $24 million equitable monetary relief award entered in *Publishers Business Services, Inc., et al adv. FTC*, District Court Case No. 2:08-cv-00620-PMP-PAL.  (*See* Supreme Court Order dated May 3, 2021, attached as Exhibit 2.)

This motion requests the same relief with the modification of the Judgment to vacate the equitable monetary relief included in the Judgment and to remove relief defendants Leanne Hoskins, Oxford Financial LLC, and Mowab, Inc. entirely from the case based upon this important legal decision.

### III.    Legal Standard

Rule 60(b)(6) provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any … reason that justifies relief." Fed.R.Civ.P. 60(b)(6).  This Rule provides courts with "a

grand reservoir of equitable power…to grant relief from a final judgment for 'any' reason that 'justifies relief.'" *Henson v. Fid. Natl. Fin., Inc.*, 943 F.3d 434, 439 (9th Cir. 2019).  In assessing relief under Rule 60(b)(6), courts "must consider all of the relevant circumstances surrounding the specific motion before the court in order to ensure that justice be done in light of all of the facts." *Id*.  The rule "gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Henson* at 443, quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

Additionally, Rule 60(b)(5) allows a court to relieve a party from a final judgment if "applying [the judgment] prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5).

There is no limitation to the time for a motion under Rule 60(b)(5) or (6), and a change in controlling law can "provide a sufficient basis for granting relief under Rule 60(b)(6)." *Henson* at 444.

The party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in the facts or law has occurred.  *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir.2000). "[O]nce a party carries this burden, a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Horne v. Flores*, 557 U.S. 433, 447, 129 S.Ct. 2579, 174 L.Ed.2d 406 (2009).

With the Supreme Court's express ruling that Section 13(b) does not authorize the FTC to obtain equitable monetary relief, the Court should modify the Judgment in this case under Rule 60(b)(6) and/or under 60(b)(5) by vacating the monetary portion of the Judgment so it is consistent with applicable law.

**IV.    The Monetary Relief Portion of the Judgment Should Be Vacated**

*AMG* addressed a legal scenario similar to this case. In *AMG*, the FTC requested a permanent injunction to prevent future violations of the FTC Act by a short-term lender. The FTC relied upon the same authority of Section 13(b) "to direct [defendant] to pay $1.27 billion in restitution and disgorgement."  *AMG*, 141 S.Ct. at 1343.  This was the same legal basis upon which the FTC sought and obtained this Court's order imposing restitution and disgorgement upon the Hoskins and related entities.

The Supreme Court held in *AMG* that "Section 13(b) does not authorize the Commission to seek, or a court to award, equitable monetary relief such as restitution or disgorgement." *AMG*, 141 S.Ct. at 1343. The Court further explained that "By its terms, [Section 13(b)] concerns prospective injunctive relief, not retrospective monetary relief." *Id*. Unless the FTC has previously "issued cease and desist orders" in administrative proceedings, the FTC cannot turn to the courts to impose monetary relief. *Id*. at 1349. The FTC did not use administrative proceedings here and did not issue a cease-and-desist order prior to filing this action. Under *AMG*, therefore, the FTC was not authorized to seek monetary relief under Section 13(b).

The *AMG* decision warrants relief from the Judgment in this case. The Ninth Circuit has already applied *AMG* in a recent case by vacating and remanding a preliminary injunction freezing a defendant's assets in an FTC proceeding. *See FTC v. VPL Medical, Inc.,* 2021 WL 1664404 (9th Cir. April 28, 2021) (unpublished disposition, a copy of which is attached hereto as Exhibit 6.)

With respect to the Rule 60(b)(6) relief being requested in light of *AMG*, the Ninth Circuit undertook a detailed review of the standards for Rule 60(b)(6) motions in the *Henson* case. There it applied six factors identified in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), in considering such a motion:

### 1. The Change in the Law

The first factor "considers the nature of the intervening change in the law." *Henson*, 943 F.3d at 446. Previously, the Ninth Circuit's decisions allowed the FTC to use Section 13(b) to obtain equitable monetary relief. The Supreme Court noted decisions such as *FTC v. Commerce Planet, Inc*. 815 F.3d 593, 598 (2016) and *FTC v. H.N. Singer, Inc.,* 668 F.2d 1107, 1113 (9th Cir. 1982) as upholding this interpretation, while noting that "two judges…expressed doubt as to the correctness of that precedent." *AMG*, 141 S.Ct. at 1345. The Court explained that it granted the petition and issued its ruling in light of "differences that have emerged among the Circuits as to the scope of §13(b)."

In deciding *AMG*, the Supreme Court entirely eliminated the legal authority for monetary relief used in this case. And at the same time it decided *AMG*, the Supreme Court also vacated and remanded a similar case in this District filed three years earlier than the present case. In *Publishers Business Services, Inc., et al adv. FTC*, District Court Case No. 2:08-cv-00620-PMP-PAL, the Court awarded monetary relief of $24 million under Section 13(b), but the Supreme Court vacated that judgment at the same time it decided *AMG*. (Ex. 2.)

This change in the law removes the basis of the monetary relief in this case. Any further enforcement of this portion of the Judgment would be improper. Accordingly, the equitable monetary relief portion of the Judgment (contained on page 8 of the Judgment), should be vacated in its entirety with all relief defendants removed from the case entirely.

## 2. Diligence in Pursuing Relief

The *AMG* decision was issued just weeks ago. The Hoskins immediately took action to prepare and file this motion, which is being filed just one month after the decision was issued. FRCP 60(c) states that a motion brought under Rule 60(b) "must be made within a reasonable time," and there is no specific time limitation for motions under Rule 60(b)(5) or (6).[3]

The Hoskins argued against the imposition of monetary relief throughout the underlying case and again on appeal. This Court and the Ninth Circuit followed its precedent allowing Section 13(b) to provide such relief, and the Hoskins' repeated requests to limit or reject the imposition of such financial relief were denied. It was not until the Supreme Court finally decided this issue last month that the Hoskins could pursue the relief requested here, and they have been diligent in doing so.

---

[3] Rule 60(c) sets a one-year limit for motions brought under 60(b)(1), (2), and (3) but has no time limitation for the other subsections.

### 3.      Reliance Interest in Finality of the Case

This motion affects only the equitable monetary relief portion of the Judgment.  It does not seek to vacate the other injunctive relief ordered by the Court, which comprises the majority of the Judgment.  With the remaining portions of the Judgment intact, any "reliance interest" on the finality of the case is not affected.

### 4.      Delay Between Judgment and the Rule 60(b)(6) Motion

There has been no delay in seeking the relief requested.  Though "a change in the law should not indefinitely render preexisting judgments subject to potential challenge," *Jones v. Ryan*, 733 F.3d 825, 840 (9th Cir. 2013), this motion does not challenge the Judgment in its entirety or the application of the FTC Act to the conduct at issue.  In *Henson*, the court granted a motion brought more than three years after entry of the underlying judgment, after a subsequent decision changed the legal basis for that judgment.  943 F.3d at 452.

Here, the only issue is whether the massive monetary relief can continue to be enforced.  The ongoing enforcement of such an award is not affected by any concerns of "delay," especially when equity governs the imposition of such relief.

### 5.      Relationship Between the Original Judgment and the Change in Law

Both *AMG* and this case were decided on the identical legal basis: the violation of the FTC Act and equitable monetary relief under Section 13(b).  The relationship between the change of law and this Judgment is direct, and there is no distinction between the necessary outcome in each case.

### 6.      Concerns of Comity

Comity does not come into play here, as this decision does not affect "independently sovereign state and federal judiciaries," and only deals with a single federal law that required a unified application and interpretation.  *See Henson*, at 453.

### 7.      Additional Considerations and "Weighing All Relevant Considerations"

In addition to the six listed *Phelps* factors, the Court should also weigh "all relevant considerations" when deciding a Rule 60(b)(6) motion.  *Henson*, at 455.  The Judgment

imposes over $133 million in equitable monetary relief upon the Hoskins, which was and continues to be a financial death sentence for the family, which received less than one-percent of the amount of the Judgment.  Requiring a single member of a multi-member LLC to be responsible for the entire gross revenues of multiple companies spanning a four-year period was always an extraordinary remedy, and with the *AMG* decision, any ongoing attempt to enforce the monetary relief portion of the Judgment would be improper and inequitable.

**V.      Rule 60(b)(5) Also Provides a Basis for Relief**

While the Court's "grand reservoir of equitable power" under 60(b)(6) is sufficient to vacate the Judgment's monetary provisions, Rule 60(b)(5) also allows the Court to vacate a judgment or order if "applying it prospectively is no longer equitable."  This rule provides a "flexible standard" to "vacate a continuing injunction entered some years ago in light of a *bona fide*, significant change in subsequent law."  *Bellevue Manor Assoc. v. U.S.*, 165 F.3d 1249, 1256 (9th Cir. 1999.)  The change in law may be "either statutory or decisional law," and "a court errs when it refuses to modify an injunction or consent decree in light of such changes."  *Agostini v. Felton*, 521 U.S. 203, 215, 117 S.Ct. 1997, 2006 (1997).

The ruling in AMG is a "significant change" in decisional law as it directly overturned Ninth Circuit precedent.  The FTC cannot use Section 13(b) to request or collect equitable monetary relief as it may have previously been able to do using Ninth Circuit decisions.  Accordingly, the Court should also vacate the monetary relief set forth in the Judgment in this case, as applying it prospectively is no longer equitable.

**VI.     The Relief Defendants Should Be Removed from the Judgment Entirely**

The sole basis to include Leanne Hoskins, Oxford Financial, and Mowab in this action was because they allegedly "received, directly or indirectly, funds, other assets, or both, from Defendants" and that they should be "required to disgorge the funds" in connection with the monetary relief sought by the FTC. (Complaint, ¶¶109, 110.)  None of these relief defendants were alleged to have violated the FTC Act themselves.  Because

the FTC did not have legal authority to seek disgorgement under Section 13(b), the inclusion of these relief defendants was not authorized under the law, and the Judgment should be modified to remove each of them as judgment debtors.

**VII.    Funds Previously Taken by the FTC Under the Auspice of Equitable Monetary Relief Should Be Returned**

After the Judgment in this case was entered, the FTC took possession of $283,175.41 in funds it had previously frozen in accounts of the relief defendants and of Dream Financial.  This included: (i) $106,622.11 from the account of Leanne M. Hoskins, (ii) $19,682.00 from Mowab, and (iii) $156,871.30 from Dream Financial.  The withdrawal from Leanne Hoskins account is listed on Exhibit 4, and each of the other transferred amounts come directly from the Receiver's Report filed as Doc. #393.  (Ex. 5.)  All of these funds were transferred based upon the ordered Section 13(b) relief.

If funds are collected under a judgment that is set aside, restitution of those funds is appropriate. The Restatement (First) of Restitution, Section 74 provides:

> A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is **entitled to restitution if the judgment is reversed or set aside**, unless restitution would be inequitable or the parties contract that payment is to be final.

In multiple contexts, courts are required to order restitution of funds that were obtained to satisfy a judgment that is later modified or reversed.  If an order is later declared void, for example, a court must award restitution for funds paid pursuant to the void order. *In re Graziadei*, 32 F.3d 1408, 1411 (9th Cir.1994); *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir.1985).  "When we hold an order void, we must, if requested undo the effect of that order and restore the parties to the status quo ante." *Graziadei*, 32 F.3d at 1411.  Well established principles of restitution permit a court, after being reversed, to order restitution. *Caldwell v. Puget Sound Elec. Apprenticeship and Training Tr.*, 824 F.2d 765, 767 (9th Cir. 1987), citing *Sanger Lumber Co. v. Western Lumber Exchange*, 11 F.2d 489,

492 (9th Cir.1926); *accord* Restatement on Restitution § 74 at 303 (1937) ("the tribunal which is reversed can on motion or on its own initiative direct that restitution be made").

Restitution of the $283,175.41 in funds taken from the accounts of Leanne Hoskins, Mowab, and Dream Financial is necessary here.  Without reliance on Section 13(b), these funds never would have been taken, and the relief defendants Leanne Hoskins, Mowab, and Oxford Financial never would have been included as parties in this proceeding. Accordingly, return of the funds should be ordered, and each of the relief defendants should be removed from the Judgment.

Date: May 25, 2021                                 **KOCH & SCOW LLC**

                                                   /s/ David R. Koch
                                                   David R. Koch
                                                   Attorneys for Benjamin E. Hoskins, Leanne
                                                   Hoskins, Oxford Financial, LLC, Mowab, Inc., and
                                                   Dream Financial

11

## DECLARATION OF LEANNE HOSKINS

I, Leanne Hoskins, declare and state as follows:

1.    I was named as a relief defendant in this case and have personal knowledge of the facts stated in this Declaration.  I make this Declaration in support of the Motion for Relief and/or Modification of Judgment and Order for Permanent Injunction and Monetary Relief.

2.    After the Judgment was entered in this case, the FTC took $106,622.11 in funds from my personal account at RBC on July 14, 2016, as listed on the Account Statement from July 31, 2016, a true and correct copy of which is attached hereto as Exhibit 4.

3.    Attached as Exhibit 5 is a true and correct copy of a portion of the Receiver's Report filed as part of Document 393.  This spreadsheet has been highlighted to show the amounts from each of the accounts for Mowab, Inc. and Dream Financial.

4.    The total amount of funds taken from my personal account and from the other relief defendant accounts is $126,304.11.  The total amount taken from Dream Financial accounts is $156,871.30.  The total of funds taken by the FTC was $283,175.41.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Date:  May 25, 2021                                    /s/ Leanne Hoskins
                                                                Leanne Hoskins

12

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing document with the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

Dated:          May 25, 2021                    /s/ Andrea Eshenbaugh
                                                     Andrea Eshenbaugh