UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>IVY CAPITAL, INC., et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:11-CV-283 JCM (GWF)<br><br>ORDER |

Presently before the court is defendants Benjamin Hoskins, Dream Financial, and relief defendants Leanne Hoskins, Oxford Financial LLC, and Mowab, Inc.'s (collectively "movants") motion for relief and/or modification of judgment and order for permanent injunction and monetary relief. (ECF No. 449). The Federal Trade Commission (the "FTC") filed a response (ECF No. 454), to which movants replied (ECF No. 457).

Also before the court is the FTC's motion to submit supplemental authority, (ECF No. 458), to which movants filed a response (ECF No. 459).[1]

I. **Background**

This long-closed matter arises from the recent decision in *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1345 (2021), where the Supreme Court held that section 13(b) of the Federal Trade Commission Act, 15 U. S. C. §53(b), does not authorize the FTC to seek, and a court to award, equitable monetary relief such as restitution or disgorgement.

In 2011, the FTC initiated this action against movants for their roles in a telemarketing scheme that defrauded consumers out of $130,375,057.52 in violation of section 5(a) of the FTC

---

[1] The court GRANTS the FTC's motion. The issues discussed in the FTC's proposed supplemental authority are relevant to this matter.

**James C. Mahan**
**U.S. District Judge**

1  Act and several provisions of the Telemarketing Sales Rule.  (ECF No. 1).  In March 2013, this
2  court granted summary judgment to the FTC, finding that movants "engaged in a complex scheme
3  designed to cheat consumers out of millions of dollars through a bogus business coaching program
4  and a variety of useless goods and services as add-ons to the program . . . ."  (ECF No. 392 at 3).

5        This court held that defendants Benjamin Hoskins and Dream Financial were liable for full
6  restitution—$130,375,057.52—by virtue of Benjamin's knowledge of the scheme and his
7  ownership in Dream Financial.  (ECF No. 392).  This court further held that relief defendants
8  Leanne Hoskins, Oxford Financial LLC, and Mowab, Inc. were independently liable for
9  $1,128,795.78, $1,529,292.25, and $203,118.40 respectively in disgorgement.  (*Id.*).

10        Specifically, the court held that "Section 13(b) of the FTC Act, 15 U.S.C. § 53(b),
11  authorizes a court to issue a permanent injunction whenever a defendant violates any of the laws
12  enforced by the FTC and is likely to continue to violate such laws. . . . [and] Where, as here,
13  consumers suffer economic injury resulting from the defendants' violations of the FTC Act, equity
14  requires monetary relief in the full amount lost by consumers."  (ECF No. 392 at 23, 25 (first citing
15  *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1112-13 (9th Cir. 1982), then citing *FTC v. Stefanchik*,
16  559 F.3d 924, 931 (9th Cir. 2009))).

17        Consistent with that order, this court entered judgment against movants on July 5, 2013.
18  (ECF No. 409).  Movants appealed this court's decision, (ECF Nos. 402, 410), and gained a
19  favorable amended judgment holding relief defendants jointly and severally liable instead of
20  independently liable.  (ECF Nos. 441, 444).

21        After that amended judgment was entered on January 6, 2016, this matter remained
22  dormant for over five years.  Then, on April 22, 2021, the Supreme Court issued the *AMG* decision.
23  Now, almost a decade after judgment was first entered and more than half a decade after litigation
24  ceased, movants seek relief from the amended judgment under Federal Rule of Civil Procedure
25  60(b)(5) and (6).

26  . . .

27  . . .

28  **II.**    **Legal Standard**

James C. Mahan
U.S. District Judge

- 2 -

Rule 60(b) "provides for reconsideration [from a judgment] only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

"A movant seeking relief under Rule 60(b)(6) must show ' "extraordinary circumstances" justifying the reopening of a final judgment.' " *Henson*, 943 F.3d at 443–44 (quoting *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013)). A change in law, alone, is not an extraordinary circumstance. *See Gonzalez*, 545 U.S. at 536 ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation [of the relevant statute].").

The Ninth Circuit has distilled the extraordinary-circumstances requirement for change-of-law-based Rule 60(b)(6) motions into a non-exhaustive list of six factors, considered flexibly and in their totality. *Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020). These factors include (1) the nature of the legal change, including whether the change in law resolved an unsettled legal question; (2) whether the movant exercised diligence in pursuing reconsideration of his or her claim; (3) the parties' reliance interests in the finality of the judgment; (4) the delay between the finality of the judgment and the Rule 60(b)(6) motion; (5) the relationship between the change in law and the challenged judgment; and (6) whether there are concerns of comity that would be disturbed by reopening a case. *Id.* (citing *Phelps v. Alameida*, 569 F.3d 1120, 1134–40 (9th Cir. 2009)).

Though those factors aid the court's analysis, the context of this case—relief from an equitable monetary judgment for violation of the FTC act on the basis of a change in interpretation of law—is entirely new for purposes of a Rule 60(b)(6) motion. Thus, the court "assess[es] how that different context might alter the calculus of the factors' application, and whether those factors adequately capture all of the relevant circumstances." *Henson*, 943 F.3d at 446.

**III.     Discussion**

**James C. Mahan**
**U.S. District Judge**

- 3 -

Movants argue that the equitable monetary relief portion of the judgment should be vacated in its entirety and that the relief defendants removed from the case entirely because the Supreme Court recently held that section 13(b) of the FTC Act does not provide courts with the authority to impose equitable monetary judgments. *See AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021).

Movants point to *AMG*, *Publishers Business Services, Inc., et al. v. FTC*, Case No. 2:08-cv-00620-PMP-PAL (D. Nev.), and *FTC v. VPL Medical, Inc.*, 2021 WL 1664404 (9th Cir. 2021), as examples of similar cases that were automatically vacated after the *AMG* decision. However, unlike this matter, those cases were all still on direct appeal when *AMG* was decided.

While the Supreme Court's controlling interpretation of federal law must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule, *Harper v. Va. Dept. of Taxation*, 509 U.S. 86, 97 (1993), "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758, (1995) (citing *United States v. Estate of Donnelly*, 397 U.S. 286, 296 (1970) (Harlan, J., concurring)); *see also Teague v. Lane*, 489 U.S. 288, 308 (1989) ("[I]t has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule.").

Here, unlike the parties in *AMG*, *Publishers*, and *VPL*, movants made the litigation choice to argue the equitable merits of imposing a monetary judgment rather than attack the statutory authority for that judgment. After movants took their arguments to the Ninth Circuit and gained an amended judgment (ECF No. 446), they moved on without seeking a writ of certiorari or otherwise appealing any other aspect of the judgment.

Thus, absent extraordinary circumstances, the *AMG* decision does not retroactively apply to movants' case. *See In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) ("[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance."); *Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("Petitioner cannot be relieved of such a choice [to not appeal] because hindsight seems to indicate to him that his decision [] was probably wrong, considering the outcome of [another] case.").

**James C. Mahan**
**U.S. District Judge**

- 4 -

A. No extraordinary circumstances justify relief under Rule 60(b)(6)

Considering the relevant Rule 60(b)(6) factors, the court holds that no extraordinary circumstances justify relief in this matter.  The nature of the change in law, diligence in pursuing relief, and reliance interest in finality all weigh against relief.  The delay between final judgment and this motion and the relationship between the judgment and the change in law both slightly weigh in favor of relief.  The additional considerations discussed by the parties weigh against relief.

At bottom, this case was ten years old when *AMG* was decided.  The judgment was first entered in 2013 and—after slight amendment on instruction from the Ninth Circuit—has remained untouched since 2016.  (*See* ECF Nos. 409; 444; 446).  The parties are entitled to rely on court judgments and move on with their affairs.  Reopening this case would be unfair to the FTC and contrary to the goal of finality of judgments.[2]

B. Relief is not warranted under Rule 60(b)(5)

Contrary to movants' arguments, Rule 60(b)(5) does not apply in this matter.  The judgment has not been satisfied, released, or discharged, nor was it based on an earlier judgment that has been reversed or vacated.  The equity referenced in Rule 60(b)(5) applies to prospective injunctive relief, not the equitable monetary relief that movants challenge here.  *See Cal. by & through Becerra v. U.S. EPA*, 978 F.3d 708, 713–17 (9th Cir. 2020) (discussing Rule 60(b)(5) as the standard for modifying an injunction "with prospective effect," rather than "judgments that offer a present remedy for a past wrong").

. . .

. . .

. . .

. . .

**IV.   Conclusion**

Accordingly,

---

[2] Consequently, the court denies movants' requests to remove the relief defendants from the judgment and to return the funds previously taken.  (ECF No. 449 at 9–10).

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that movants' motion for relief and/or modification of judgment and order for permanent injunction and monetary relief (ECF No. 449), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that FTC's motion to submit supplemental authority (ECF No. 458), be, and the same hereby is, GRANTED.

This matter shall remain closed, and the final judgment (ECF Nos. 409, 446) shall remain in effect.

DATED March 9, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**