Anisha S. Dasgupta
General Counsel

Crystal D. Ostrum
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-6316
Washington, D.C. 20580
Phone: (202) 326-3405
Facsimile: (202) 326-3197
Email: costrum@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | )<br>) |
| Plaintiff / Judgment Creditor, | ) Civil Action No. 2:11-cv-00283- JCM GWF |
| v. | )<br>) |
| IVY CAPITAL, INC., LLC, et al., | ) **Response to Judgment Debtor's**<br>) **Motion for Relief From and/or**<br>) **Modification of Judgment** |
| Defendants / Judgment Debtors, | ) |
| and | ) |
| CHERRYTREE HOLDINGS, LLC, et al., | ) |
| Relief Defendants / Judgment Debtors. | ) |

Judgment Debtor Leanne Hoskins makes her request for relief pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6) but fails to offer any reason why applying the judgment "is no longer equitable," or cite any exceptional circumstances justifying relief. Instead, Hoskins

1

argues the Supreme Court decision in *Liu v. SEC*, 140 S. Ct. 1936 (2020) supports relief from her judgment.  It does not, however, because that ruling does not apply retroactively to this Court's Final Judgment, and because the ruling in *Liu* did not concern relief defendants.  Furthermore, Hoskins's assertions that the Federal Debt Collection Procedures Act does not apply, and collection of her judgment is time-barred are simply wrong.  Just as the Court denied Hoskins's 60(b) motion last year, it should do so again.

I. **Background**

In 2013, this Court found Benjamin Hoskins was "engaged in a complex scheme designed to cheat consumers out of millions of dollars through a bogus business coaching program and a variety of useless goods and services." ECF No. 392 at 3.  The Court also found that Leanne Rodgers Hoskins "personally received" funds from this scam, including "$1,014,420 from Oxford Financial" and "$110,00 in payments" for her "expenses as school tuition, a personal credit card, IRS fees, and a vehicle.  [Hoskins] testified that she used Oxford Financial's assets for personal and household expenses." ECF No. 392 at 26.

Accordingly, this Court issued a $130,375,057.52 judgment, plus $3,589,426.92 in prejudgment interest as to Benjamin Hoskins and "$1,128,795.78, plus prejudgment interest in the amount of . . . $6,830.89, as equitable monetary relief for ill-gotten gains" as to Leanne Rodgers Hoskins. ECF No. 409 at 8.  Hoskins appealed her judgment, which was "AFFIRMED in part, and VACATED and REMANDED in part, with instructions to alter the judgment against Leanne Hoskins to hold her jointly and severally liable with Oxford Financial, LLC, for

$1,529,292.52, plus prejudgment interest."[1] ECF No. 441 at 5. Consequently, in 2016 this Court entered an amended judgment in the amount $1,550,848.48. ECF No. 446 at 4. Hoskins did not seek further review and the judgment became final. Five years later, in 2021, Hoskins moved for relief pursuant to Fed. R. Civ. P. 60(b). In 2022, this Court denied that request. ECF No. 449. Hoskins did not seek further review of that denial. Instead, ***seven years*** after her modified judgment was entered, Hoskins again seeks relief pursuant to Fed. R. Civ. P. 60(b), based on another change-in-the-law argument. Rather than pay her judgment, she ignores the rulings of the Ninth Circuit and of this Court to avoid her obligation. ECF No. 441 at 4. Hoskins points out the FTC seized $106,622.11 from her "Royal Bank of Canada account" and "$19,682.00 from Mowab's account." ECF No. 509 at 5. This leaves a significant amount owing.

## II. The Ruling in *Liu* Does Not Provide Relief from the Judgment Because Supreme Court Rulings Do Not Have a Retroactive Affect on Closed Cases

To avoid paying the significant amount she owes, Hoskins pins her hopes on *Liu*. However, Supreme Court rulings only have so-called "retroactive effect" on "cases still open on direct review." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). As the Court stated in response to Hoskins's previous 60(b) motion, "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." ECF No 460 at 4 (quoting *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995)). This matter has been closed since at least 2016

---

[1] "The district court did not err in finding relief defendant Leanne Hoskins liable for disgorgement as the alter ego of Oxford Financial, LLC. (1) She influenced and governed Oxford as its majority (51%) owner and manager of its primary operations; (2) Oxford funds were used to pay school tuition, personal credit cards, and other household expenses demonstrating a "unity of interest and ownership"; and (3) adherence to the corporate fiction would promote injustice." ECF No. 441 at 4 (citing *Mosa v. Wilson-Bates Furniture Co.*, 583 P.2d 453, 454 (Nev. 1978)).

3

and is clearly not on direct review. Therefore, new rulings have no effect on Hoskins's judgment.

### III. **Rule 60 (b) Provides Hoskins No Relief from the Judgment**

As the Court emphasized last year, "Rule 60(b) provides for reconsideration [from a judgment] only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." ECF No. 460 at 3 (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Rule 60(b) does not provide Hoskins with her requested relief: 60(b)(5) does not apply to monetary judgments and 60(b)(6) requires extraordinary circumstances, which are not present in this case.

#### a. **Rule 60(b)(5) does not apply to monetary judgments.**

Under Fed. R. Civ. P. 60(b)(5), a court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." As the Court ruled last year, "Rule 60(b)(5) does not apply in this matter." ECF No. 460 at 5 ("The judgment has not been satisfied, released, or discharged, nor was it based on an earlier judgment that has been reversed or vacated.").

Furthermore, Fed. R. Civ. P. 60(b)(5) is inapplicable because it only applies to judgments with "prospective" affect, not a monetary judgment. Monetary judgments are not prospective. *California v. EPA*, 978 F.3d 708, 716-17 (9th Cir. 2020) (citing *Pennsylvania v. Wheeling and Belmont Bridge Co.*, 59 U.S. 421, 431-32 (1855), which held that monetary judgments are unaffected by subsequent changes in the law). Furthermore, as the Court noted last year in this

case, "[t]he equity referenced in Rule 60(b)(5) applies to prospective injunctive relief, not the equitable monetary relief that movants challenge here." ECF No. 460 at 5.  *See also FTC v. Hewitt*, 68 F.4th 461, 467 (9th Cir. 2023)("[T]he 'standard used in determining whether a judgment has prospective application is whether it is [1] executory or [2] involves the supervision of changing conduct or conditions.' Ultimately, the underlying monetary judgment challenged here—which simply ordered Hewitt to pay a fixed sum of money equal to consumer injury or unjust enrichment—falls into neither category.") (internal citations omitted).  Thus, Fed. R. Civ. P. 60(b)(5) is wholly inapplicable to Hoskins's monetary judgment.

### b. Fed. R. Civ. P. 60(b)(6) does not relieve Hoskins of her judgment.

Under Fed. R. Civ. P. 60(b)(6), a court may relieve a party from a final judgment for "any other reason that justifies relief."  However, as the Court noted last year in this case, "[a] movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment.'" ECF 460 at 3 (citing *Henson*, 943 F.3d at 443–44 (quoting *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013))).  The Supreme Court has held that a change in law, alone, is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).  And just last year, this Court agreed, and told Hoskins as much.  ECF 460 at 3.

The Court also explained in its most recent opinion that the "extraordinary-circumstances requirement" includes consideration of:  "(1) the nature of the legal change, including whether the change in law resolved an unsettled legal question; (2) whether the movant exercised diligence in pursuing reconsideration of his or her claim; (3) the parties' reliance interests in the finality of the judgment; (4) the delay between the finality of the judgment and the Rule 60(b)(6) motion; (5) the relationship between the change in law and the challenged judgment; and (6)

whether there are concerns of comity that would be disturbed by reopening a case." ECF No. 460 at 3 (internal citations omitted).

More recently, courts have condensed the factors to three "sets of considerations," including (1) "the nature and relationship of the intervening change in the law;" (2) "the diligence of the party in seeking relief from the original judgment;" and (3) "'additional considerations' relevant to balancing the competing policies of the finality of judgments and the command that justice be done." *Hewitt*, 68 F.4th at 468-70; *see also FTC v. EMP Media, Inc.*, No. 2:18-cv-00035-APG-NJK, 2023 U.S. Dist. LEXIS 92504, at *9 (D. Nev. May 25, 2023). These "sets of considerations" all support denial of Hoskins's motion.

    **i.  The Nature and Relationship of the Intervening Change in the Law**

The first consideration is "the nature and relationship of the intervening change in the law." *Hewitt*, 68 F.4th at 468.  Considerations relevant to this factor can include: whether it upended established precedent or concerned an unsettled issue; whether the parties knew or should have known of a coming legal shift; or whether the parties pursued risky legal strategies. *Henson*, 943 F.3d at 446-48.  The change-in-law at the core of Hoskins's argument, *Liu*, has no relationship to or impact on Hoskins's judgment.

As Hoskins has emphasized over and over, she is a relief defendant.  *Liu* did not involve relief defendants. "Liu did not override our existing case law concerning disgorgement by relief defendants.  Liu did not involve a relief defendant, nor did the Court state that its holding applies to relief defendants." *United States SEC v. Berkeley Healthcare Dynamics, LLC*, No. 20-16754, 2022 U.S. App. LEXIS 245, at *3-4 (9th Cir. Jan. 5, 2022) (internal citations omitted).

Furthermore, *Liu* "focused on disgorgement of 'profit.' Under our caselaw, a relief defendant is not required to disgorge 'profits,' but instead only funds not received in exchange for consideration." *Id.* at *4 ("[T]he equitable principle emphasized in Liu [is] that a remedy should be designed to restore the status quo and avoid being transformed into a penalty."). Hoskins's monetary judgment is, in fact, based on the funds she received, not for consideration, but from the scam. Relinquishing those ill-gotten gains restores the status quo.

Hoskins's attempts to characterize the collection of her monetary judgment as punitive fail.[2] She claims the FTC will send the money to Treasury because (1) there has never been redress in this matter; and (2) the FTC's demand for payment notified her that her debt might be referred to Treasury for collection.

First, Hoskins claims "[t]here is no evidence that the FTC has ever returned any funds to customers who were alleged to have lost money." ECF No. 509 at 10. In fact, the FTC returned $4.4 million to victims of the Ivy Capital business coaching scam. *See* FTC SENDS MORE THAN $4.4 MILLION IN REFUNDS TO CONSUMERS HARMED BY BUSINESS COACHING SCAM, *available at* https://www.ftc.gov/news-events/news/press-releases/2014/09/ftc-sends-more-44-million-refunds-consumers-harmed-business-coaching-scam (accessed Oct. 2, 2023). Hoskins could have checked the veracity of her assertion to the Court with a Google search.

Second, Hoskins cites the Notice of Unpaid Judgment as proof that the FTC is "simply attempting to put money into the Treasury." ECF No 509 at 10. Yet, the notice states that "the

---

[2] In an attempt to shoehorn *Liu's* applicability, Hoskins first argues her judgment is punitive (ECF No. 509 at 3), yet later asserts the FDCPA does not apply because the judgment is restitution (ECF No. 509 at 12). The FDCPA, however, does apply. This is addressed *infra* part IV.

7

Federal Trade Commission ***may*** seek to collect the amounts your client owes by taking ***any or all*** of the measures described in this notice." ECF No. 494-1 at 713 (emphasis added).  The notice reserves the FTC's right to collect the judgment:  "Providing you and your client with this notice does not prevent the Commission from seeking to collect the amounts your client owes by using any other means permitted by law." *Id.*  This includes collecting the judgment pursuant to the Federal Debt Collection Procedures Act.

### ii.     Diligence in Pursuing Relief

The second consideration is "the diligence of the party in seeking relief from the original judgment."  *Hewitt,* 68 F.4th at 469; *see also Henson*, 943 F.3d at 449.  The Ninth Circuit observed that "[w]hile it is already 'hardly extraordinary' . . . a 'change in the law' is 'all the less extraordinary' where a party has displayed a 'lack of diligence'—in particular, by (a) failing to 'raise[] [the] issue' before the district court, (b) declining to lodge an appeal or 'file[] a petition for rehearing,' or (c) neglecting to seek 'certiorari review.'"  *Hewitt*, 68 F.4th at 469.  Hoskins was not diligent in pursuing this relief.  Hoskins pointed to no brief in the years-long litigation of this matter in which she advocated any of the points she now raises.  Furthermore, *Liu* was decided in June 2020 – more than three years ago.  Yet, Hoskins did not even mention *Liu* in her previous 60(b) motion, which was filed after *Liu* was decided.  ECF No. 449.  Hoskins is only now raising *Liu* because her previous attempt to dispose of her monetary judgment failed.

### iii.     Additional considerations

Finally, Courts weigh "additional considerations relevant to balancing the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts."  *Hewitt*, 68 F.4th at 469 (quoting *Henson*, 943 F.3d at

8

444-45). Hoskins's appeal to justice here relies primarily on her status as a "relief defendant" – which again, does not mean that she does not owe the judgment. The Ninth Circuit affirmed that she does, in fact, owe the judgment. ECF No. 441 at 5. Astonishingly, Hoskins argues she spent those ill-gotten gains, and it is "inequitable" for the FTC to collect any new assets she has accumulated. ECF No. 509 at 8-9.

All "additional considerations" lean towards denial of Hoskins's motion. Just last year, this Court found the "parties are entitled to rely on court judgments and move on with their affairs. Reopening this case would be unfair to the FTC and contrary to the goal of finality of judgments." ECF No. 460 at 5. One year later, this is still true. Furthermore, Hoskins has offered no legally sufficient reason to reopen this matter.

Finally, Hoskins's appeals to justice and equity ring hollow. Hoskins owes this judgment because she received over a million dollars from her husband's fraud. ECF No. 392 at 26. This Court entered a monetary judgment against Hoskins as "equitable monetary relief" for those "ill-gotten gains" and the Ninth Circuit affirmed. ECF Nos. 409 at 8, 441 at 5, and 446 at 4. Considerations of justice clearly weigh towards denial of Hoskins's motion. Hoskins owes the judgment, and she should pay it.

IV. **The FDCPA Applies to Collection of the FTC's Judgments and Does Not Limit the Time for Enforcement.**

Hoskins also claims the FDCPA does not apply to this judgment, and collection of Hoskins's judgment is time-barred. ECF No. 509 at 11-13. This is not true. The FDCPA does, in fact, control the procedures by which the FTC collects Hoskins's judgment, and does not include any time limit. Hoskins argues Fed. R. Civ. P. 69(a)(1) dictates that "procedures for

9

execution on judgments 'must accord with the procedures of the state where the court is located.'" ECF No. 509 at 11.  However, "that Rule goes on to provide that notwithstanding this directive, 'a federal statute governs to the extent it applies.' The [FDCPA] is such a statute." *FTC v. Namer*, 481 F. App'x 958, 959 (5th Cir. 2012)(internal cites omitted).  Furthermore, "the FDCPA applies . . . because the unpaid judgment owed to the FTC constitutes a debt owing to the United States." *FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 320 (5th Cir. 2004).

Moreover, "[t]he FDCPA provides no time limit for the collection of debts by writ of execution.  *See* 28 U.S.C. § 3203." *United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008).  The FDCPA "does not impose a time restriction on the government's ability to enforce judgments . . ." *FDIC v. Greif*, No. 00-CV-2170, 2020 U.S. Dist. LEXIS 137289, at *6-7 (D. Kan. Aug. 3, 2020).  In fact, "the United States has an indefinite length of time in which to execute on a judgment against the judgment debtor." *Id.* (quoting *United States v. Pierce*, 231 B.R. 890, 892 (E.D.N.C., 1998)).

Furthermore, "because the purpose of the FDCPA 'is to create a comprehensive statutory framework for the collection of debts owed to the United States government [and to] improve the efficiency and speed in collecting those debts,' . . . a state law limiting such collection is inconsistent with the purpose of the act and is, therefore, preempted." *SEC v. Exotics.com, Inc.*, No. 2:05-cv-00531-PMP-GWF, 2013 U.S. Dist. LEXIS 33149, at *6 (D. Nev. March 11, 2013) (quoting *Gianelli*, 543 F.3d at 1182-83; *see also Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, 609 F.3d 111, 116-117 (2d Cir. 2010).  Thus, any time limit imposed by Nevada law is inconsistent and therefore preempted.

V. **Conclusion**

For the foregoing reasons, the Court should deny Hoskins's motion.

Dated this 6th day of October, 2023.

Respectfully submitted,

   /s Crystal D. Ostrum
CRYSTAL D. OSTRUM
costrum@ftc.gov
*Counsel for Plaintiff the Federal Trade Commission*
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-6316
Washington, DC  20580
Telephone: (202) 326-3405
Fax: (202) 326-3197

## Certificate of Service

I hereby certify that on October 6, 2023, I electronically filed the foregoing document with the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

Date: October 6, 2023

                                /s Crystal D. Ostrum
                                Crystal D. Ostrum