UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br>v.<br>IVY CAPITAL, INC., *et al.*,<br>    Defendants. | Case No.: 2:11-cv-00283-JCM-NJK<br>**ORDER**<br>[Docket Nos. 489, 490, 492] |

Pending before the Court is Relief Defendant Leanne Rodgers' motion to quash writs of continuing garnishment, objection to answers to garnishment inquiries, and request for hearing. Docket Nos. 489, 490, 492.[1] Plaintiff filed a response, Docket No. 494, and Relief Defendant filed replies. Docket Nos. 497, 498, 504, 505. The motions are properly resolved without a hearing. Local Rule 78-1.

I.   **BACKGROUND**

In 2015, the Court entered a final judgment against, in relevant part, Relief Defendant in the amount of $1,128,795.78 plus prejudgment interest in the amount of $6,830.90. Docket No. 409 at 8. Following an appeal, the Court amended its final monetary judgment and found Relief Defendant and Oxford Financial, LLC jointly and severally liable for $1,529,292.52, plus $21,555.96 in prejudgment interest, for a total of $1,529,292.52. Docket No. 446. Relief Defendant failed to satisfy the judgment.

Seven years later, Plaintiff filed several motions for writ of continuing garnishment to Relief Defendant's banking institutions. *See* Docket Nos. 470, 471, 472, 473. The garnishees are Bank of America, N.A., Bank of Nevada, First Fidelity Bank, and JPMorgan Chase Bank, N.A.

---

[1] The Court finds the instant motions to be nondispositive. If either party disagrees with this determination as to the nondispositive nature of the ruling, they are free to raise that issue in an objection to the district judge. *See Florence v. Stanback*, 607 F.Supp.2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015) (as part of waiver analysis, encouraging magistrate judges to warn litigants of the ability to object to a determination that a matter is nondispositive).

*See id*. The Clerk of the Court issued the writs of continuing garnishments pursuant to 28 U.S.C. § 3205(a), and the Clerk's Notice and Instructions to Debtor of Post-Judgment Garnishment. Docket Nos. 478, 479, 480, 481.

Garnishee JPMorgan Chase Bank, N.A. answered the writ and provided the account information for Keystone Law Office LLC and Circa 1857 LLC, which are both accounts on which Relief Defendant is identified as the only signatory. Docket No. 483 at 3. Garnishee First Fidelity Bank answered and originally identified no account information as to Relief Defendant, Docket No. 484, but later supplemented its answer and identified PWG CL LLC's account information and listed Relief Defendant as the business owner for the account. Docket No. 490 at 27.[2] Savoy Enterprises, Inc. manages Circa 1857 LLC and PWG CL LLC. Docket No. 494-1 at 3, 4.

Relief Defendant now seeks to quash the writs of continuing garnishment. Docket No. 492.

## II. LEGAL STANDARDS

The Federal Debt Collection Procedure Act (FDCPA) is the exclusive remedy to recover a judgment on debts owed to the United States. 28 U.S.C. § 3001(a)(1). The FDCPA permits the Government to garnish "property. . . in which the debtor has a substantial nonexempt interest." 28 U.S.C. 3205(a). " 'Property' includes any present or future interest, whether legal or equitable. . . ., vested or contingent, . . . and however held." 28 U.S.C. § 3002(12).

Compliance with the statutory requirements for issuance of a writ of garnishment requires in part that the writ be issued not less than thirty days after demand on the debtor was made for payment of the debt. 28 U.S.C. § 3205(b)(1)(B). The United States has an obligation to serve the garnishee and the judgment debtor with a copy of the writ of garnishment. 28 U.S.C. § 3205(c)(3). After the garnishee files an answer to the writ, the judgment debtor has twenty days to file a written objection and request a hearing. 28 U.S.C. § 3205(c)(5). Hearings are limited to, in relevant part,

---

[2] First Fidelity Bank's amended answer to the writs was not filed with the Court and was included as part of Relief Defendant's objection to answers to garnishment interrogatories. *See* Docket 490 at 13-17.

compliance with any statutory requirement for the issuance of the writ of garnishment.  28 U.S.C. § 3202(d)(2).

An order quashing the writ of garnishment terminates the writ.  28 U.S.C. §3205(c)(10). The party seeking to quash a writ of garnishment has the burden of proving the writ is invalid.  *See United States v. Novak*, 476 F.3d 1041, 1064 (9th Cir. 2007).

### III.   ANALYSIS

Relief Defendant submits that the writs of continuing garnishment are invalid for two reasons: (1) Plaintiff violated Nevada law in failing to initiate a new case against the third-party nonjudgment debtors as part of the alter ego doctrine, Docket No. 492 at 3-4; and (2) Plaintiff failed to provide notice as required by 28 U.S.C. § 3205(b)(1)(B), *see id*. at 5.

**A.  Plaintiff's request for hearing pursuant to 28 U.S.C. § 3202(d)**

Relief Defendant requests a hearing pursuant to 28 U.S.C. §3202(d).  Docket No. 489.

Although the governing statute indicates that the Court "shall" hold a hearing, 28 U.S.C. §3202(d), it is not required to do so in all instances, *United States v. Baugus*, 310 Fed.Appx. 120 (9th Cir. 2009) (concluding that district court ruled correctly that the judgment debtor was not entitled to hearing under § 3202(d)).  The hearing contemplated under §3202(d) is an evidentiary hearing.  *See, e.g., United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008).  Courts are not required to hold an evidentiary hearing when, *inter alia*, resolution of the objection turns on the legal interpretation of the statutory requirements.  *E.g., United States v. Adakai*, 2023 WL 5401101, at *2 (D.Id. Aug. 21, 2023); *see also United States v. Behrens*, 656 Fed.Appx. 789, 790 (8th Cir. 2016) (citing *United States v. Page*, 2013 WL 2945070, at *4 (N.D.W.V. June 14, 2013) (affirming denial of hearing where objections could be resolved as a matter of law)); *United States v. Rickert*, 2023 WL 8433165, at *4 (E.D.Mo. Dec. 5, 2013) (same); *United States v. Egubuchunam*, 2021 WL 6063641, at *6 (N.D.Tex. Dec. 21, 2021) (same).  Similarly, a hearing is not required when a "challenge to the garnishment order does not require any factfinding," *United States v. O'Brien*, 851 Fed.Appx. 236, 240 (2d. Cir. 2021), or when there are "not factual disputes that might affect the applicability of [a garnishment] exception," *United States v.*

*Sherwood*, 2023 WL 4546252, at *2 (N.D.N.Y. July 14, 2023) (declining to hold hearing under § 3202(d) because there were no factual disputes and only matters of statutory interpretation).

In this case, no factual disputes exist and, therefore, an evidentiary hearing is unnecessary. Resolution of the motion turns instead on the legal questions of claims against third-party nonjudgment debtors under Nevada law and whether notice to a former attorney suffices under the meaning of the statute. As such, the Court need not hold a hearing in deciding Relief Defendant's motion.

**B.  Notice requirement pursuant to 28 U.S.C. § 3205(b)(1)(B)**

Relief Defendant challenges whether Plaintiff satisfied the statutory requirements for the issuance of writs of continuing garnishment. Docket No. 492 at 5. Specifically, Relief Defendant submits that Plaintiff failed to provide notice of the writs of continuing garnishment because there was no demand made within the 30-day period prior to obtaining the writs. *Id*. In response, Plaintiff submits that it demanded payment over 30 days prior to seeking issuance of the writs and points to a demand letter dated April 12, 2019. Docket No. 494 at 13. In reply, Relief Defendant asserts that the notice was deficient because Plaintiff demanded payment to counsel that was never her litigation counsel, never entered an appearance in this matter, and was not her attorney of record. Docket No. 504 at 3.

The Court finds that Plaintiff's attempt to satisfy the notice requirement under 28 U.S.C. § 3205(b)(1)(B) fails. Plaintiff sent a demand letter to Venable LLP, who never appeared as Relief Defendant's counsel in this case. *See* Docket; *see also* Docket No. 494-1 at 713-716. It is puzzling to the Court that Plaintiff chose to send the demand letter to Venerable LLP, after over ten years of litigation with entirely different counsel. Plaintiff fails to provide any explanation for doing so.[3] Plaintiff's attempt to satisfy the notice requirement falls comparatively short of other instances

---

[3] On the other hand, Relief Defendant submits evidence that the attorney addressed on the demand letter had left Venerable LLP years prior to the demand, Docket No. 507-1 at 4, and a declaration attesting that Venerable LLP would have archived the letter had it received it. *See* Docket No. 507-2 at 3. Relief Defendant further submits evidence that at least one account was garnished before she was even served with the writs. *Compare* Docket No. 490 at 19 (First Fidelity Bank cashier's check dated June 20, 2023) *with* Docket No. 485 (Relief Defendant served with writs on June 28, 2023). Such evidence defeats the 20-day period where Relief Defendant can make objections to the answers pursuant to 28 U.S.C. § 3205(c)(5), and calls into question whether Plaintiff timely met its obligation to serve the writs pursuant to 28 U.S.C. § 3205(c). It is for these

4

where courts have determined the 30-day demand was satisfied.[4] At bottom, Plaintiff failed to provide notice to the third-party nonjudgment debtors as required by 28 U.S.C. §3202(c) ("A copy of the notice and a copy of the application for granting a remedy under this subchapter shall be served by counsel for the United States . . . on each person against whom the United States, after diligent inquiry, has reasonable cause to believe has an interest in the property to which the remedy is directed"). Because the writs were premised on this insufficient demand, the Court will quash all writs of continuing garnishment pertaining to Relief Defendant.[5]

---

reasons the Court accepts Relief Defendant's evidence as more than just bare assertions of non-receipt to dispute the rebuttable presumption that the demand letter was received. *In re Carter*, 511 F.2d 1203, 1204 (9th Cir. 1975).

[4] *See U.S. v. Grimes*, 1994 WL 19051, at *2 (9th Cir. Jan. 25, 1994) (finding that Defendant's due process rights were satisfied when he had an opportunity to challenge the writs before a magistrate judge ordered their issuance despite arguing he had not received demand for payment); *United States v. Lewis*, 2018 WL 10322066, at *3 (N.D. Ind. Jun. 6, 2018) (finding the Government provided adequate notice via letters, which were acknowledged by the Defendant); *U.S. v. Bank*, 2013 WL 357823, at *5 (N.D. Tex. Jan. 10, 2013) (finding that due process was satisfied when the government demonstrated it "filed an affidavit of service attesting to its service of the application for writs of garnishment, the order for issuance of the writs, the writs, the notices of garnishment, claim for exemption form, and instructions for objecting to the garnishee's answers"); *U.S. v. Hotte*, 2007 WL 2891313, at *4 (E.D.N.Y. Sept. 28, 2007) ("Given defendant's counsel acknowledgment that Hotte received the . . . demand letter, [the Court] finds that the government has established that it complied with 28 U.S.C. § 3205(b)(1)(B)"); *U.S. v. Cooper*, 2006 WL 3512936, at *4 (D. Kan. Nov. 1, 2006) (finding the Government provided adequate notice by sending demand to Defendant's only known address where Defendant received all other pleadings throughout the case).

[5] Since the Court finds that Plaintiff violated the notice provision, the Court need not reach Relief Defendant's second argument for relief.

5

### IV. CONCLUSION

Accordingly, Relief Defendant's request for hearing is **DENIED**. Docket No. 489. Relief Defendant's objections to answers to garnishment interrogatories are **SUSTAINED**. Docket No. 490. Further, Relief Defendant's motion to quash the writs of continuing garnishment is **GRANTED**. Docket No. 492. The Clerk of the Court is **INSTRUCTED** to quash the writs of continuing garnishment at Docket Nos. 470, 471, 472, 473.

IT IS SO ORDERED.

Dated: January 30, 2024

_____
Nancy J. Koppe
United States Magistrate Judge