# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　Plaintiff,<br>v.<br>IVY CAPITAL, INC., *et al.*,<br>　　Defendants. | Case No.: 2:11-cv-00283-JCM-NJK<br>**ORDER**<br>[Docket Nos. 503, 507] |

Pending before the Court is Relief Defendant Leanne Rodgers's motion to quash writ of execution and request for hearing. Docket Nos. 503, 507.[1] The Court has considered Relief Defendant's motions, Plaintiff's responses, and Relief Defendant's replies. Docket Nos. 503, 506, 507, 508, 510. The motions are properly resolved without a hearing. Local Rule 78-1.

**I.   BACKGROUND**

In 2015, the Court entered a final judgment against, in relevant part, Relief Defendant in the amount of $1,128,795.78 plus prejudgment interest in the amount of $6,830.90. Docket No. 409 at 8. Following an appeal, the Court amended its final monetary judgment and found Relief Defendant and Oxford Financial, LLC jointly and severally liable for $1,529,292.52, plus $21,555.96 in prejudgment interest, for a total of $1,529,292.52. Docket No. 446. Relief Defendant failed to satisfy the judgment.

On August 2, 2023, Plaintiff filed a motion for writ of execution. *See* Docket No. 495. Plaintiff's motion redacted the address and parcel information and was supported by 23 exhibits identifying the property it sought to levy. *See id*. The Clerk of Court issued the writ of execution

---

[1] The Court finds the instant motions to be nondispositive. If either party disagrees with this determination as to the nondispositive nature of the ruling, they are free to raise that issue in an objection to the district judge. *See Florence v. Stanback*, 607 F.Supp.2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015) (as part of waiver analysis, encouraging magistrate judges to warn litigants of the ability to object to a determination that a matter is nondispositive).

pursuant to 28 U.S.C. § 3203 and the Clerk's Notice of Post-Judgment Execution and Instructions to the Defendant-Judgment Debtors. Docket No. 500.

Relief Defendant now seeks to quash the writ of execution. Docket No. 507.

## II. LEGAL STANDARDS

The Federal Debt Collection Procedures Act (FDCPA) establishes standards and procedures for the collection of debt owed to the United States. 28 U.S.C. § 3001(a)(1). One post-judgment remedy under the FDCPA is a writ of execution. 28 U.S.C. § 3202. "All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(a). The FDCPA broadly defines "property" as any present or future interest, whether legal or equitable. . ., vested or contingent, . . . and however held (including community property and property held in trust (including spendthrift and pension trusts)." 28 U.S.C. § 3002(12). A debtor may claim statutory exemptions for their property. *See* 28 U.S.C. §3202(d)(1).

## III. ANALYSIS

Relief Defendant submits that the writ of execution is invalid for four reasons: (1) Plaintiff failed to particularly describe the real property upon which it seeks to execute, Docket No. 507 at 3; (2) Plaintiff failed to provide notice as required by 28 U.S.C. § 3205(b)(1)(B), *id.*; (3) Plaintiff failed to properly serve the writ and notice of levy, *id.* at 4; and (4) Plaintiff violated Nevada law in failing to initiate a new case against the third-party nonjudgment debtor as part of the alter ego doctrine, *id.* at 5-7.

### A. Relief Defendant's request for hearing pursuant to 28 U.S.C. §3202(d)

Relief Defendant requests a hearing pursuant to 28 U.S.C. §3202(d). Docket No. 503.

Although the governing statute indicates that the Court "shall" hold a hearing, 28 U.S.C. §3202(d), it is not required to do so in all instances, *United States v. Baugus*, 310 Fed.Appx. 120 (9th Cir. 2009) (concluding that district court ruled correctly that the judgment debtor was not entitled to hearing under § 3202(d)). The hearing contemplated under §3202(d) is an evidentiary hearing. *See, e.g., United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008). Courts are not required to hold an evidentiary hearing when, inter alia, resolution of the objection turns

on the legal interpretation of the statutory requirements. *E.g., United States v. Adakai*, 2023 WL 5401101, at *2 (D.Id. Aug. 21, 2023); *see also United States v. Behrens*, 656 Fed.Appx. 789, 790 (8th Cir. 2016) (citing *United States v. Page*, 2013 WL 2945070, at *4 (N.D.W.V. June 14, 2013) (affirming denial of hearing where objections could be resolved as a matter of law)); *United States v. Rickert*, 2023 WL 8433165, at *4 (E.D.Mo. Dec. 5, 2013) (same); *United States v. Egubuchunam*, 2021 WL 6063641, at *6 (N.D.Tex. Dec. 21, 2021) (same); *United States v. Sherwood*, 2023 WL 4546252, at *2 (N.D.N.Y. July 14, 2023) (declining to hold hearing under § 3202(d) because there were no factual disputes and only matters of statutory interpretation).

In this case, no factual disputes exist and, therefore, an evidentiary hearing is unnecessary. Resolution of the motion turns instead on the legal questions of: whether Plaintiff particularly described the subject property pursuant to 28 U.S.C. § 3203(c)(2)(B)(ii); whether notice to a former attorney suffices under the meaning of the statute;[2] service of the writ of execution and notice of levy as required by 28 U.S.C. § 3004(c); and claims against third-party nonjudgment debtors under Nevada law. As such, the Court need not hold a hearing in deciding Relief Defendant's motion.

**B. Plaintiff's levy of property owned by the Hambil Trust**

Relief Defendant submits that Plaintiff cannot execute on the subject property to satisfy the judgment because the property is owned by the Hambil Trust—a third-party nonjudgment debtor. Docket No. 507 at 5. Relief Defendant submits that, under Nevada law, Plaintiff is required to file an independent action to determine whether the Hambil Trust is Relief Defendant's alter ego. *Id*. at 5-6. In response, Plaintiff submits that the FDCPA is the exclusive remedy for the government to collect monetary judgments and that it is not required to file an independent

---

[2] The parties do not dispute that Plaintiff had to demand payment of the debt at least 30 days prior to obtaining the instant writ of execution as required by 28 U.S.C. § 3205(b)(1)(B). *See* Docket No. 507 at 3-4; Docket No. 508 at 3. Such notice requirement, however, is specific to writs of continuing garnishment, and the relevant statute for writs of execution does not require such notice. *Compare* 28 U.S.C. § 3205(b)(1)(B) *with* 28 U.S.C. 3203. Thus, the Court finds that Plaintiff did not have to make 30-day demand of payment prior to obtaining the instant writ. To the extent such notice is required, the Court has already determined that Plaintiff's attempt to satisfy the requirement falls far short of other instances where notice was satisfied. *See* Docket No. 515 at 4-5.

action because Relief Defendant has a substantial interest in the property as the trust beneficiary. Docket No. 508 at 4-5.  In reply, Relief Defendant submits that the Hambil Trust has not been determined to be Relief Defendant's alter ego in an independent action as required by Nevada law, and that Plaintiff fails to establish Relief Defendant's present or future interest in the subject property.  Docket No. 510 at 5-6.

The FDPCA limits the authority of the government to levy against jointly owned property. The government may levy "property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where property is located." *Id*. §3010(a).  With regard to levying against property under a writ of execution, "[c]o-owned property [is] subject to execution [only] to the extent such property is subject to execution under the law of the State in which it is located." *Id*. 3203(a).

The FDCPA by its terms "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." *United States v. Craft*, 535 U.S. 274, 278 (2002); *see also Export-Import Bank v. Asia Pulp & Paper Co.*, 609 F.3d 111, 116-17 (2d Cir. 2010).  The Court therefore looks to state law to determine what rights the judgment debtor has in the property.  *Craft*, 535 U.S. at 278.  Then, under federal law, the Court determines whether the judgment debtor's "state-delineated rights qualify as property, and if so, whether the judgment debtor has a substantial interest in that property." *United States v. TDC Management Corp., Inc.*, 827 F.3d 1127, 1131 (D.C. Cir. 2016) (internal citations and quotation marks omitted).  Although it is true that the FDCPA is the exclusive remedy for collecting debts owed to Plaintiff, the Court must look to Nevada law to determine the rights Relief Defendant has in the subject property.

Under Nevada law, Plaintiff has not followed the appropriate steps to establish Relief Defendant's interest in the property for purposes of §3002(12).  Nevada jurisprudence provides that a judgment creditor seeking judgment debtor assets in third party hands must file a separate action for alter ego.  *Callie v. Bowling*, 160 P.3d 878, 880 (Nev. 2007).  The Nevada Supreme Court has stated that "a defendant who is subject to a judgment creditor's alter ego claim must receive, in an independent action, formal notice, service of process, an opportunity to conduct discovery, fact-finding, and an opportunity to be heard, before the claim is resolved." *Callie*, 160

P.3d at 881. "Such failure to abide by this procedure results in a deprivation of due process." *Id*. Although limited, Nevada caselaw indicates that a separate independent action is required in determining whether a trust is a beneficiary's alter ego. *See TransFirst Group, Inc. v. Magliarditi*, 2017 WL 3725304, at *2 (D. Nev. Aug. 29, 2017) (predicting that "the alter ego doctrine applies to limited liability companies, partnerships, and trusts under Nevada law"); *cf. Magliarditi v. TransFirst Group, Inc.*, 2019 WL 5390470, at *5-6 (Nev. Oct. 21, 2019) (stating that "a judgment creditor may bring a claim for alter ego to make a third party liable on a judgment"). Plaintiff has not established that the Hambil Trust is Relief Defendant's alter ego, and any effort to do so must occur in a separate, independent action.[3] Thus, Plaintiff's attempt to levy property belonging to the Hambil Trust is premature and constitutes a deprivation of due process. Therefore, as a matter of law, the Court is unable to determine Relief Defendant's interest in the property at this stage.[4]

## IV.  CONCLUSION

Accordingly, Relief Defendant's request for hearing is **DENIED**. Docket No. 503. Relief Defendant's motion to quash writ of execution is **GRANTED**. Docket No. 507. The Clerk of the Court is **INSTRUCTED** to strike the writ of execution at Docket No. 500.

IT IS SO ORDERED.

Dated: February 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Plaintiff also fails to establish that it gave notice to the Hambil Trust of the writ of execution as required by 28 U.S.C. § 3004(c); *see also United States v. Duran*, 701 F.3d 912, 915 (9th Cir. 2012) ("The [FDCPA] provides "that co-owners and other persons interested in the property have rights to receive notice of and to challenge the levy").

[4] Since the Court finds that Plaintiff has not appropriately established Relief Defendant's substantial interest in the property pursuant the FDCPA, the Court need not reach Relief Defendant's remaining arguments for relief.

5