UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION, Plaintiff(s), v. IVY CAPITAL, INC., et al., Defendant(s). | Case No. 2:11-CV-283 JCM (GWF) ORDER |

Presently before the court is plaintiff Federal Trade Commission (the "FTC")'s objection to Magistrate Judge Nancy Koppe ("the magistrate judge")'s order granting relief-defendant Leanne Rodgers ("Rodgers")'s motion to quash multiple writs of continuing garnishment. (ECF No. 517).[1] Rodgers filed a response to the FTC's objection. (ECF No. 519).

Also before the court is the FTC's objection to the magistrate judge's order granting Rodgers' motion to quash a writ of execution. (ECF No. 518). Rodgers filed a response to the FTC's objection. (ECF No. 520).

Also before the court is Rodgers' motion for leave to supplement her response (ECF No. 521). The FTC did not file a response to Rodgers' motion.

. . .

. . .

[1] Rodgers is listed in the complaint and is continuously referred to as a "relief-defendant," as opposed to a "defendant." The FTC does not directly accuse Rodgers of wrongdoing, but it alleges that she has received assets to which she has no legitimate claim, as she is not a bona fide purchaser with legal or equitable title. (ECF No. 1 at 27).

**I. Background**

This case, which has been before this court since 2011, arises from the FTC's allegation that multiple defendants committed numerous violations of the Federal Trade Commission Act of 1914, prohibiting "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a).

Given the case's prolix and complex history, most of which does not pertain to Rodgers, the court will focus on the facts relevant to the instant motions only. The FTC alleged that Rodgers "received, directly or indirectly, funds, other assets, or both, from [d]efendants that are traceable to funds obtained from [d]efendants' customers through . . . unlawful acts or practices." (ECF No. 1 at 27).

In 2015, the court entered judgment against Rodgers in the amount of $1,128,795.78 plus prejudgment interest in the amount of $6,830.90. (ECF No. 409 at 8). Following an appeal, the court amended its judgment and found Rodgers and defendant Oxford Financial, LLC jointly and severally liable for a total amount of $1,529,292.52. (ECF No. 446). Rodgers failed to satisfy the judgment.

In 2023, the FTC filed several motions for writs of continuing garnishment to Rodgers' banking institutions. (ECF Nos. 470; 471; 472; 473). On August 2, 2023, the FTC filed a motion for a writ of execution against a trust owned by Rodgers. (ECF No. 495). The clerk of the court issued the writs of continuing garnishment and the writ of execution pursuant to 28 U.S.C. § 3205(a) and 28 U.S.C. § 3203, respectively. (ECF Nos. 478; 479; 480; 481; 500).

Rodgers moved to quash the writs of continuing garnishment and the writ of execution. (ECF Nos. 492; 507). The magistrate judge granted Rodgers' motion to quash the writs of

continuing garnishment on the grounds that the FTC's attempt to satisfy the notice requirement under 28 U.S.C. § 3205(b)(1)(B) was insufficient. (ECF No. 515 at 4-5).

The magistrate judge also granted Rogers' motion to quash the writ of execution and found that the FTC failed to establish that the subject of the writ, a trust, was Rodgers' alter ego, and any attempt to do so must occur in a separate, independent action as required by Nevada law. (ECF No. 516 at 4-5).

The FTC objects to the magistrate judge's orders for the reasons set forth below. The court finds that none of these objections has merit.

## II. Legal Standard

The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order, or remand the matter to the magistrate judge with instructions. LR IB 3-1(b). When reviewing the order of a magistrate judge, the order should only be set aside if it is clearly erroneous or contrary to law. Fed R. Civ. P 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).

A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ-NJK, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute [his or her] judgment" for that of

the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**III. Discussion**

As a preliminary matter, the court grants Rodgers' motion for leave to supplement her response. (ECF No. 521). Rodgers provides that she cited to the incorrect standard of review when responding to the FTC's objections. (*Id.* at 521). She seeks leave of the court to supplement her response to identify the correct standard of review, which she includes in an attached exhibit. (*Id.*; ECF No. 521-1).

Local Rule 7-2 provides that "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Here, the FTC did not respond to Rodgers' motion for leave. The court therefore grants Rodgers' motion for leave to supplement her response with the correct standard of review. (ECF No. 521).

A. Objections to order granting motion to quash writs of continuing garnishment

The FTC objects to the magistrate judge's order granting Rodgers' motion to quash the writs of continuing garnishment for three reasons, claiming the following: (1) the order mistakenly applies the exact opposite standard the law requires; (2) the order misstates the record; and (3) the order exceeds the magistrate judge's legal authority.

*i. Standard of law objection*

The FTC argues that compliance with the Fair Debt Collection Procedures Act ("FDCPA") requires the FTC to seek a writ of continuing garnishment "not less than thirty days" after demand on the debtor was made for payment of the debt. 28 U.S.C. § 3205(b)(1)(B); (ECF No. 517 at 2). The FTC believes it met this requirement by demanding payment on April 12, 2019, which is more than thirty days before the writ was issued. (*Id.*).

This objection is unfounded and misinterprets the magistrate judge's order. The order states that "[p]laintiff sent a demand letter to Venable LLP [("Venable")], who never appeared as [Rodgers'] counsel in this case" and "[i]t is puzzling to the [c]ourt that [the FTC] chose to send the demand letter to Venable, after over ten years of litigation with entirely different counsel." (ECF No. 515 at 4).

It is clear from the order that the FTC's notice was defective not because of a timing issue, but rather due to the manner in which the FTC made the payment demand. There was no reason to send the demand to Venable, who never appeared as Rodgers' counsel. Accordingly, the court denies the FTC's objection regarding the standard of review employed by the magistrate judge, as it is irrelevant to the order's determination that the notice requirement was not satisfied.

*ii. Misstating the record objection*

The FTC's next objection is that the magistrate judge misstated the record when providing that the FTC failed to offer an explanation for sending the demand letter to Venable. (ECF No. 515 at 4-5). The FTC claims that it did in fact provide an explanation, which is that Venable represented Rodgers in 2011 during settlement negotiations. (*Id.* at 5).

This fact in and of itself does not equate to the magistrate judge misstating the record. Venable never entered an official appearance in this case and was never Rodgers' attorney of record. Most pertinent to this issue, the demand letter is addressed to an attorney whom Rodgers claims left Venable in 2011. (ECF No. 519 at 5). If this fact is true, then the letter was never officially noticed within Venable. The FTC never addresses this issue in its objection.

Accordingly, the court denies the FTC's objection claiming that the magistrate judge misstated the record, as the FTC, who is the objecting party, offers no proof that Venable received notice of the demand letter.

James C. Mahan
U.S. District Judge

*iii. Scope of authority objection*

Finally, the FTC objects to the order in that it exceeds the magistrate judge's authority. (ECF No. 517 at 3). Specifically, the FTC avers that magistrate judges are authorized to conduct proceedings on non-dispositive pretrial matters only. (*Id.*).

The court summarily denies this objection, and suggests that the FTC reviews the local rules of this district. The local rules provide that magistrate judges have the authority to conduct examinations of judgment debtors under Federal Rule of Civil Procedure 69, preside over proceedings to enforce civil judgments, and issue orders authorizing entries to effectuate levies. LR IB 1-7(k),(n-o). Accordingly, this objection is denied.

B. Objections to order granting motion to quash writ of execution

The FTC objects to the magistrate judge's order granting Rodgers' motion to quash the writ of execution for three reasons, claiming the following: (1) the order mistakenly disregards the preemptive effect of the FDCPA; (2) the order misunderstands the legal standard for levy; and (3) the order exceeds the magistrate judge's legal authority.

The court denies the FTC's third objection, as the court has already established, *supra*, that the local rules are clear in providing that the magistrate judge has the authority to issue this type of order. *See id*. Accordingly, the court need only address the first two objections.

*i. Preemptive effect of the FDCPA objection*

The FTC posits that the order incorrectly requires the FTC to file a separate independent action to ascertain the judgment debtor's interest in the property to comply with Nevada law. (ECF No. 518 at 2). To support its argument, the FTC quotes the FDCPA provision that federal law governs "the exclusive civil procedures for the United States" to collect monetary judgments. 28 U.S.C. § 3001(a). The FTC proceeds to cite authority supporting the position that state laws

limiting such collection are inconsistent with the purpose of the act and are thus preempted. (ECF No. 518 at 2).

As Rodgers aptly counters, the FTC fails to discuss another statute that more directly explains preemption of writs of execution. This statute provides that "the remedies available to the United States . . . may be enforced against property which is co-owned by a debtor and any other person *only to the extent allowed by the law of the state where the property is located*." 28 U.S.C. § 3010(a) (emphasis added).

Although not binding on this court, Rodgers cites authority directly stating that the language of the FDCPA "suggests it does not preempt state trust law . . . but implies that Congress did not intend to abrogate the state-law property interests of persons other than the debtor." (ECF No. 520 at 4); *see Nat'l Lab. Rels. Bd. v. J & D Masonry, Inc.*, No. 1:07-CV-782, 2008 WL 4960157, at *3 (W.D. Mich. Nov. 19, 2008).

While there may be an argument that these statutes conflict with each other and thus make the scope of the FDCPA and preemption vague, the standard for asserting an objection to the magistrate judge's order is still not met, as the court can find clear error only if it has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Accordingly, the court denies the FTC's objection claiming that the FDCPA preempts Nevada law governing trust property.

*ii. Standard for levy*

The FTC's next objection is that the magistrate judge's order misunderstands the legal standard for levy of a property. Specifically, the FTC argues that the FDCPA does not require the

FTC to demonstrate that the trust property is Rodgers' alter ego as provided by Nevada law. (ECF No. 518 at 2).

28 U.S.C. § 3203(a) authorizes levy of "[a]ll property in which the judgment debtor has a substantial non-exempt interest." 28 U.S.C. § 3203(a). However, the very same subsection of this statute denotes that "[c]o-owned property shall be subject to the execution to the extent such property is subject to execution under the law of the [s]tate in which it is located." *Id.* (emphasis added).

The property at issue here is a co-owned trust, and the parties do not dispute this fact. Therefore, Nevada law governing execution of property applies, which requires the FTC to demonstrate that the trust is Rodgers' alter ego. *See Callie v. Bowling*, 160 P.3d 878, 880 (Nev. 2007).

The court denies the FTC's objection that the magistrate judge's order misunderstands the legal standard for levy.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Federal Trade Commission's objection to the magistrate judge's order granting relief-defendant Leanne Rodgers' motion to quash multiple writs of continuing garnishment (ECF No. 517) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the FTC's objection to the magistrate judge's order granting Rodgers' motion to quash a writ of execution (ECF No. 518) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Rodgers' motion for leave to supplement her response (ECF No. 521) be, and the same hereby is, GRANTED.

DATED July 19, 2024.

James C. Mahan

UNITED STATES DISTRICT JUDGE