UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>IVY CAPITAL, INC., et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:11-CV-283 JCM (NJK)<br><br>ORDER |

Presently before the court is relief-defendant Leanne Rodgers ("Rodgers")'s motion for relief and/or modification of judgment to preclude enforcement. (ECF No. 509).[1] Plaintiff Federal Trade Commission (the "FTC") filed a response (ECF No. 511), to which Rodgers responded. (ECF No. 514).

**I.　Background**

This case, which has been before this court since 2011, arises from the FTC's allegation that multiple defendants committed numerous violations of the Federal Trade Commission Act of 1914, prohibiting "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a).

Given the case's prolix and complex history, most of which does not pertain to Rodgers, the court will focus on the facts relevant to the instant motions only. The FTC alleged that Rodgers

---

[1] Rodgers is listed in the complaint and is continuously referred to as a "relief-defendant," as opposed to a "defendant." The FTC does not directly accuse Rodgers of wrongdoing, but it alleges that she has received assets to which she has no legitimate claim, as she is not a bona fide purchaser with legal or equitable title. (ECF No. 1 at 27).

**James C. Mahan**
**U.S. District Judge**

"received, directly or indirectly, funds, other assets, or both, from [d]efendants that are traceable to funds obtained from [d]efendants' customers through . . . unlawful acts or practices." (ECF No. 1 at 27).

In 2013, the court entered judgment against Rodgers in the amount of $1,128,795.78 plus prejudgment interest in the amount of $6,830.90. (ECF No. 409 at 8). Following an appeal, the court amended its judgment and found Rodgers and defendant Oxford Financial, LLC jointly and severally liable for a total amount of $1,529,292.52. (ECF No. 446). Rodgers failed to satisfy the judgment.

Rodgers now moves for relief from further enforcement of the court's final judgment and order for permanent injunction entered in July of 2013. (ECF No. 409). Rodgers asserts that the FTC's recent enforcement attempts are inequitable, as more than ten years have passed since the court's entry of judgment. (ECF No. 509 at 1-2).

The court finds that the FTC's enforcement efforts violate the Nevada statute of limitations governing enforcement of a judgment, and the Fair Debt Collection Practices Act ("FDCPA") does not apply to the instant matter. Accordingly, Rodgers' motion for relief to preclude enforcement of the court's judgment is granted.

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a judgment that is void; (5) a judgment that has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). The rule "gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 439 (9th Cir. 2019) (international quotations omitted).

### III. Discussion

Rodgers argues that regardless of her motion's merits, the court should grant the motion because further enforcement of the judgment is barred by the applicable limitations period. (ECF No. 509 at 11-13). The court concurs.

Pursuant to Federal Rule of Civil Procedure 69, execution on judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed R. Civ. P. 69(a)(1). In Nevada, there is a six-year limitation period for any "action upon a judgment or decree of any court of the United States." NRS 11.190(1)(a).

Here, there is no applicable federal statute governing the execution of the judgment. Accordingly, Nevada's six-year limitation period applies. Judgment was entered against Rodgers in 2013. (ECF No. 409). The FTC began seeking writs of continuing garnishment and execution directed at Rodgers' bank accounts in June of 2023, well after the applicable six-year limitation period. (ECF Nos. 478-481). Under Nevada law, the FTC's actions are unlawful and violative of the statute of limitations. *See* NRS 11.190(1)(a).

The FTC avers that the FDCPA applies to collection of the judgment and does not limit the time for enforcement. (ECF No. 511 at 9-10). The FTC cites a case holding that the FDCPA is a statute that would preempt state law as provided in Federal Rule of Civil Procedure 69(a)(1). (*Id.*

at 10). However, the case cited by the FTC is from the Fifth Circuit, and thus is not binding on this court.

The court also finds the Ninth Circuit case cited by the FTC inapposite to the case at hand. In *United States v. Gianelli*, 543 F.3d 1177 (9th Cir. 2008), the Ninth Circuit held that "[t]he FDCPA provides no time limit for the collect of debts by writ of execution." *Id.* at 1183 (internal citation omitted). That case is not applicable to the pertinent facts of this action, as the defendant in Gianelli was charged with multiple counts of mail fraud and conspiracy. *Id.* at 1181. The judgment entered against the defendant, unlike in this case, was *criminal*, not civil. *Id.* (emphasis added). The defendant was ordered to pay $125,000 in restitution to the United States. *Id*.

The court in *Gianelli* clarified that the scope of the FDCPA is limited to collection of debts *owed to the federal government*. *Id.* at 1183 (emphasis added). Here, the purpose of execution and disgorgement is to refund any ill-gotten gains to consumers, not the federal government. (ECF No. 1). Unlike in *Giannelli*, the federal entity, which in this case is the FTC, is not owed any money. The FDCPA thus does not preempt the Nevada statute of limitations, and further enforcement of the judgment is barred. *See* NRS 11.190(1)(a).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that relief-defendant Leanne Rodgers' motion for relief and/or modification of judgment to preclude enforcement (ECF No. 509) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

Counsel for Rodgers shall submit a proposed order consistent with the foregoing and outlining the specific relief sought within twenty-one (21) days.

DATED July 26, 2024.

_____
UNITED STATES DISTRICT JUDGE