Bradley S. Slighting, Esq.
Nevada Bar No. 10225
SLIGHTING LAW
1707 Village Center Cir., Suite 100
Las Vegas, NV 89134
Tel: (702) 232-2543
brad@slightinglaw.com

Mark E. Ferrario, Esq.
Nevada Bar No. 1625
Akke Levin, Esq.
Nevada Bar No. 9102
GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr., Suite 600
Las Vegas, NV 89135
Tel: (702) 792-3773
mark.ferrario@gtlaw.com
akke.levin@gtlaw.com

*Attorneys for Relief Defendant Leanne Rodgers,*
*Oxford Financial LLC, and Mowab, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br>v.<br>IVY CAPITAL, INC. et al.,<br>    Defendants, and<br>CHERRYTREE HOLDINGS, LLC, et al.,<br>    Relief Defendants. | Case No.:   2:11-cv-00283-JCM-GWF<br><br>**ORDER GRANTING**<br>**MOTION TO PRECLUDE**<br>**ENFORCEMENT OF JUDGMENT** |

The Court, having considered the Motion for Relief and/or Modification of Judgment to Preclude Enforcement [Fed. R. Civ. P. 60(b)] (ECF No. 509) filed by Relief-Defendant Leanne Hoskins ("Rodgers"),[1] the Response to Rodgers' Motion filed by the Plaintiff Federal Trade Commission ("FTC") (ECF No. 511), the Reply to the FTC's Response filed by

---

[1] Leanne Hoskins is now known as Leanne Rodgers.

1

Rodgers (ECF No. 514), and for good cause appearing, hereby FINDS and ORDERS as follows:

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a judgment that is void; (5) a judgment that has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). The rule "gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 439 (9th Cir. 2019) (international quotations omitted).

## FINDINGS

In 2013 the Court entered judgment against Rodgers in the amount of $1,128,795.78 plus prejudgment interest in the amount of $6,830.90. (ECF No. 409 at 8). Following an appeal, the Court amended its judgment in January 2016 and determined Rodgers and Defendant Oxford Financial, LLC were jointly and severally liable for a total amount of $1,529,292.52. (ECF No. 446). Rodgers failed to satisfy the judgment.

Ten years after the judgment was entered, the FTC began its attempt in June 2023 to garnish bank accounts held by Rodgers and six other separate entities, none of which were

judgment debtors.[2] The FTC also moved to collect on the judgment by attempting to execute on real property in Las Vegas, Nevada owned by the Hambil Trust, which also is not a judgment debtor.

Rodgers moved for relief from further enforcement of the judgment under FRCP 60(b), asserting the FTC's recent enforcement attempts are inequitable (FRCP 60(b)(5)) and that relief from the judgment is justified (FRCP 60(b)(6)), as more than ten years have passed since the court's entry of judgment. Rodgers argues that regardless of her motion's merits, enforcement of the judgment is barred by the applicable limitations period. The court concurs. Pursuant to Federal Rule of Civil Procedure 69, execution on judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In Nevada, there is a six-year limitation period for any "action upon a judgment or decree of any court of the United States." NRS 11.190(1)(a). In the FTC's action against Rodgers, there is no applicable federal statute governing the execution of the judgment. Accordingly, Nevada's six-year limitation applies.

The judgment the FTC seeks to enforce against Leanne was entered against her in 2013. (ECF No. 409). The FTC began seeking writs of continuing garnishment and execution directed at Rodgers' bank accounts in June of 2023, well after the applicable six-year limitation period. (ECF Nos. 478-481). Under Nevada law, the FTC's actions are unlawful and violative of the period of limitation for enforcement of judgments. *See* NRS 11.190(1)(a).

---

[2] The non-judgment debtors the FTC attempted to garnish included: (1) PWG CL LLC, (2) Savoy Enterprises, (3) Keystone Law Office LLC, (4) Circa 1857 LLC, (5) Basin Consulting Group Ltd., and (6) Natuurs Direct LLC.

The FTC argues that the Federal Debt Collection Procedures Act ("FDCPA") applies to the collection of this judgment and does not limit the time for enforcement. (ECF No. 511 at 9-10). The Court finds that the case cited by the FTC to support its argument that the FDCPA preempts state law in this situation, *FTC v. Namer*, 481 F. App'x 958, 959 (5th Cir. 2012, is not binding on the Court as it is a case from the Fifth Circuit.

The Court further finds that the Ninth Circuit case cited by the FTC is inapposite to the case at hand. In *United States v. Gianelli*, 543 F.3d 1177 (9th Cir. 2008), the Ninth Circuit held that "[t]he FDCPA provides no time limit for the collection of debts by writ of execution." *Id*. at 1183 (internal citation omitted). *Gianelli* is not applicable to the pertinent facts of this action, as the defendant in *Gianelli* was charged with multiple counts of mail fraud and conspiracy. *Id*. at 1181. The judgment entered against the defendant, unlike in this case, was *criminal*, not civil. *Id*. The defendant was ordered to pay $125,000 in restitution to the United States. *Id.*

The court in *Gianelli* clarified that the scope of the FDCPA is limited to collection of debts *owed to the federal government. Id*. at 1183.Here, the purpose of execution and disgorgement is to refund any ill-gotten gains to consumers, not the federal government. (ECF No. 1). Unlike in *Gianelli*, the federal entity, which in this case is the FTC, is not owed any money. The FDCPA thus does not preempt the Nevada period of limitation, and further enforcement of the judgment is barred by Nevada's limitation period on enforcement of judgments. *See* NRS 11.190(1)(a).

In light of the foregoing, the Court FINDS that the FTC's efforts to enforce the judgment violate Nevada's period of limitation governing enforcement of a judgment, and the FDCPA does not apply to the instant matter.

**ORDER**

THE COURT HEREBY ORDERS that the judgment entered against Leanne Rodgers and Oxford Financial, LLC as ECF No. 409 and amended as ECF No. 446 is of no further force or legal effect, as any attempt to enforce the judgment is barred by Nevada's six-year period of limitation governing enforcement of a judgment. Accordingly, the FTC may no longer seek to collect or enforce the judgment against Rodgers or Oxford Financial, LLC, and any liens against or affecting real property or other recordings of the judgment shall be released by the FTC within twenty-one (21) days of the date of this Order.

DATED August 20, 2024.

_____
UNITED STATES DISTRICT JUDGE

Respectfully Submitted by:
**SLIGHTING LAW**

/s/ Bradley S. Slighting
_____
Bradley S. Slighting, Esq.
Nevada Bar No. 10225
1707 Village Center Cir., Ste. 100
Las Vegas, Nevada 89134

Mark E. Ferrario, Esq.
Nevada Bar No. 1625
Akke Levin, Esq.
Nevada Bar No. 9102
10845 Griffith Peak Dr., Suite 600
Las Vegas, NV 89135

*Attorneys for Relief Defendant Leanne Rodgers, Oxford Financial LLC, and Mowab, Inc.*

I hereby certify that, pursuant to LR 7-2(f), the foregoing [Proposed] Order Granting Motion to Preclude Enforcement of Judgment was emailed to counsel for the Federal Trade Commission ("FTC") on August 16, 2024 for approval as to form. Counsel for the FTC responded on August 19, 2024 that the "proposed order accurately reflects what the Court wrote in ECF No. 525." The FTC noted in its responding email that it "[opposes the proposed order]" on the grounds that "it is contrary to the law." It is my understanding that the FTC will not be submitting a competing proposed order.

/s/ Bradley S. Slighting
Bradley S. Slighting, Esq.